



**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**
**OFFICE OF JUDICIAL RECORDS**

Eric Feder
Deputy Court Administrator
Director, Office of Judicial Records

Steven J. Wulko, Deputy Director
Anjeza Keirstead, Deputy Director

# RECORD RECEIPT

Philadelphia Case Number: ___191200012___

Dear Sir/Madam:

The enclosed case(s) have been **REMOVED** from the **COURT OF COMMON PLEAS, PHILADELPHIA COUNTY** to the **US DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA,** under _20 -CV - 4997_ .

Accordingly, I am enclosing all related filings.

Please return this receipt addressed to:

> **Office of Judicial Records of**
> **Philadelphia County**
> **Records Management**
> **Room 264, City Hall**
> **Philadelphia, PA 19107**

If you have any questions, please feel free to contact me at 215-686-7008.

Office of Judicial Records

```
                                                            PAGE     1
REPORT : ZDRDOCT            First Judicial District    RUN DATE 10/13/20
USER ID: DXS               CIVIL DOCKET REPORT         RUN TIME 12:03 PM
                             CASE ID 191200012
```

-----------------------------------------------------------------------

```
CASE NUMBER          CASE CAPTION
191200012            COCHRAN VS ULTA BEAUTY INC.  ETAL

FILING DATE          COURT      LOCATION   JURY
27-NOV-2019          JS         CH         J

CASE TYPE: PREMISES LIABILITY, SLIP/FALL
STATUS: NOT OF REMOVAL TO US DIST CT


Seq # Assoc Expn Date   Type  ID          Party Name / Address & Phone No.

1                       APLF  A86013      SAILER, TODD M
                                            FALCON LAW FIRM LLC
                                            122 E.  COURT STREET
                                            3RD FLOOR
                                            DOYLESTOWN PA 18901
                                            (267)838-2016
                                            (215)345-6487 - FAX
                                            t.sailer@FALCONLAWFIRM.COM

2     1                 PLF   @10764990    COCHRAN, DIANNE
                                            4 BRAXTON COURT
                                            QUAKERTOWN PA 18951

3     7                 DFT   @10764991    ULTA BEAUTY INC
                                            1000 REMINGTON BLVD
                                            #120
                                            BOLINGBROOK IL 60440

4     7                 DFT   @10764992    ULTA BEAUTY
                                            6164 CARLISLE PIKE
                                            MECHANICSBURG PA 17050

5           05-JAN-20   TL    J357         NEW, ARNOLD L
                                            606 CITY HALL
                                            PHILADELPHIA PA 19107
                                            (215)686-7260

6                       TL    J461         ANDERS, DANIEL J
                                            ROOM 292 CITY HALL
                                            PHILADELPHIA PA 19107

7                       ADFT  A206536      BAKER, SARAH M
                                            1801 MARKET STREET
                                            TEN PENN CENTER
                                            SUITE 770
                                            PHILADELPHIA PA 19103
                                            (215)569-4433
                                            (215)569-4434 - FAX
                                            sbaker@kiernantrebach.com
```

```
                                                               PAGE     2
REPORT : ZDRDOCT           First Judicial District     RUN DATE 10/13/20
USER ID: DXS               CIVIL DOCKET REPORT         RUN TIME 12:03 PM
                             CASE ID 191200012


Seq # Assoc Expn Date   Type  ID          Party Name / Address & Phone No.

8     7                 ADFT  A318898     ARSHANAPALLY, VAISHNAVI
                                          KIERNAN TREBACH LLP
                                          1801 MARKET ST SUITE 770
                                          TEN PENN CENTER
                                          PHILADELPHIA PA 19103
                                          (215)569-4433
                                          (215)569-4434 - FAX
                                          varshanapally@kiernantrebach.com


9     7     03-SEP-20   DFT   @10919542   HARRELL, ERICA S
                                          C/O ULTA
                                          40 TOWN CENTER DRIVE
                                          COLLEGEVILLE PA 19426


10                      ADDF  @10937068   MATCH CONVERGE
                                          7361 COCA COLA DRIVE
                                          HANOVER MD 21076


11                      ADDF  @10937069   CONVERGENCE MARKETING INC
                                          7361A COCA COLA DRIVE
                                          HANOVER MD 21076


12                      ADDF  @10937070   MATCH MARKETING GROUP
                                          800 CONNECTICUT AVENUE
                                          3RD FLOOR EAST
                                          NORWALK CT 06584



Filing Date / Time  Docket Entry                        Date Entered

27-NOV-19 13:06:59  ACTIVE CASE                          02-DEC-19
                    E-Filing Number: 1911062392

27-NOV-19 13:06:59  COMMENCEMENT CIVIL ACTION JURY       02-DEC-19
                                                         SAILER, TODD M

27-NOV-19 13:06:59  PRAE TO ISSUE WRIT OF SUMMONS        02-DEC-19
                                                         SAILER, TODD M
                    PRAECIPE TO ISSUE WRIT OF SUMMONS FILED.  WRIT OF
                    SUMMONS ISSUED.

27-NOV-19 13:06:59  JURY TRIAL PERFECTED                 02-DEC-19
                                                         SAILER, TODD M
                    12 JURORS REQUESTED.

27-NOV-19 13:06:59  WAITING TO LIST CASE MGMT CONF       02-DEC-19
                                                         SAILER, TODD M

07-JAN-20 16:10:10  ENTRY OF APPEARANCE                  07-JAN-20
                                                         BAKER, SARAH M
                    ENTRY OF APPEARANCE OF SARAH M BAKER FILED.  (FILED ON
                    BEHALF OF ULTA BEAUTY,INC.  AND ULTA BEAUTY)
```

```
                                                    PAGE     3
REPORT : ZDRDOCT           First Judicial District  RUN DATE 10/13/20
USER ID: DXS               CIVIL DOCKET REPORT      RUN TIME 12:03 PM
                             CASE ID 191200012
```

| Filing Date / Time | Docket Entry | Date Entered |
|---|---|---|

16-JAN-20 11:18:41   AFFIDAVIT OF SERVICE FILED                    16-JAN-20
                                                            SAILER, TODD M
                     AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS
                     UPON ULTA BEAUTY INC BY PERSONAL SERVICE ON 12/06/2019
                     FILED.  (FILED ON BEHALF OF DIANNE COCHRAN)

16-JAN-20 11:21:23   AFFIDAVIT OF SERVICE FILED                    16-JAN-20
                                                            SAILER, TODD M
                     AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS
                     UPON ULTA BEAUTY BY PERSONAL SERVICE ON 12/19/2019
                     FILED.  (FILED ON BEHALF OF DIANNE COCHRAN)

22-JAN-20 14:24:28   ENTRY OF APPEARANCE-CO COUNSEL                22-JAN-20
                                                       ARSHANAPALLY, VAISHNAVI
                     ENTRY OF APPEARANCE OF VAISHNAVI ARSHANAPALLY AS
                     CO-COUNSEL FILED.  (FILED ON BEHALF OF ULTA SALON
                     COSMETICS & FRAGRANCE, INC.)

12-FEB-20 16:19:39   LISTED FOR CASE MGMT CONF                     12-FEB-20

14-FEB-20 00:30:16   NOTICE GIVEN                                  14-FEB-20

05-MAR-20 08:39:48   PLF CONTINUANCE REQ APPROVED                  05-MAR-20

05-MAR-20 08:40:06   LISTED FOR CASE MGMT CONF                     05-MAR-20

07-MAR-20 00:30:09   NOTICE GIVEN                                  07-MAR-20

14-APR-20 12:45:59   COMPLAINT FILED NOTICE GIVEN                  14-APR-20
                                                            SAILER, TODD M
                     COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS
                     AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED.
                     (FILED ON BEHALF OF DIANNE COCHRAN)

14-APR-20 12:45:59   JURY TRIAL PERFECTED                          14-APR-20
                                                            SAILER, TODD M
                     12 JURORS REQUESTED.

16-APR-20 00:30:06   NOTICE GIVEN                                  16-APR-20

14-MAY-20 14:35:20   PRAECIPE TO REINSTATE CMPLT                   14-MAY-20
                                                            SAILER, TODD M
                     COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS
                     AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1
                     REINSTATED.  (FILED ON BEHALF OF DIANNE COCHRAN)

12-JUN-20 14:43:06   PRAECIPE - WRIT TO JOIN                       15-JUN-20
                                                       ARSHANAPALLY, VAISHNAVI
                     PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                     MATCH CONVERGE.  WRIT ISSUED.  (FILED ON BEHALF OF ULTA
                     BEAUTY AND ULTA BEAUTY INC)

```
                                                          PAGE      4
REPORT : ZDRDOCT          First Judicial District      RUN DATE 10/13/20
USER ID: DXS              CIVIL DOCKET REPORT          RUN TIME 12:03 PM
                          CASE ID 191200012
```

Filing Date / Time   Docket Entry                         Date Entered

12-JUN-20 14:46:17   PRAECIPE - WRIT TO JOIN                     15-JUN-20
                                                    ARSHANAPALLY, VAISHNAVI
                     PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                     CONVERGENCE MARKETING, INC..  WRIT ISSUED.  (FILED ON
                     BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC)

12-JUN-20 14:49:49   PRAECIPE - WRIT TO JOIN                     15-JUN-20
                                                    ARSHANAPALLY, VAISHNAVI
                     PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                     MATCH MARKETING GROUP.  WRIT ISSUED.  (FILED ON BEHALF
                     OF ULTA BEAUTY AND ULTA BEAUTY INC)

12-JUN-20 14:59:43   PRAECIPE TO REINSTATE CMPLT                 12-JUN-20
                                                            SAILER, TODD M
                     COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS
                     AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1
                     REINSTATED.  (FILED ON BEHALF OF DIANNE COCHRAN)  ENTRY
                     OF APPEARANCE FILED ON BEHALF OF DIANNE COCHRAN.

26-JUN-20 15:37:09   ENTRY OF APPEARANCE                         29-JUN-20
                                                            BAKER, SARAH M
                     ENTRY OF APPEARANCE OF VAISHNAVI ARSHANAPALLY AND SARAH
                     M BAKER FILED.  (FILED ON BEHALF OF ERICA S HARRELL)

29-JUN-20 17:26:08   CASE MGMT CONFERENCE COMPLETED              29-JUN-20
                                                               ORVIK, ERIK

29-JUN-20 17:26:08   CASE MANAGEMENT ORDER ISSUED                29-JUN-20
                     CASE MANAGEMENT ORDER STANDARD TRACK - AND NOW,
                     29-JUN-2020, it is Ordered that: 1.  The case
                     management and time standards adopted for standard
                     track cases shall be applicable to this case and are
                     hereby incorporated into this Order.  2.  All discovery
                     on the above matter shall be completed not later than
                     01-MAR-2021.  3.  Plaintiff shall identify and submit
                     curriculum vitae and expert reports of all expert
                     witnesses intended to testify at trial to all other
                     parties not later than 01-MAR-2021.  4.  Defendant
                     and any additional defendants shall identify and
                     submit curriculum vitae and expert reports of all
                     expert witnesses intended to testify at trial not
                     later than 05-APR-2021.  5.  All pre-trial motions
                     shall be filed not later than 05-APR-2021.  6.  A
                     settlement conference may be scheduled at any time
                     after 05-APR-2021.  Prior to the settlement conference
                     all counsel shall serve all opposing counsel and file
                     a settlement memorandum containing the following: (a)
                     A concise summary of the nature of the case if
                     plaintiff or of the defense if defendant or additional
                     defendant; (b) A statement by the plaintiff or all
                     damages accumulated, including an itemization of
                     injuries and all special damages claimed by categories

Filing Date / Time  Docket Entry                              Date Entered

and amount; (c) Defendant shall identify all
applicable insurance carriers, together with
applicable limits of liability.  7.  A pre-trial
conference will be scheduled any time after
07-JUN-2021.  Fifteen days prior to pre-trial
conference, all counsel shall serve all opposing
counsel and file a pre-trial memorandum containing the
following: (a) A concise summary of the nature of the
case if plaintiff or the defense if defendant or
additional defendant; (b) A list of all witnesses who
may be called to testify at trial by name and address.
Counsel should expect witnesses not listed to be
precluded from testifying at trial; (c) A list of all
exhibits the party intends to offer into evidence.
All exhibits shall be pre-numbered and shall be
exchanged among counsel prior to the conference.
Counsel should expect any exhibit not listed to be
precluded at trial; (d) Plaintiff shall list an
itemization of injuries or damages sustained together
with all special damages claimed by category and
amount.  This list shall include as appropriate,
computations of all past lost earnings and future lost
earning capacity or medical expenses together with any
other unliquidated damages claimed; and (e) Defendant
shall state its position regarding damages and shall
identify all applicable insurance carriers, together
with applicable limits of liability; (f) Each counsel
shall provide an estimate of the anticipated length of
trial.  8.  It is expected that the case will be ready
for trial 05-JUL-2021, and counsel should anticipate
trial to begin expeditiously thereafter.  9.  All
counsel are under a continuing obligation and are
hereby ordered to serve a copy of this order upon all
unrepresented parties and upon all counsel entering an
appearance subsequent to the entry of this order.
...BY THE COURT: DANIEL ANDERS, J.

29-JUN-20 17:26:08  LISTED FOR SETTLEMENT CONF                29-JUN-20

29-JUN-20 17:26:09  LISTED FOR PRE-TRIAL CONF                 29-JUN-20

29-JUN-20 17:26:09  LISTED FOR TRIAL                          29-JUN-20

29-JUN-20 17:26:09  NOTICE GIVEN UNDER RULE 236               30-JUN-20
                    NOTICE GIVEN ON 30-JUN-2020 OF CASE MANAGEMENT ORDER
                    ISSUED ENTERED ON 29-JUN-2020.

10-JUL-20 14:31:28  ANSWER TO COMPLAINT FILED                 10-JUL-20
                                                     ARSHANAPALLY, VAISHNAVI
                    ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT FILED.
                    (FILED ON BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC)

```
                                            PAGE      6
REPORT : ZDRDOCT           First Judicial District   RUN DATE 10/13/20
USER ID: DXS               CIVIL DOCKET REPORT        RUN TIME 12:03 PM
                           CASE ID 191200012
```

Filing Date / Time  Docket Entry                               Date Entered

10-JUL-20 17:04:59  PRAECIPE TO REINSTATE CMPLT                  13-JUL-20
                                                            SAILER, TODD M
                    COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS
                    AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1
                    REINSTATED.  (FILED ON BEHALF OF DIANNE COCHRAN)

13-JUL-20 14:23:43  PRAECIPE TO REISSUE SUMMONS                  13-JUL-20
                                                      ARSHANAPALLY, VAISHNAVI
                    PREACIPE TO REISSUE WRIT OF SUMMONS FILED.  WRIT
                    REISSUED.  (FILED ON BEHALF OF ULTA BEAUTY AND ULTA
                    BEAUTY INC)

13-JUL-20 14:26:45  PRAECIPE TO REISSUE SUMMONS                  14-JUL-20
                                                      ARSHANAPALLY, VAISHNAVI
                    PREACIPE TO REISSUE WRIT OF SUMMONS FILED.  WRIT
                    REISSUED.  (FILED ON BEHALF OF ULTA BEAUTY AND ULTA
                    BEAUTY INC)

13-JUL-20 14:29:54  PRAECIPE - WRIT TO JOIN                      14-JUL-20
                                                      ARSHANAPALLY, VAISHNAVI
                    PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                    MATCH MARKETING GROUP.  WRIT RE-ISSUED.  (FILED ON
                    BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC)

13-JUL-20 14:53:09  PRAECIPE - WRIT TO JOIN                      14-JUL-20
                                                      ARSHANAPALLY, VAISHNAVI
                    PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                    MATCH CONVERGE.  WRIT RE-ISSUED.  (FILED ON BEHALF OF
                    ULTA BEAUTY AND ULTA BEAUTY INC)

13-JUL-20 14:54:48  PRAECIPE - WRIT TO JOIN                      14-JUL-20
                                                      ARSHANAPALLY, VAISHNAVI
                    PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                    CONVERGENCE MARKETING INC.  WRIT RE-ISSUED.  (FILED ON
                    BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC)

30-JUL-20 11:59:43  AFFIDAVIT OF SERVICE FILED                   30-JUL-20
                                                            SAILER, TODD M
                    AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON
                    ERICA S HARRELL BY PERSONAL SERVICE ON 07/20/2020
                    FILED.  (FILED ON BEHALF OF DIANNE COCHRAN)

10-AUG-20 13:31:27  PRELIMINARY OBJECTIONS                       10-AUG-20
                                                      ARSHANAPALLY, VAISHNAVI
                    34-20080634 PRELIMINARY OBJECTIONS TO PLAINTIFF'S
                    COMPLAINT FILED.  RESPONSE DATE: 08/31/2020 (FILED ON
                    BEHALF OF ERICA S HARRELL)

13-AUG-20 14:39:30  PRAECIPE - WRIT TO JOIN                      14-AUG-20
                                                      ARSHANAPALLY, VAISHNAVI
                    PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                    CONVERGENCE MARKETING INC.  WRIT RE-ISSUED.  (FILED ON

```
                                                        PAGE     7
REPORT : ZDRDOCT              First Judicial District   RUN DATE 10/13/20
USER ID: DXS                  CIVIL DOCKET REPORT       RUN TIME 12:03 PM
                              CASE ID 191200012
```

Filing Date / Time  Docket Entry                              Date Entered

                    BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC)

13-AUG-20 14:41:13  PRAECIPE - WRIT TO JOIN                      14-AUG-20
                                                 ARSHANAPALLY, VAISHNAVI
                    PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                    MATCH CONVERGE.  WRIT RE-ISSUED.  (FILED ON BEHALF OF
                    ULTA BEAUTY AND ULTA BEAUTY INC)

13-AUG-20 14:42:53  PRAECIPE - WRIT TO JOIN                      14-AUG-20
                                                 ARSHANAPALLY, VAISHNAVI
                    PRAECIPE TO ISSUE WRIT TO JOIN ADDITIONAL DEFENDANT(S)
                    MATCH MARKETING GROUP.  WRIT RE-ISSUED.  (FILED ON
                    BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC)

02-SEP-20 12:42:07  PRELIM OBJECTIONS ASSIGNED                   02-SEP-20
                    34-20080634 PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE:
                    ANDERS, DANIEL J.  ON DATE: SEPTEMBER 02, 2020

08-SEP-20 10:14:10  ORDER ENTERED/236 NOTICE GIVEN              08-SEP-20
                                                    ANDERS, DANIEL J
                    34-20080634 IT IS ORDERED THAT DEFENDANT, ERICA S.
                    HARRELL'S PRELIMINARY OBJECTIONS ARE SUSTAINED.  IT IS
                    FURTHER ORDERED THAT PLAINTIFF'S COMPLAINT AS TO ERICA
                    S.  HARRELL IS STRICKEN AS A WHOLE, AND DISMISSED, WITH
                    PREJUDICE.  ...BY THE COURT; ANDERS, J.  9-3-20

08-SEP-20 10:14:11  NOTICE GIVEN UNDER RULE 236                  09-SEP-20
                    NOTICE GIVEN ON 09-SEP-2020 OF ORDER ENTERED/236 NOTICE
                    GIVEN ENTERED ON 08-SEP-2020.

11-SEP-20 12:11:46  AFFIDAVIT OF SERVICE FILED                   11-SEP-20
                                                 ARSHANAPALLY, VAISHNAVI
                    AFFIDAVIT OF SERVICE OF WRIT TO JOIN ADDITIONAL
                    DEFENDANT(S) UPON MATCH CONVERGE BY CERTIFIED MAIL ON
                    08/27/2020 FILED.  (FILED ON BEHALF OF ULTA BEAUTY AND
                    ULTA BEAUTY INC)

11-SEP-20 12:13:12  AFFIDAVIT OF SERVICE FILED                   11-SEP-20
                                                 ARSHANAPALLY, VAISHNAVI
                    AFFIDAVIT OF SERVICE OF WRIT TO JOIN ADDITIONAL
                    DEFENDANT(S) UPON CONVERGENCE MARKETING INC BY
                    CERTIFIED MAIL ON 08/27/2020 FILED.  (FILED ON BEHALF
                    OF ULTA BEAUTY AND ULTA BEAUTY INC)

11-SEP-20 12:14:18  AFFIDAVIT OF SERVICE FILED                   11-SEP-20
                                                 ARSHANAPALLY, VAISHNAVI
                    AFFIDAVIT OF SERVICE OF WRIT TO JOIN ADDITIONAL
                    DEFENDANT(S) UPON MATCH MARKETING GROUP BY CERTIFIED
                    MAIL ON 08/27/2020 FILED.  (FILED ON BEHALF OF ULTA
                    BEAUTY AND ULTA BEAUTY INC)

```
                                                      PAGE      8
REPORT : ZDRDOCT              First Judicial District   RUN DATE 10/13/20
USER ID: DXS                   CIVIL DOCKET REPORT       RUN TIME 12:03 PM
                               CASE ID 191200012
```

| Filing Date / Time | Docket Entry | Date Entered |
|---|---|---|
| 08-OCT-20 14:46:23 | RETURNED MAIL RECEIVED<br>RETURNED MAIL ORDER DATED 09/03/20 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: CONVERGENCE MARKETING INC. | 08-OCT-20 |
| 09-OCT-20 15:34:25 | NOT OF REMOVAL TO US DIST CT<br><br>NOTICE OF REMOVAL TO THE U.S. (EASTERN) DISTRICT COURT UNDER 20-CV-4997. (FILED ON BEHALF OF ULTA BEAUTY AND ULTA BEAUTY INC) | 09-OCT-20<br>BAKER, SARAH M |
| 13-OCT-20 10:50:47 | RETURNED MAIL RECEIVED<br>RETURNED MAIL ORDER DATED 09/03/20 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: MATCH CONVERGE. | 13-OCT-20 |

* * * End of Docket * * *

CERTIFIED FROM THE RECORD OF   OCT 1 4 2020
ERIC FEDER
DIRECTOR, OFFICE OF JUDICIAL RECORDS
PHILADELPHIA COUNTY

BY

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:      COMMENCEMENT CIVIL ACTION JURY

                NOVEMBER 27, 2019 13:06:59

   Sequence:    2

**File:** 1   Final Cover

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2019**

E-Filing Number: 1911062392

**000012**

| PLAINTIFF'S NAME<br>DIANNE COCHRAN | DEFENDANT'S NAME<br>ULTA BEAUTY INC. |
|---|---|
| PLAINTIFF'S ADDRESS<br>4 BRAXTON COURT<br>QUAKERTOWN PA 18951 | DEFENDANT'S ADDRESS<br>1000 REMINGTON BLVD #120<br>BOLINGBROOK IL 60440 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ULTA BEAUTY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>6164 CARLISLE PIKE<br>MECHANICSBURG PA 17050 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>2 | COMMENCEMENT OF ACTION<br>☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY<br>☐ $50,000.00 or less<br>☒ More than $50,000.00 | COURT PROGRAMS<br>☐ Arbitration  ☐ Mass Tort  ☐ Commerce  ☐ Settlement<br>☒ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors<br>☐ Non-Jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival<br>☐ Other: |
|---|---|

CASE TYPE AND CODE
2S - PREMISES LIABILITY SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
|---|---|

**FILED**
**PRO PROTHY**

NOV **27** 2019

**A. SILIGRINI**

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DIANNE COCHRAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>TODD M. SAILER | ADDRESS<br>FALCON LAW FIRM LLC<br>122 E. COURT STREET |
|---|---|
| PHONE NUMBER<br>(267)838-2016 | FAX NUMBER<br>(215)345-6487 | 3RD FLOOR<br>DOYLESTOWN PA 18901 |

| SUPREME COURT IDENTIFICATION NO.<br>86013 | E-MAIL ADDRESS<br>t.sailer@FALCONLAWFIRM.COM |
|---|---|
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*TODD SAILER* | DATE SUBMITTED<br>Wednesday, November 27, 2019, 01:06 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:        PRAE TO ISSUE WRIT OF SUMMONS

               NOVEMBER 27, 2019 13:06:59

Sequence:    3

File:  1    Cochran-PraecWritSummons.pdf
       2    CochranWritofSummons.pdf
       3    P Discovery in Aide of filing Complaint.pdf

Todd M. Sailer, Esquire
Falcon Law Firm, LLC
I.D. #86013
122 E. Court Street, Doylestown, PA 18901
Tel: (215) 360-3880

*Attorney for Plaintiff*

Filed and Attested by the
Office of Judicial Records
27 NOV 2019 01:06 pm

| | | |
|---|---|---|
| **DIANNE COCHRAN** | : | |
| 4 Braxton Court | : | PHILADELPHIA COUNTY |
| Quakertown, PA 18951 | : | COURT OF COMMON PLEAS |
| | : | TRIAL DIVISION |
| v. | | |
| **ULTA BEAUTY, INC.** | : | NO: |
| 1000 Remington Blvd. #120 | : | |
| Bolingbrook, IL 60440 | | _____ TERM, 20____ |
| and | : | |
| **ULTA BEAUTY** | | |
| 6164 Carlisle Pike | | |
| Mechanicsburg, PA 17050 | : | |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons in the above-captioned matter.

                              **Falcon Law Firm, LLC**

         **By:**   **/s/ Todd M. Sailer, Esq.**
                 **Attorney I.D. #86013**
                 **Attorney for Plaintiff**

Case ID: 191200012

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
27 NOV 2019 01:06 pm
E. PILGRINI

DIANNE COCHRAN
_____
*Plaintiff*

vs.

ULTA BEAUTY, INC. AND ULTA BEAUTY
_____
*Defendant*

:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS

_____Term, 20_____

No._____

To[1]

ULTA BEAUTY INC. and ULTA
_____

BEAUTY
_____

_____

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

DIANNE COCHRAN
_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*



By: _____

Date:_____

10-208 (Rev. 6/14)

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 191200012

# Court of Common Pleas

_____ Term, 20 _____

No. _____ .

DIANNE COCHRAN
_____
*Plaintiff*

vs.

ULTA BEAUTY, INC. AND ULTA BEAU
_____
*Defendant*

# SUMMONS

Case ID: 191200012

**Todd M. Sailer, Esquire**
**Falcon Law Firm, LLC**
**I.D. #86013**
**122 E. Court Street, Doylestown, PA 18901**
**Tel: (215) 360-3880**

Filed and Attested by the
Office of Judicial Records
27 NOV 2019 01:06 pm
*Attorney for Plaintiff*

| | | |
|---|---|---|
| **DIANNE COCHRAN** | : | |
| 4 Braxton Court | : | PHILADELPHIA COUNTY |
| Quakertown, PA 18951 | : | COURT OF COMMON |
| PLEAS | | |
| | : | TRIAL DIVISION |
|       v. | | |
| **ULTA BEAUTY, INC.** | : | NO: |
| 1000 Remington Blvd. #120 | : | _____ TERM, 20\_\_\_ |
| Bolingbrook, IL 60440 | | |
| and | : | |
| **ULTA BEAUTY** | | |
| 6164 Carlisle Pike | | |
| Mechanicsburg, PA 17050 | : | |

## Plaintiff's Interrogatories to Defendant in Aid of Filing
## A Complaint

    Plaintiff(s) by their attorneys, Todd M. Sailer and Falcon Law Firm, LLC, hereby propound the following Interrogatories under and pursuant to the discovery rules of Pennsylvania Rules of Civil Procedure. These Interrogatories are deemed to continuing so as to require that information secured subsequent to the filing of answers hereto, which would have been includable in the answers had it been known or available, be supplied by supplemental answers.

    These Interrogatories must be answered separately and fully by you in the space provided in writing under oath, or if insufficient space is provided, then in writing under oath on a supplemental sheet.

Case ID: 191200012

The answers must be signed by you and under the Pennsylvania Rules of Civil Procedure you must file and serve the answers on the attorney for the Plaintiff within thirty (30) days after service of these Interrogatories. Failure to so answer these Interrogatories may result in the entry of a judgment of a non pros or default against you, or such other sanctions as may be ordered by the Court. The word "person" or "persons" shall include "entity" or "entities".

1. Identify the manager of the store where the incident occurred on May 6, 2018 at the Collegeville store.

2. Identify the persons or entities who were responsible for installing and maintaining the nail polish display at the Collegeville store on and before May 6, 2018.

3. Identify any persons or entities who inspected, maintained and/or repaired the nail polish display at the Collegeville store on and before May 6, 2018.

4. Identify how the nail polish display was secured from falling at the Collegeville store on and before May 6, 2018.

5. Identify how the nail polish display at the Collegeville store was caused to fall on the date of the incident May 6, 2018 which lead to Plaintiff's injuries.

6. Was Defendant responsible to inspect, maintain, and/or repair the nail polish display at the Collegeville store on and before May 6, 2018. If the answer to this interrogatory is yes, then state all ways in which Defendant was so responsible. If the answer to this interrogatory is no, then state the basis thereof.

7. Please produce any written agreements, correspondence, or other documents between defendant and any other person or entity regarding the installation, maintenance, and/or repair of the nail polish display at Defendant's Collegeville store on and before May 6, 2018.

**FALCON LAW FIRM, LLC.**


BY: **/s/ Todd M. Sailer**
    **Todd M. Sailer, Esquire**
    **Attorney for Plaintiff**
    **Attorney I.D. #86013**

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


    Docket:      ENTRY OF APPEARANCE

                  JANUARY 7, 2020 16:10:10

    Sequence:   6

**File:** 1   Cochran - Entry of Appearance.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**IDENTIFICATION NO: 206536**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*Attorneys for Defendant, ULTA Salon Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

Filed and Attested by the
Office of Judicial Records
07 JAN 2020 04:10 pm
RICE
DISTRICT OF PENN

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No:   00012 |
| ULTA BEAUTY, INC. and ULTA BEAUTY | |
| Defendants | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Defendant, ULTA Salon Cosmetics &

Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), in the

above-captioned matter.

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
SARAH M. BAKER, ESQUIRE
*Attorney for Defendant, ULTA Salon Cosmetics*
*& Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

Dated: January 7, 2020

Case ID: 191200012

## CERTIFICATE OF SERVICE

I, Sarah M. Baker, Esquire, hereby certify that the foregoing Entry of Appearance has

been electronically filed with the Court and is available for viewing and downloading from the

Electronic Filing System by the following:

**COUNSEL FOR PLAINTIFFS**
Todd M. Sailer, Esquire
FALCON LAW FIRM, LLC
122 E. Court Street, 3rd Floor
Doylestown, PA 18901

BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____

SARAH M. BAKER, ESQUIRE
*Attorney for Defendant, ULTA Salon*
*Cosmetics & Fragrance, Inc. (improperly*
*identified as ULTA Beauty, Inc. and ULTA*
*Beauty)*

Dated: January 7, 2020

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:      AFFIDAVIT OF SERVICE FILED

                JANUARY 16, 2020 11:18:41

   Sequence:    7

File: 1    AOS Ulta Beauty Inc.pdf

#9638357
10/13/20 02:39 PM

DIANNE COCHRAN

Plaintiff

vs

ULTA BEAUTY, INC, ET AL

Defendant

20191202142607

Common Pleas Court Of Pennsylvania

Filed and Attested by the Office of Judicial Records
Docket Number: 200601 SEPTEM 2019 NO 00012

Venue

**Person to be served** (Name and Address):
ULTA BEAUTY INC.
1000 REMINGTON BLVD #120
BOLINGBROOK IL 60440
By serving: ULTA BEAUTY INC.

**Attorney:** TODD M. SAILER, ESQ.

**Papers Served:** PRAECIPE FOR WRIT OF SUMMONS, WRIT OF SUMMONS, SUMMONS, INTERROGATORIES, CIVIL COVER SHEET

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**   [X] Served Successfully      [ ] Not Served

Date/Time:   DECEMBER 06, 2019 @ 12:33 PM _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

KYLIE HILLOCK

INTAKE DESK

**Description of Person Accepting Service:**

SEX: F   AGE: 28   HEIGHT: 5'7"   WEIGHT: 120   SKIN: CAUCASIAN HAIR: BLONDE   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:

Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:

"OFFICIAL SEAL"
STACEY A. JOHNSON
Notary Public, State of Illinois
My Commission Expires 9/14/2022

**Served Data:**
Subscribed and Sworn to me this

30 TH   day of   DECEMBER   20 19

Notary Signature: _____

STACEY A JOHNSON
Name of Notary

09-14-2022
Commission Expiration

I, ERNEST L. JOHNSON
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server     12 / 30 / 20 19
                                 Date

Name of Private Server: _____ Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


    Docket:      **AFFIDAVIT OF SERVICE FILED**

                     **JANUARY 16, 2020 11:21:23**

    Sequence:   8

**File:** 1   AOS Ulta Beauty.pdf

#9638357

10/13/20 02:40 PM

DIANNE COCHRAN

                                         Plaintiff

VS

ULTA BEAUTY, INC., ET AL

                                       Defendant

20191207111105

_Common Pleas_ Court Of _Pennsylvania_

_Philadelphia_ Venue

Docket Number DECEMBER TERM 2019 NO
000012

Filed and Attested by the
OFFICE OF JUDICIAL RECORDS
16 JAN 2020 11:21 am
A. RUSSO

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

**Person to be served** (Name and Address):
ULTA BEAUTY
1000 REMINGTON BLVD. #120
BOLINGBROOK IL 60440
**By serving: ULTA BEAUTY**

**Attorney:** TODD M. SAILER, ESQ.

**Papers Served:** CIVIL COVER SHEET, PRAECIPE FOR WRIT OF SUMMONS,
WRIT OF SUMMONS, INTERROGATORIES

$ _____

**Service Data:**   [X] Served Successfully   [ ] Not Served

Date/Time:   DECEMBER 19, 2019 @ 3:25 PM _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[x] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

KELLY NELSON _____

PARALEGAL _____

**Description of Person Accepting Service:**

SEX: F   AGE: 30   HEIGHT: 5'5"   WEIGHT: 130   SKIN: CAUCASIAN HAIR: BLONDE OTHER: ____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:   Date/Time: _____
                           Date/Time: _____
                           Date/Time: _____

Other:

"OFFICIAL SEAL"
STACEY A JOHNSON
Notary Public, State of Illinois
My Commission Expires 9/14/2022

**Served Data:**
Subscribed and Sworn to me this

3 RD   day of   JANUARY   , 20 20

Notary Signature _____

STACEY A JOHNSON         09-14-2022
Name of Notary         Commission Expiration

I, ERNEST L. JOHNSON _____
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   01 / 03 / 20 20
Signature of Process Server   Date

Name of Private Server: _____ Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

    Docket:      ENTRY OF APPEARANCE-CO COUNSEL

                 JANUARY 22, 2020 14:24:28

    Sequence:    9

File: 1    Cochran - Entry of Appearance - VA.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*



*Attorneys for Defendant, ULTA Salon Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| DIANNE COCHRAN | COURT OF COMMON PLEAS |
|---|---|
| Plaintiff | PHILADELPHIA COUNTY |
| v. | DECEMBER TERM, 2019 |
| | No: 00012 |
| ULTA BEAUTY, INC. and ULTA BEAUTY | |
| Defendants | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance as co-counsel on behalf of Defendant, ULTA Salon Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), in the above-captioned matter.

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorney for Defendant, ULTA Salon Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Dated: January 22, 2020

Case ID: 191200012

## CERTIFICATE OF SERVICE

I, Vaishnavi Arshanapally, Esquire, hereby certify that the foregoing Entry of

Appearance as co-counsel has been electronically filed with the Court and is available for

viewing and downloading from the Electronic Filing System by the following:

**COUNSEL FOR PLAINTIFFS**
Todd M. Sailer, Esquire
FALCON LAW FIRM, LLC
122 E. Court Street, 3rd Floor
Doylestown, PA 18901

BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
      VAISHNAVI ARSHANAPALLY, ESQUIRE
      *Attorney for Defendant, ULTA Salon Cosmetics*
      *& Fragrance, Inc. (improperly identified as*
      *ULTA Beauty, Inc. and ULTA Beauty)*

Dated: January 22, 2020

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

    Docket:     COMPLAINT FILED NOTICE GIVEN

                  APRIL 14, 2020 12:45:59

    Sequence:   15

File: 1   CochranComplaintfinal.pdf

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
14 APR 2020 12:45 pm
S. GIGRINI

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> LAWYER REFERENCE SERVICE
> Philadelphia Bar
> Association One
> Reading Center
> Philadelphia, PA
> 19107
> (215) 238-1701

## AVISO

Le han demandado a usted en la carte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la carte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la carte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO OSI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA 0 LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
> Filadelfia Bar
> Association One Reading
> Center
> Filadelfia, Pennsylvania 19107
> (215) 238-1701

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                              *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## <u>COMPLAINT</u>

1. Plaintiff, Dianne Cochran, is an adult individual who resides at 4 Braxton
Court, Quakertown, PA 18951.

2.   Defendant, Ulta Beauty Inc. is a corporation with an address of 1000 Remington Blvd. #120 Bolingbrook, IL and regularly conducts business within the Commonwealth of Pennsylvania including Philadelphia County.

3.   Defendant Ulta Beauty is a business entity with a registered address of 6164 Carlisle Pike, Mechanicsburg, PA 17050.

4.   Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426.

5.   At all time relevant hereto, Defendants were in exclusive possession, management and control of the Ulta Beauty store located in Collegeville, PA 19426 individually and through its employees who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's store, including the merchandise endcap shelving units.

6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

7.   On or about May 6, 2018, Plaintiff, Dianne Cochran was working on a display at Defendants' store when a large endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing her to fall to the floor.

8.   The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

9. Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store including Plaintiff.

10. Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

11. The aforesaid incident and injuries resulting to the Plaintiff, Dianne Cochran occurred as a result of the negligence and carelessness of the Defendant.

## COUNT I

## PLAINTIFF, DIANNE COCHRAN v. DEFENDANTS

12. Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

13. The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the negligence and carelessness of the Defendants, which consisted of the following:

      a.    Failing to maintain the shelving unit/endcap of the premises in a safe manner;

      b.    Failing to discover and rectify the danger of the broken

shelving unit/endcap;

c.   Failing to ensure that the endcap was properly and adequately secured;

d.   Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.   Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.   Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.   Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.   Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.   Failing to properly inspect the endcap for defective conditions.

14.   At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

15. As a result of the negligence and carelessness of the Defendants,

Plaintiff sustained concussion, post-traumatic headaches, postconcussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medial meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

16. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

17. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

18. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

19. As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Dianne Cochran demands judgment against the

Defendants in an amount in excess of $50,000 together with interest and cost.

**FALCON LAW FIRM, LLC**

**BY: /s/ Todd M. Sailer, Esq.**
**Todd M. Sailer, Esquire**
**Attorney for Plaintiffs**
**AttorneyI.D.#86013**

## VERIFICATION

I, Dianne Cochran individually, upon personal knowledge or information and belief, hereby verify that the factual statements made in the foregoing Complaint, are true and correct. The undersigned understands that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

Date 04/08/2020                   _Dianne Cochran_
                                  Dianne Cochran

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:     PRAECIPE TO REINSTATE CMPLT

            MAY 14, 2020 14:35:20

Sequence:   18

File:   1   Cochran Praec ReinstateCmpt.pdf
        2   CochranComplaintfinalTS.pdf

#9638357
10/13/20 02:44 PM

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880


Filed and Attested by the
Office of Judicial Records
14 MAY 2020 02:35 pm
M. RUSSO
*Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| **DIANNE COCHRAN** | : | **CASE ID # 191200012** |
| | : | **TERM, 2019** |
| v. | | |
| **ULTA BEAUTY INC.** and **ULTA** | : | **JURY TRIAL DEMANDED** |
| **BEAUTY** and **ERICA S. HARRELL** | : | |

## <u>PRAECIPE TO REINSTATE COMPLAINT</u>

TO THE PROTHONOTARY:

Kindly reinstate the Complaint in the above-captioned matter.

**Falcon Law Firm, LLC**


**By:**   <u>**/s/ Todd M. Sailer, Esq.**</u>
 **Todd M. Sailer, Esquire**
 **Attorney I.D. #86013**
 **Attorney for Plaintiff**

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
14 MAY 2020 02:35 pm
M. RUSSO

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER  REFERENCE SERVICE
Philadelphia Bar
Association One
Reading Center
Philadelphia, PA
19107
(215) 238-1701

## AVISO

Le han demandado a usted en la carte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la carte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la carte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO OSI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA 0 LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Filadelfia Bar
Association One Reading
Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## <u>COMPLAINT</u>

　　1. Plaintiff, Dianne Cochran, is an adult individual who resides at 4 Braxton

Court, Quakertown, PA 18951.

2.   Defendant, Ulta Beauty Inc. is a corporation with an address of 1000 Remington Blvd. #120 Bolingbrook, IL and regularly conducts business within the Commonwealth of Pennsylvania including Philadelphia County.

3.   Defendant Ulta Beauty is a business entity with a registered address of 6164 Carlisle Pike, Mechanicsburg, PA 17050.

4.   Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426.

5.   At all time relevant hereto, Defendants were in exclusive possession, management and control of the Ulta Beauty store located in Collegeville, PA 19426 individually and through its employees who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's store, including the merchandise endcap shelving units.

6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

7.   On or about May 6, 2018, Plaintiff, Dianne Cochran was working on a display at Defendants' store when a large endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing her to fall to the floor.

8.   The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

9.   Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store  including Plaintiff.

10.   Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

11. The aforesaid incident and injuries resulting to the Plaintiff, Dianne Cochran occurred as a result of the negligence and carelessness of the Defendant.

## COUNT I

## PLAINTIFF, DIANNE COCHRAN v. DEFENDANTS

12.   Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

13.   The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the  negligence and carelessness of the Defendants, which consisted of the following:

> a.   Failing to maintain the shelving unit/endcap of the premises in a safe manner;
>
> b.   Failing to discover and rectify the danger of the broken

shelving unit/endcap;

c.   Failing to ensure that the endcap was properly and adequately secured;

d.   Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.   Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.   Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.   Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.   Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.   Failing to properly inspect the endcap for defective conditions.

14.   At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

15. As a result of the negligence and carelessness of the Defendants,

Plaintiff sustained concussion, post-traumatic headaches, postconcussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medial meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

16. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

17. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

18. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

19. As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Dianne Cochran demands judgment against the

Defendants in an amount in excess of $50,000 together with interest and cost.


**FALCON LAW FIRM, LLC**


BY: **/s/ Todd M. Sailer, Esq.**
    **Todd M. Sailer, Esquire**
    **Attorney for Plaintiffs**
    **AttorneyI.D.#86013**

## VERIFICATION

I, Dianne Cochran individually, upon personal knowledge or information and belief, hereby verify that the factual statements made in the foregoing Complaint, are true and correct. The undersigned understands that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

Date 04/08/2020                           _Dianne Cochran_
                                          Dianne Cochran

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:       PRAECIPE - WRIT TO JOIN

             JUNE 12, 2020 14:43:06

Sequence:    20

File: 1    Cochran - Praecipe for Writ to Join Match Converge.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

Filed and Attested by the
Office of Judicial Records
12 JUN 2020 02:43 pm
R. SCHREIBER

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO FILE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to execute a Writ to Join against:

Match Converge
7361 Coca Cola Drive
Hanover, Maryland, 21076

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Date: June 12, 2020

C.P. 88                                              WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

DIANNE COCHRAN
                              vs.            DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.                     No. 00012 _____

TO    Match Converge
      7361 Coca Cola Drive
      Hanover, Maryland 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has  }
have }  joined you as an additional defendant in this action with you are required to defend.



                                             JOSEPH H. EVERS
                                             *Prothonotary*

                                  By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:     PRAECIPE - WRIT TO JOIN

               JUNE 12, 2020 14:46:17

   Sequence:   21


File: 1     Cochran - Praecipe for Writ to Join Convergence
            Marketing.pdf

#9638357
10/13/20 02:47 PM

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the
Office of Judicial Records
12 JUN 2020 02:46 pm
R. SCHREIBER*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO FILE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA
Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to execute a Writ to Join
against:

Convergence Marketing, Inc.
7361A Coca Cola Drive
Hanover, MD 21076

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty)*

Date: June 12, 2020

C.P. 88                                                WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

DIANNE COCHRAN

vs.                        DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.          No. 00012 _____

TO    Convergence Marketing, Inc.
      7361A Coca Cola Drive
      Hanover, MD 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has
have   } joined you as an additional defendant in this action with you are required to defend.



                                       JOSEPH H. EVERS
                                        *Prothonotary*

                            By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012__

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:        PRAECIPE - WRIT TO JOIN

               JUNE 12, 2020 14:49:49

Sequence:    22

File: 1    Cochran - Praecipe for Writ to Join Match Marketing
           Group.pdf

zlrppdf 2/27/2013

#9638357

10/13/20 02:48 PM

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the*
*Office of Judicial Records*
*12 JUN 2020 02:42 pm*
*R. SCHREIBER*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO FILE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

        Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to execute a Writ to Join against:

                        Match Marketing Group
                        800 Connecticut Avenue
                        3rd Floor East
                        Norwalk, CT 06584

                        Respectfully submitted,
                        BONNER KIERNAN TREBACH & CROCIATA LLP

                        _____

                        SARAH M. BAKER, ESQUIRE
                        VAISHNAVI ARSHANAPALLY, ESQUIRE
                        *Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Date: June 12, 2020

C.P. 88                                        WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

DIANNE COCHRAN
                              vs.                DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.                         No. 00012 _____


TO    Match Marketing Group
      800 Connecticut Avenue
      3rd Floor East
      Norwalk, CT 06584


You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)


has  }
have }  joined you as an additional defendant in this action with you are required to defend.


                                        JOSEPH H. EVERS
                                        *Prothonotary*

                        By _____

Case ID: 191200012

10-245 (Rev. 1/01)

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__. No. __00012__

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:        PRAECIPE TO REINSTATE CMPLT

               JUNE 12, 2020 14:59:43

Sequence:    19

File:  1    Praec to Reinstate Complaint2.pdf
       2    CochranComplaintfinalTS.pdf

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
12 JUN 2020 02:59 pm
M. RUSSO

*Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| **DIANNE COCHRAN** | : | **CASE ID # 191200012** |
| | : | **TERM, 2019** |
| v. | | |
| **ULTA BEAUTY INC.** and **ULTA** | : | **JURY TRIAL DEMANDED** |
| **BEAUTY** and **ERICA S. HARRELL** | : | |

### <u>PRAECIPE TO REINSTATE COMPLAINT</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint in the above-captioned matter.

                        **Falcon Law Firm, LLC**

              **By:**   **<u>/s/ Todd M. Sailer, Esq.</u>**
                       **Todd M. Sailer, Esquire**
                       **Attorney I.D. #86013**
                       **Attorney for Plaintiff**

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
12 JUN 2020 02:59 pm
R. RUSSO

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
Philadelphia Bar
Association One
Reading Center
Philadelphia, PA
19107
(215) 238-1701

## AVISO

Le han demandado a usted en la carte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la carte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la carte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO OSI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA 0 LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Filadelfia Bar
Association One Reading
Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                   *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## COMPLAINT

1. Plaintiff, Dianne Cochran, is an adult individual who resides at 4 Braxton Court, Quakertown, PA 18951.

Case ID: 191200012

2.   Defendant, Ulta Beauty Inc. is a corporation with an address of 1000 Remington Blvd. #120 Bolingbrook, IL and regularly conducts business within the Commonwealth of Pennsylvania including Philadelphia County.

3.   Defendant Ulta Beauty is a business entity with a registered address of 6164 Carlisle Pike, Mechanicsburg, PA 17050.

4.   Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426.

5.   At all time relevant hereto, Defendants were in exclusive possession, management and control of the Ulta Beauty store located in Collegeville, PA 19426 individually and through its employees who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's store, including the merchandise endcap shelving units.

6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

7.   On or about May 6, 2018, Plaintiff, Dianne Cochran was working on a display at Defendants' store when a large endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing her to fall to the floor.

8.   The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

9.   Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store  including Plaintiff.

10.   Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

11. The aforesaid incident and injuries resulting to the Plaintiff, Dianne Cochran occurred as a result of the negligence and carelessness of the Defendant.

## COUNT I

## PLAINTIFF, DIANNE COCHRAN v. DEFENDANTS

12.   Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

13.   The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the  negligence and carelessness of the Defendants, which consisted of the following:

a.   Failing to maintain the shelving unit/endcap of the premises in a safe manner;

b.   Failing to discover and rectify the danger of the broken

shelving unit/endcap;

c.  Failing to ensure that the endcap was properly and adequately secured;

d.  Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.  Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.  Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.  Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.  Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.  Failing to properly inspect the endcap for defective conditions.

14.  At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

15.  As a result of the negligence and carelessness of the Defendants,

Plaintiff sustained concussion, post-traumatic headaches, postconcussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medial meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

16. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

17. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

18. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

19. As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Dianne Cochran demands judgment against the

Defendants in an amount in excess of $50,000 together with interest and cost.


**FALCON LAW FIRM, LLC**


BY: **/s/ Todd M. Sailer, Esq.**
     **Todd M. Sailer, Esquire**
     **Attorney for Plaintiffs**
     **AttorneyI.D.#86013**

Case ID: 191200012



**VERIFICATION**

I, Dianne Cochran, individually, upon personal knowledge or information and belief, hereby verify that the factual statements made in the foregoing Complaint, are true and correct. The undersigned understands that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date 01/08/2020

Dianne Cochran

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:    ENTRY OF APPEARANCE

                  JUNE 26, 2020 15:37:09

   Sequence:   23

**File:** 1   Cochran - Harrell Entry of Appearance SMB and VA.pdf

#9638357

10/13/20 02:50 PM

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the Office of Judicial Records 26 JUN 2020 03:37 pm E. MEENAN*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) and Erica S. Harrell*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
| Additional Defendants | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearance of Sarah M. Baker, Esquire and Vaishnavi Arshanapally, Esquire, on behalf of Defendant, Erica S. Harrell, in the above-captioned matter.

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) and Erica S. Harrell*

Case ID: 191200012

**CERTIFICATE OF SERVICE**

    I, Sarah M. Baker, Esquire, hereby certify that the foregoing Entry of Appearance for Defendant, Erica S. Harrell has been electronically filed with the Court and is available for viewing and downloading from the Electronic Filing System by the following:

**COUNSEL FOR PLAINTIFFS**
Todd M. Sailer, Esquire
FALCON LAW FIRM, LLC
122 E. Court Street, 3rd Floor
Doylestown, PA 18901

BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
          SARAH M. BAKER, ESQUIRE
          *Attorney for Defendant, ULTA Salon*
          *Cosmetics & Fragrance, Inc. (improperly*
          *identified as ULTA Beauty, Inc. and ULTA*
          *Beauty) and Erica S. Harrell*

Dated: June 26, 2020

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:      CASE MANAGEMENT ORDER ISSUED

             JUNE 29, 2020 17:26:08

Sequence:    25

**File:**  1    CMOIS_25.pdf



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *COCHRAN* | *December Term 2019* |
| *VS* | *No. 00012* |
| *ULTA BEAUTY INC. ETAL* | |

*CASE MANAGEMENT ORDER
STANDARD TRACK*

DOCKETED
TRIAL DIVISION - CIVIL
29-JUN-2020
**E. ORVIK**

AND NOW, *Monday, June 29, 2020,* it is Ordered that:

1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All *discovery* on the above matter shall be completed not later than *01-MAR-2021.*

3. *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *01-MAR-2021.*

4. *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *05-APR-2021.*

5. All *pre-trial motions* shall be filed not later than *05-APR-2021.*

6. A *settlement conference* may be scheduled at any time after *05-APR-2021.* Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a). A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b). A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c). Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.      A *pre-trial conference* will be scheduled any time after *07-JUN-2021.* Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

   (a).      A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

   (b).      A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

   (c).      A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

   (d).      Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

   (e).      Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

   (f).      Each counsel shall provide an estimate of the anticipated length of trial.

8.      *It is expected that the case will be ready for trial 05-JUL-2021,* and counsel should anticipate trial to begin expeditiously thereafter.

9.      All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

**BY THE COURT:**

_____

*DANIEL ANDERS,   J.*
*TEAM LEADER*

EKO80060(REV 11/04)

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


　　　Docket:　　　ANSWER TO COMPLAINT FILED

　　　　　　　　　JULY 10, 2020 14:31:28

　　　Sequence:　　30

File: 1　　Cochran - ULTA Answer to Complaint.pdf

To: Plaintiff

You are hereby notified to plead to the within New Matter within twenty (20) days hereof or a default judgment or other adverse action may be taken/entered against you.

_____

Vaishnavi Arshanapally, Esquire

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |

**ANSWER WITH NEW MATTER OF DEFENDANT, ULTA SALON, COSMETICS & FRAGRANCE, INC. (IMPROPERLY IDENTIFIED AS ULTA BEAUTY, INC. AND ULTA BEAUTY) TO PLAINTIFF'S COMPLAINT**

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) (hereinafter referred to as "Answering Defendant"), hereby files this Answer with New Matter to Plaintiff's Complaint, and in support thereof avers as follows:

1.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph. Therefore, said averments are deemed denied and strict proof thereof is demanded at the time of trial.

2.      Denied as stated. The proper entity and defendant in this matter is ULTA Salon, Cosmetics & Fragrance, Inc. By way of further response, ULTA Salon, Cosmetics & Fragrance, Inc. is a Delaware Corporation with a principal place of business located at 1000 Remington Boulevard, Suite 120, Bolingbrook, Illinois, 60440.

3.      Denied as stated. The proper defendant in this matter is ULTA Salon, Cosmetics & Fragrance, Inc. By way of further response, ULTA Salon, Cosmetics & Fragrance, Inc. is a Delaware Corporation with a principal place of business located at 1000 Remington Boulevard, Suite 120, Bolingbrook, Illinois, 60440.

4.      The averments contained in this paragraph are directed to a party other than Answering Defendant and therefore, no response is required.

5.      Admitted in part; denied in part. It is admitted only that ULTA Salon, Cosmetics & Fragrance, Inc. operated the Ulta business located at 40 Town Center Drive, Suite 2, Collegeville, PA 19426. The remaining averments contained in this paragraph are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. By way of further response, Answering Defendant specifically denies any express or implied allegations of agency or employment, as these averments do not identify any alleged agents, servants, workmen, and/or employees. Strict proof thereof is demanded at trial.

6.      Denied. The averments contained in this paragraph are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial.

7.      Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph. Therefore, said averments are deemed denied and strict proof thereof is demanded at the time of trial.

8.    Denied. Answering Defendant specifically denies any and all allegations of carelessness and negligence. Additionally, the averments contained in this paragraph are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged injuries. Strict proof thereof is demanded at the time of trial.

9-10.    Denied. Answering Defendant specifically denies any and all allegations of carelessness and negligence. By way of further response, the averments contained in these paragraphs are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial.

11.    Denied. The averments contained in these paragraphs are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. The same are therefore denied.  By way of further answer, to the extent the averments in these paragraphs are deemed to be factual, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.  Therefore, said averments are deemed denied and strict proof thereof is demanded at trial.

<u>Count I</u>
<u>Plaintiff, Dianne Cochran v. Defendants</u>

12.    Answering Defendant incorporates by reference its answers to paragraphs 1 through 11 as though fully set forth at length herein.

13(a) – (i). Denied. The averments of negligence and carelessness contained in this paragraph and its subparagraphs are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial.

Additionally, it is specifically denied that Answering Defendant breached any duty owed to Plaintiff and/or was the cause of Plaintiff's alleged injuries. By way of further response, it is specifically denied that any action or failure to act on part of Answering Defendant caused or contributed in any manner or to any degree to Plaintiff's alleged injuries and losses.

14.     Denied. The averments contained in this paragraph are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. The same are therefore denied.

15-19. Denied. The averments of negligence and carelessness contained in this paragraph are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs. Therefore, said averments are deemed denied and strict proof thereof is demanded at trial.

**WHEREFORE**, Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), demands judgment in its favor and against Plaintiff, together with the awarding of attorneys' fees and costs or other relief deemed appropriate by the Court.

## NEW MATTER

20.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

21.     Plaintiff's claims, if any, are barred and/or substantially reduced due to Plaintiff's comparative negligence, pursuant to 42 Pa. C.S.A. §7102, et seq.

22.     Plaintiff's claims may be barred and/or reduced in accordance with Pennsylvania's Fair Share Act, 42 Pa.C.S.A. § 7102, et seq.

23.    No act or omission of Answering Defendant caused or contributed to Plaintiff's alleged claims, injuries or damages, if any, in this matter, the existence of any said act, omission, or harm being expressly denied.

24.    Plaintiff's damages, if any, were the direct, proximate and sole result, or were substantially contributed to, by the negligence and/or carelessness of parties, entities and/or individuals over whom Answering Defendant had no control or right of control and for whom Answering Defendant is not responsible.

25.    Plaintiff's damages, if any, were caused by circumstances over which Answering Defendant had no control and no right to control or involvement.

26.    To the extent any collateral source provides benefits to Plaintiff for medical bills, wages or other damages, Plaintiff's recovery, if any, against Answering Defendant must be reduced by that amount.

27.    Plaintiff's claims, if any, are barred and/or reduced by Plaintiff's failure to mitigate damages, if any.

28.    Plaintiff's claims, if any, are barred and/or limited by any releases that Plaintiff has executed or will execute in favor of any person or party.

29.    Answering Defendant did not create the condition which Plaintiff alleges caused and/or contributed to the incident that forms the subject of Plaintiff's Complaint.

30.    Answering Defendant exercised all reasonable care to protect Plaintiff from the condition which Plaintiff alleges caused and/or contributed to the incident that forms the subject of Plaintiff's Complaint.

31.    Plaintiff's claims are barred by the statute of limitations.

32.    Plaintiff's claims, if any, are barred and/or substantially reduced by her assumption of the risks of proceeding as she did.

33.     Plaintiff's claims, if any, are barred by the doctrines of collateral estoppel or res judicata.

34.     Plaintiff's claims, if any, are be barred by the doctrines of laches or waiver.

35.     Insofar as, and to the extent that, any injuries, losses and damages to Plaintiff, if any, were the result, in whole or in part, of an ordinary disease of life, idiosyncratic reaction or some other circumstance, event or exposure, responsibility, if any, for damages to the extent thereof must be apportioned and allocated, in whole or in part, to such cause(s) pursuant to § 433(a) of the Restatement (2d) of Torts.

**WHEREFORE**, Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), demands judgment in its favor and against Plaintiff, together with the awarding of attorneys' fees and costs or other relief deemed appropriate by the Court.

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon,*
*Cosmetics & Fragrance, Inc. (improperly*
*identified as ULTA Beauty, Inc. and ULTA*
*Beauty)*

Dated: July 10, 2020

**VERIFICATION**

The undersigned, having read the foregoing Answer with New Matter of Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), to Plaintiff's Complaint verifies that the responses are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the foregoing Answer with New Matter to Plaintiff's Complaint and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifier has relied upon counsel in making this verification; that certain of the matters stated therein are not within the personal knowledge of the signer; that the facts stated therein have been assembled by authorized agents, employees, and counsel, and signer is informed that the facts stated therein are true.

This verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

By: ULTA Salon, Cosmetics & Fragrance, Inc.

BY: _Bayyinah Francies_____
Bayyinah Francies

Dated: 7/10/2020_____

## CERTIFICATE OF SERVICE

I, Vaishnavi Arshanapally, Esquire, hereby certify that the foregoing ANSWER WITH NEW MATTER OF DEFENDANT, ULTA SALON, COSMETICS & FRAGRANCE, INC. (IMPROPERLY IDENTIFIED AS ULTA BEAUTY, INC. AND ULTA BEAUTY) TO PLAINTIFF'S COMPLAINT has been electronically filed with the Court and is available for viewing and downloading from the Electronic Filing System by the following:

**COUNSEL FOR PLAINTIFF**
Todd M. Sailer, Esquire
FALCON LAW FIRM, LLC
122 E. Court Street, 3rd Floor
Doylestown, PA 18901

BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon,*
*Cosmetics & Fragrance, Inc. (improperly*
*identified as ULTA Beauty, Inc. and ULTA*
*Beauty)*

Dated: July 10, 2020

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

Docket:       PRAECIPE TO REINSTATE CMPLT

              JULY 10, 2020 17:04:59

Sequence:     31

File:  1    Praec to Reinstate Complaint3.pdf
       2    CochranComplaintfinalTS.pdf

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880

Filed and Attested by the
Office of Judicial Records
10 JUN 2020 05:04 pm
M. RUSSO
*Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| | : **TERM, 2019** |
| v. | |
| **ULTA BEAUTY INC.** and **ULTA** | : **JURY TRIAL DEMANDED** |
| **BEAUTY** and **ERICA S. HARRELL** | : |

## PRAECIPE TO REINSTATE COMPLAINT

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint in the above-captioned matter.

               **Falcon Law Firm, LLC**

          **By:**   **/s/ Todd M. Sailer, Esq.**
               **Todd M. Sailer, Esquire**
               **Attorney I.D. #86013**
               **Attorney for Plaintiff**

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
10 AUG 2020 03:04 pm
M. RUSSO

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> LAWYER  REFERENCE SERVICE
> Philadelphia Bar
> Association One
> Reading Center
> Philadelphia, PA
> 19107
> (215) 238-1701

## AVISO

Le han demandado a usted en la carte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la carte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la carte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO OSI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA 0 LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
> Filadelfia Bar
> Association One Reading
> Center
> Filadelfia, Pennsylvania 19107
> (215) 238-1701

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## **COMPLAINT**

1. Plaintiff, Dianne Cochran, is an adult individual who resides at 4 Braxton Court, Quakertown, PA 18951.

2.    Defendant, Ulta Beauty Inc. is a corporation with an address of 1000 Remington Blvd. #120 Bolingbrook, IL and regularly conducts business within the Commonwealth of Pennsylvania including Philadelphia County.

3.    Defendant Ulta Beauty is a business entity with a registered address of 6164 Carlisle Pike, Mechanicsburg, PA 17050.

4.    Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426.

5.    At all time relevant hereto, Defendants were in exclusive possession, management and control of the Ulta Beauty store located in Collegeville, PA 19426 individually and through its employees who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's store, including the merchandise endcap shelving units.

6.    At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

7.    On or about May 6, 2018, Plaintiff, Dianne Cochran was working on a display at Defendants' store when a large endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing her to fall to the floor.

8.    The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

9.   Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store  including Plaintiff.

10.   Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

11. The aforesaid incident and injuries resulting to the Plaintiff, Dianne Cochran occurred as a result of the negligence and carelessness of the Defendant.

## COUNT I

## PLAINTIFF, DIANNE COCHRAN v. DEFENDANTS

12.   Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

13.   The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the  negligence and carelessness of the Defendants, which consisted of the following:

   a.   Failing to maintain the shelving unit/endcap of the premises in a safe manner;

   b.   Failing to discover and rectify the danger of the broken

shelving unit/endcap;

c.   Failing to ensure that the endcap was properly and adequately secured;

d.   Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.   Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.   Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.   Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.   Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.   Failing to properly inspect the endcap for defective conditions.

14.   At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

15. As a result of the negligence and carelessness of the Defendants,

Plaintiff sustained concussion, post-traumatic headaches, postconcussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medial meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

16. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

17. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

18. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

19. As a result of the injuries sustained by Plaintiff, she has been forced to suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Dianne Cochran demands judgment against the

Defendants in an amount in excess of $50,000 together with interest and cost.


**FALCON LAW FIRM, LLC**


BY: <u>/s/ Todd M. Sailer, Esq.</u>
      **Todd M. Sailer, Esquire**
      **Attorney for Plaintiffs**
      **AttorneyI.D.#86013**

## VERIFICATION

I, Dianne Cochran individually, upon personal knowledge or information and belief, hereby verify that the factual statements made in the foregoing Complaint, are true and correct. The undersigned understands that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

Date 04/08/2020                    _Dianne Cochran_
                                   Dianne Cochran

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:     PRAECIPE TO REISSUE SUMMONS

                JULY 13, 2020 14:23:43

   Sequence:   32

**File:** 1   Cochran – Praecipe to Reinstate Writ to Join Match
          Converge.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

Filed and Attested by the
Office of Judicial Records
13 JUL 2020 02:43 pm
A. SILIGRINI

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

Match Converge
7361 Coca Cola Drive
Hanover, Maryland, 21076

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Date: July 13, 2020

C.P. 88                                              WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

        vs.

ULTA BEAUTY, INC. et al.

DECEMBER _____ Term, 20 19

No. 00012

TO  Match Converge
    7361 Coca Cola Drive
    Hanover, Maryland 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has
have  } joined you as an additional defendant in this action with you are required to defend.



                              JOSEPH H. EVERS
                               *Prothonotary*

By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:        PRAECIPE TO REISSUE SUMMONS

               JULY 13, 2020 14:26:45

Sequence:    36


File:  1     Cochran - Praecipe to Reinstate Writ to Join Convergence
             Marketing.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the*
*Office of Judicial Records*
*13 JUL 2020 02:26 pm*
*R. SCHREIBER*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY |
| v. | DECEMBER TERM, 2019 |
| | No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

Convergence Marketing, Inc.
7361A Coca Cola Drive
Hanover, MD 21076

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty)*

Date: July 13, 2020

Case ID: 191200012

C.P. 88                                    WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

vs.                                    DECEMBER _____ Term, 20__19__

ULTA BEAUTY, INC. et al.               No. __00012_____

TO  Convergence Marketing, Inc.
    7361A Coca Cola Drive
    Hanover, MD 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has  }
have } joined you as an additional defendant in this action with you are required to defend.



                                        JOSEPH H. EVERS
                                        *Prothonotary*

                        By _____

10-245 (Rev. 1/01)

                                        Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20 __19__ No. __00012__

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:       PRAECIPE - WRIT TO JOIN

              JULY 13, 2020 14:29:54

Sequence:    33

File: 1    Cochran - Praecipe to Reinstate Writ to Join Match
            Marketing Group.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

Filed and Attested by the
Office of Judicial Records
13 JUL 2020 02:29 pm
R. SCHREIBER

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No: 00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

     Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA

Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached

Writ to Join against:

Match Marketing Group
800 Connecticut Avenue
3rd Floor East
Norwalk, CT 06584


Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty)*

Date: July 13, 2020

C.P. 88                                                              WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

DIANNE COCHRAN                              DECEMBER _____ Term, 20 19 _____

                        vs.

ULTA BEAUTY, INC. et al.                    No. 00012 _____

TO   Match Marketing Group
     800 Connecticut Avenue
     3rd Floor East
     Norwalk, CT 06584

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has }
have } joined you as an additional defendant in this action with you are required to defend.

JOSEPH H. EVERS
*Prothonotary*

By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012__

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:      PRAECIPE - WRIT TO JOIN

                 JULY 13, 2020 14:53:09

   Sequence:   34


**File:** 1    Cochran - Praecipe to Reinstate Writ to Join Match
           Converge.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the
Office of Judicial Records
13 JUL 2020 02:53 pm
R. SCHREIBER*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No: 00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

### PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

> Match Converge
> 7361 Coca Cola Drive
> Hanover, Maryland, 21076

> Respectfully submitted,
> BONNER KIERNAN TREBACH & CROCIATA LLP
>
> _____
> SARAH M. BAKER, ESQUIRE
> VAISHNAVI ARSHANAPALLY, ESQUIRE
> *Attorneys for Defendant, ULTA Salon, Cosmetics &*
> *Fragrance, Inc. (improperly identified as ULTA Beauty,*
> *Inc. and ULTA Beauty)*

Date: July 13, 2020

C.P. 88

WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

DECEMBER _____ Term, 20 19

No. 00012 _____

TO   Match Converge
     7361 Coca Cola Drive
     Hanover, Maryland 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has
have } joined you as an additional defendant in this action with you are required to defend.



JOSEPH H. EVERS
*Prothonotary*

By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012__

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:      PRAECIPE - WRIT TO JOIN

                JULY 13, 2020 14:54:48

   Sequence:   35


File: 1   Cochran - Praecipe to Reinstate Writ to Join Convergence
        Marketing.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

Filed and Attested by the
Office of Judicial Records
13 JUL 2020 02:54 pm
R. SCHREIBER

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

### PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

     Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

Convergence Marketing, Inc.
7361A Coca Cola Drive
Hanover, MD 21076

     Respectfully submitted,
     BONNER KIERNAN TREBACH & CROCIATA LLP

     _____

     SARAH M. BAKER, ESQUIRE
     VAISHNAVI ARSHANAPALLY, ESQUIRE
     *Attorneys for Defendant, ULTA Salon, Cosmetics &*
     *Fragrance, Inc. (improperly identified as ULTA Beauty,*
     *Inc. and ULTA Beauty)*

Date: July 13, 2020

Case ID: 191200012

C.P. 88                                                                    WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

DIANNE COCHRAN

          vs.

DECEMBER _____ Term, 20 __19__

ULTA BEAUTY, INC. et al.

No. __00012_____

TO    Convergence Marketing, Inc.
       7361A Coca Cola Drive
       Hanover, MD 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has
have  }   joined you as an additional defendant in this action with you are required to defend.



JOSEPH H. EVERS
*Prothonotary*

By _____



10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012_____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:     **AFFIDAVIT OF SERVICE FILED**

            **JULY 30, 2020 11:59:43**

Sequence:   37

**File:** 1   AOS Harrell.pdf

DIANNE COCHRAN

Plaintiff

vs

ULTA BEAUTY, INC, ET AL

Defendant

**Person to be served** (Name and Address):
ERICA S. HARRELL
40 TOWN CENTER DR.
COLLEGEVILLE PA 19426
**By serving:** ULTA

**Attorney:** TODD M. SAILER, ESQ.

**Papers Served:** NOTICE, COMPLAINT, VERIFICATION

**Service Data:**   [X] Served Successfully     [ ] Not Served

Date/Time:   7/20/2020 10:20 AM

[X] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

20200713121206

Common Pleas Court Of PENNSYLVANIA

Filed and Attested by the Office of Judicial Records

Docket Number: TERM, 2019 NO 00012

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

ERICA S. HARRELL C/O ULTA

SELF

**Description of Person Accepting Service:**

SEX:F___ AGE:21-35_ HEIGHT: 5'4"-5'8"___ WEIGHT: 131-160 LBS.___ SKIN:BLACK___ HAIR:BLACK___ OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:       Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this
24 TH day of JULY , 20 20
Notary Signature: _____

Name of Notary         Commission Expiration
**SILVIA L. BONILLA**
**NOTARY PUBLIC OF NEW JERSEY**
Name of Commission Expires May 17, 2023

I, ROBERT WAGNER
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server     7. 24/2020     Date

Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

    Docket:     PRELIMINARY OBJECTIONS

                  AUGUST 10, 2020 13:31:27

    Sequence:   38

**File:** 1    Cochran - Harrell Preliminary Objections to Plaintiffs Complaint.pdf

DIANNE COCHRAN

                                    Plaintiff

              v.

ULTA BEAUTY, INC.; ULTA BEAUTY; and
ERICA S. HARRELL

                                    Defendants

              v.

MATCH MARKETING GROUP; MATCH
CONVERGE; and CONVERGENCE
MARKETING, INC.

              Additional Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

DECEMBER TERM, 2019
No:   00012

Filed and Attested by the
Office of Judicial Records
16 AUG 2020 01:33 pm
E. RICE

## ORDER

**AND NOW,** this _____ day of _____, 2020, upon consideration of

the Preliminary Objections of Defendant, Erica S. Harrell, to Plaintiff's Complaint, and any

response thereto, it is hereby **ORDERED** and **DECREED** that said Preliminary Objections are

**SUSTAINED.** It is further **ORDERED** and **DECREED** that Plaintiff's Complaint as to Erica S.

Harrell is stricken as a whole, and **DISMISSED**, with prejudice.

**BY THE COURT:**

_____
                                    **J.**

Case ID: 191200012
Control No.: 20080634

**NOTICE TO PLEAD TO PLAINTIFF:**
You are hereby notified to plead to the enclosed
Preliminary Objections within twenty (20) days from
service hereof or a judgment may be entered against you.

_____

*Attorneys for Defendants, Erica S. Harrell and ULTA
Salon, Cosmetics & Fragrance, Inc. (improperly identified
as ULTA Beauty, Inc. and ULTA Beauty)*

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

**Attorneys for Defendants, Erica S. Harrell and ULTA Salon, Cosmetics & Fragrance, Inc.**
**(improperly identified as ULTA Beauty, Inc. and ULTA Beauty)**

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
|                    Plaintiff | PHILADELPHIA COUNTY |
| v. | DECEMBER TERM, 2019 |
| | No:   00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
|                Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
|           Additional Defendants | |

## DEFENDANT'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Defendant, Erica S. Harrell (hereinafter referred to as "Ms. Harrell" or "Moving Defendant"), by and through her undersigned counsel, hereby files the within Preliminary Objections to Plaintiff's Complaint, and in support thereof, aver as follows:

## I.     FACTS AND PROCEDURAL BACKGROUND

1.     Plaintiff initiated this action via a Writ filed on November 27, 2019.

2.     On April 15, 2020, Plaintiff filed a Complaint against Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), and individual defendant, Erica S. Harrell. *See* Plaintiff's Complaint attached hereto as Exhibit "A."

3.     On July 30, 2020, Plaintiff filed an Affidavit of Service stating that Moving Defendant was served via personal service on July 20, 2020.

4.     In her Complaint, Plaintiff alleges on or about May 6, 2018, she was working on a display at the ULTA Store located at 40 Town Center Drive, Collegeville, PA 19426, when a large endcap shelving unit fell on top of her and knocked her backwards causing her to fall to the floor. *See* Exhibit "A."

5.     Plaintiff attempts to set forth a cause of action for negligence against all named Defendants, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), and, individual defendant, Ms. Harrell. *See* Exhibit "A."

6.     As it relates specifically to Moving Defendant, Plaintiff only contends the following: "Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426." *See* Exhibit "A" at ¶4.

7.     Throughout the Complaint, Plaintiff makes references to "Defendant" without specifying which of the defendants Plaintiff is actually referring to.  For instance,

> 6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

Case ID: 191200012
Control No.: 20080634

> 9.  Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store including Plaintiff.
>
> 10.  Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

*See* Exhibit "A" at ¶¶ 6, 9, 10.

8.  Similarly, Plaintiff uses the term "Defendants" throughout the Complaint, and there is no way to understand which of the Defendants (ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) or individual defendant, Ms. Harrell) the allegations refer to. *See* Exhibit "A" at ¶¶ 10, 13a-i,14-18.

9.  Notably, Plaintiff uses the term "Defendants" in paragraphs alleging negligent acts supposedly performed by the same without actually attributing these acts to a specific defendant. For instance,

> 13.  The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the negligence and carelessness of the Defendants, which consisted of the following:
>
> a.  Failing to maintain the shelving unit/endcap of the premises in a safe manner;
>
> b.  Failing to discover and rectify the danger of the broken

3

shelving unit/endcap;

c.  Failing to ensure that the endcap was properly and adequately secured;

d.  Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.  Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.  Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.  Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.  Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises;

i.  Failing to properly inspect the endcap for defective conditions.

*See* Exhibit "A" at ¶ 13a-i.

10.    Additionally, Plaintiff claims throughout the Complaint that *"as a result of Defendants' negligence,"* she has suffered various injuries and harm, such as "concussion, post-traumatic headaches, post-concussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medical meniscus of the left knee requiring surgery and other injuries . . . ." *See* Exhibit "A" at ¶¶ 14–18.

11.    In none of these paragraphs does Plaintiff's Complaint assign any specific negligent conduct to Moving Defendant.

12.    Consequently, Plaintiff's negligence claim against Moving Defendant must fail under Pa. R. Civ. P. 1028(a)(3) and (4), for lack of specificity and failure to state a claim upon which relief can be granted.

## II.    PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(A)(3) FOR LACK OF SPECIFICITY IN A PLEADING.

13.    Moving Defendant hereby incorporates by reference paragraphs 1-12 above as though the same were fully set forth herein at length.

4

14.     Pennsylvania Rule of Civil Procedure No. 1028(a)(2) permits a defendant to move to strike a Complaint because of lack of conformity to law or rule of Court. *See* Pa.R.C.P. No. 1028(a)(2).

15.     Pennsylvania Rule of Civil Procedure No. 1028(a)(3) permits a defendant to move to strike a pleading due to a lack of specificity. *See* Pa.R.C.P. No. 1028(a)(3).

16.     Pennsylvania Rule of Civil Procedure No. 1019(a) requires that "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." *See* Pa.R.C.P. No. 1019.

17.     In a complaint, the facts plead must be "sufficiently specific so as to enable defendants to prepare a defense." *See Loff v. Granville*, 51 Pa. D. & C. 4th 563, 575 (Lackawanna Co. 2001) (citing *Baker v. Rangos*, 229 Pa. Super. 333, 324 A.2d 498 (1974)).

18.     In *Connor v. Allegheny General Hospital*, 461 A.2d 600 (Pa. 1983), the Pennsylvania Supreme Court made it clear that if the defendants did not understand the breadth and depth of the allegations against them, they should file preliminary objections challenging same.

19.     Here, Plaintiff makes non-specific allegations of negligence against Moving Defendant that are objectionable under *Connor* and unsupported by the Complaint.

20.     As it relates specifically to Moving Defendant, Plaintiff only contends the following: "Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426." *See* Exhibit "A" at ¶4.

21.     Throughout the Complaint, Plaintiff makes references to "Defendant" without specifying which of the defendants Plaintiff is actually referring to.  For instance,

> 6. At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.
>
> 9. Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store including Plaintiff.
>
> 10. Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

*See* Exhibit "A" at ¶¶ 6, 9, 10.

22.     Similarly, Plaintiff uses the term "Defendants" throughout the Complaint, without again specifying which of the Defendants she is referring to.

23.     Notably, Plaintiff uses the term "Defendants" in paragraphs alleging acts of negligence supposedly performed by the same without actually attributing them to a specific defendant. For instance,

> 13. The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the negligence and carelessness of the Defendants, which consisted of the following:
>
> a.     Failing to maintain the shelving unit/endcap of the premises in a safe manner;
>
> b.     Failing to discover and rectify the danger of the broken

6

Case ID: 191200012
Control No.: 20080634

shelving unit/endcap;

c.  Failing to ensure that the endcap was properly and adequately secured;

d.  Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.  Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.  Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.  Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.  Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.  Failing to properly inspect the endcap for defective conditions.

*See* Exhibit "A" at ¶ 13.

24.     Plaintiff further claims throughout the Complaint that *"as a result of Defendants' negligence,"* she has suffered various injuries and harm, such as "concussion, post-traumatic headaches, post-concussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medical meniscus of the left knee requiring surgery and other injuries . . . ." *See* Exhibit "A" at ¶¶ 14-18.

25.     In none of these paragraphs does Plaintiff's Complaint assign any specific allegation of negligent conduct to Moving Defendant.

26.     Plaintiff further fails to set forth the factual basis of her conclusory assertions that she was owed a duty, which was breached, by Moving Defendant, Ms. Harrell.

27.     Rather, Plaintiff attempts to "boot strap" her negligence claim against Moving Defendant by only naming her and then referring to "Defendants" and assigning conclusory allegations of negligence against all parties. *See* Exhibit "A."

28.     Moving Defendant's ability to respond to the allegations in the Complaint, as well as prepare a defense, will be severely compromised if Plaintiff's Complaint remains unchanged. *See Baker v. Rangos*, 229 Pa. Super 333, 324 A.2d 498 (1974) (the facts and damages alleged in a complaint must be "sufficiently specific so as to enable defendant to prepare a defense).

**WHEREFORE**, Defendant, Erica S. Harrell, respectfully requests that this Honorable Court grant Moving Defendant's Preliminary Objections and strike Plaintiff's Complaint, with prejudice, for lack of specificity.

**III.    PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(A)(4) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

29.     Moving Defendant hereby incorporates by reference paragraphs 1-28 above as though the same were fully set forth herein at length.

30.     Pursuant to Pa. R. Civ. P. 1028(a)(4), a complaint may be dismissed for failure to state a claim upon which relief can be granted.

31.     Plaintiff both fails to plead a viable cause of action for negligence against Moving Defendant, and Plaintiff fails to state a cause of action against Moving Defendant in her individual capacity.

32.     In order to adequately plead a claim for negligence, a plaintiff must allege the following elements: "1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; 2) failure on the part of the defendant to conform to that standard of conduct, i.e., a breach of duty; 3) a reasonably close causal connection between the breach of duty and the injury sustained; and 4) actual loss or damages that result from the breach." *Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999).

33.     As stated above, Plaintiff's Complaint does not assign any specific allegation of

8

negligent conduct to Moving Defendant.

34. Rather, after setting forth the basic factual predicates of her claims, in which Plaintiff never assigns any negligent acts to the three named defendants, Plaintiff then sets forth conclusory, boilerplate negligence allegations against all parties without specifying which party, if any, committed the acts of negligence. *See* Exhibit "A."

35. Thus, Plaintiff fails to set forth the factual basis of her conclusory assertions that she was owed a duty, which was breached, by Moving Defendant, Ms. Harrell.

36. In addition, "[n]egligence might consist not only of nonfeasance, that is, omitting to do, or not doing, something which ought to be done, which a reasonable and prudent man would do, but also of a misfeasance, that is, the doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it, in either case leading to mischief or injury." *Brindley v. Woodland Village Rest.*, 652 A.2d 865, 869 (Pa. Super. 1995).

37. However, Pennsylvania law has long recognized that pursuant to the participation theory,[1] officers or employees of a corporation cannot be held personally liable for "'mere nonfeasance', i.e. the omission of an act which a person ought to do." *Brindley v. Woodland Restaurant, Inc.*, 652 A.2d 685 (Pa. Super. 1995); *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86 (Pa. 1983); *Leb. Valley Ins. Co. v. Flaxman*, 2017 Pa. Super. Unpub. LEXIS 1174168, *7 (Pa. Super. 2017).

38. In order to "impose liability on a corporate officer pursuant to the participation theory, a plaintiff must establish that the corporate officer engaged in misfeasance." *Leb. Valley*

---

[1] "Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity." *Brindley v. Woodland Vill. Rest.*, 652 A.2d 865, 868 (Pa. Super. 1995) (citing *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 89 (Pa. 1983)).

9

*Ins. Co. v. Flaxman*, 2017 Pa. Super. Unpub. LEXIS 1174168, *7 (Pa. Super. 2017) (internal citation omitted).

39. In *Brindley*, plaintiff sued the owners/employees of a restaurant/corporation, in their individual capacity, after he had sustained personal injuries from slipping and falling on a pool of water while using the restaurant's bathroom. *Brindley v. Woodland Village Rest.*, 652 A.2d 865, 866 (Pa. Super. 1995).

40. Following a bench trial, a verdict was entered in favor of plaintiff and against all defendants. *Id.*

41. On appeal, the Superior Court remanded the matter for a new trial, and held that the owners/employees could not be held personally liable because they did not engage in misfeasance. *Id.* at 866, 869-70.

42. The Superior Court stated that the alleged negligence or inaction that led to the condition which caused plaintiff's injury was plainly more analogous to negligence consisting of nonfeasance, i.e., omitting to do something which ought to be done. *Id.* at 870.

43. In that, the individual employees allegedly neglected their duty to clean and keep safe the restaurant's restroom. *Id.*

44. There was no evidence, however, that the condition existing in the restroom was a result of an active, knowing participation by the individual employees. *Id.*

45. Thus, the owners/employees have not engaged in the evils the participation theory seeks to address to hold them personally liable. *Id.*

46. In the instant action, in subparagraphs of ¶13, Plaintiff's conclusory allegations against Defendants are almost exclusively claims of nonfeasance or their alleged failure to act. *See* Exhibit "A" at ¶ 13.

10

47.     The sole allegation of misfeasance is nothing more than a conclusory statement without any factual support because Plaintiff never alleges that Moving Defendant performed the act. *See* Exhibit "A" at ¶¶ 6,9,10,13-18.

48.     Furthermore, in *Leb. Valley Ins. Co. v. Flaxman*, 2017 Pa. Super. Unpub. LEXIS 1174168, *13 (Pa. Super. 2017), the Court has stated that when a sole allegation is viewed in the context of the Complaint as a whole, which alleges nonfeasance and failure to act, misfeasance has not been pled.

49.     Thus, Plaintiff's conclusory claims that all defendants, including Moving Defendant, engaged in nonfeasance cannot support a negligence claim against Moving Defendant, in her individual capacity, under Pennsylvania law.

50.     In the alternative, all of the conclusory allegations contained in subparagraphs of ¶ 13 against the individual defendant should be disregarded for purposes of determining whether Plaintiff has a adequately pled a claim against the individual Moving Defendant because Plaintiff has not set forth any factual predicate for supporting the allegations, and is in violation of Pa. R. Civ. P. 1019(a).

**WHEREFORE**, Defendant, Erica S. Harrell, respectfully requests that this Honorable Court strike Plaintiff's Complaint against Moving Defendant, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
          SARAH M. BAKER, ESQUIRE
          VAISHNAVI ARSHANAPALLY, ESQUIRE

Date:  August 10, 2020

11

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Attorneys for Defendants, Erica S. Harrell and ULTA Salon, Cosmetics & Fragrance, Inc.*
*(improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY |
| v. | DECEMBER TERM, 2019 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | No:   00012 |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
| Additional Defendants | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

Defendant, Erica S. Harrell (hereinafter referred to as "Ms. Harrell" or "Moving Defendant"), by and through her undersigned counsel, hereby submits the following Memorandum of Law in Support of the Preliminary Objections to Plaintiff's Complaint, and in support thereof, avers as follows:

**I.**   **MATTER BEFORE THE COURT**

Preliminary Objections of Defendant Erica S. Harrell.

## II.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action via a Writ filed on November 27, 2019. On April 15, 2020, Plaintiff filed a Complaint against Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), and individual defendant, Erica S. Harrell. *See* Plaintiff's Complaint attached hereto as Exhibit "A." On July 30, 2020, Plaintiff filed an Affidavit of Service stating that Moving Defendant was served via personal service on July 20, 2020.

In her Complaint, Plaintiff alleges on or about May 6, 2018, she was working on a display at the ULTA Store located at 40 Town Center Drive, Collegeville, PA 19426, when a large endcap shelving unit fell on top of her and knocked her backwards causing her to fall to the floor. *See* Exhibit "A." Plaintiff attempts to set forth a cause of action for negligence against all named Defendants, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), and, individual defendant, Ms. Harrell. *See* Exhibit "A."

As it relates specifically to Moving Defendant, Plaintiff only contends the following: "Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426." *See* Exhibit "A" at ¶4. Throughout the Complaint, Plaintiff makes references to "Defendant" without specifying which of the defendants Plaintiff is actually referring to.  For instance,

6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

9.   Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store including Plaintiff.

2

10. Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

*See* Exhibit "A" at ¶¶ 6, 9, 10.

Similarly, Plaintiff uses the term "Defendants" throughout the Complaint, and there is no way to understand which of the Defendants (ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) or individual defendant, Ms. Harrell) the allegations refer to. *See* Exhibit "A" at ¶¶ 10, 13a-i,14-18. Notably, Plaintiff uses the term "Defendants" in paragraphs alleging negligent acts supposedly performed by the same without actually attributing these acts to a specific defendant. For instance,

13. The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the negligence and carelessness of the Defendants, which consisted of the following:

   a.  Failing to maintain the shelving unit/endcap of the premises in a safe manner;

   b.  Failing to discover and rectify the danger of the broken shelving unit/endcap;

   c.  Failing to ensure that the endcap was properly and adequately secured;

   d.  Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

   e.  Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

   f.  Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

   g.  Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

   h.  Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises;

   i.  Failing to properly inspect the endcap for defective conditions.

3

*See* Exhibit "A" at ¶ 13a-i.

Additionally, Plaintiff claims throughout the Complaint that *"as a result of Defendants' negligence,"* she has suffered various injuries and harm, such as "concussion, post-traumatic headaches, post-concussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medical meniscus of the left knee requiring surgery and other injuries . . . ." *See* Exhibit "A" at ¶¶ 14-18.

In none of these paragraphs does Plaintiff's Complaint assign any specific negligent conduct to Moving Defendant. Consequently, Plaintiff's negligence claim against Moving Defendant must fail under Pa. R. Civ. P. 1028(a)(3) and (4), for lack of specificity and failure to state a claim upon which relief can be granted.

### III.  STATEMENT OF QUESTIONS INVOLVED

1. Whether Plaintiff's Complaint should be stricken as a whole, with prejudice, where Plaintiff has failed to set forth with sufficient specificity her claim of negligence against Defendant, Erica S. Harrell?

    **Suggested Answer:**      **Yes.**

2. Whether Plaintiff's Complaint should be stricken as a whole, with prejudice, where Plaintiff has failed to plead a legally cognizable cause of action for negligence against Defendant, Erica S. Harrell?

    **Suggested Answer:**      **Yes.**

### IV.  LEGAL ARGUMENT

#### A.  PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(A)(3) FOR LACK OF SPECIFICITY IN A PLEADING

Pennsylvania Rule of Civil Procedure No. 1028(a)(2) permits a defendant to move to strike a Complaint because of lack of conformity to law or rule of Court. *See* Pa.R.C.P. No. 1028(a)(2).

4

Pennsylvania Rule of Civil Procedure No. 1028(a)(3) permits a defendant to move to strike a pleading due to a lack of specificity. *See* Pa.R.C.P. No. 1028(a)(3).

Pennsylvania Rule of Civil Procedure No. 1019(a) requires that "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." *See* Pa.R.C.P. No. 1019.

In a complaint, the facts plead must be "sufficiently specific so as to enable defendants to prepare a defense." *See Loff v. Granville*, 51 Pa. D. & C. 4th 563, 575 (Lackawanna Co. 2001) (citing *Baker v. Rangos*, 229 Pa. Super. 333, 324 A.2d 498 (1974)).  In *Connor v. Allegheny General Hospital*, 461 A.2d 600 (Pa. 1983), the Pennsylvania Supreme Court made it clear that if the defendants did not understand the breadth and depth of the allegations against them, they should file preliminary objections challenging same.

Here, Plaintiff makes non-specific allegations of negligence against Moving Defendant that are objectionable under *Connor* and unsupported by the Complaint. As it relates specifically to Moving Defendant, Plaintiff only contends the following: "Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426." *See* Exhibit "A" at ¶4. Throughout the Complaint, Plaintiff makes references to "Defendant" without specifying which of the defendants Plaintiff is actually referring to.  For instance,

> 6.  At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.
>
> 9.  Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store including Plaintiff.

5

Case ID: 191200012
Control No.: 20080634

10. Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

*See* Exhibit "A" at ¶¶ 6, 9, 10.

Similarly, Plaintiff uses the term "Defendants" throughout the Complaint, without again specifying which of the Defendants she is referring to. Notably, Plaintiff uses the term "Defendants" in paragraphs alleging acts of negligence supposedly performed by the same without actually attributing them to a specific defendant. For instance,

13. The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the negligence and carelessness of the Defendants, which consisted of the following:

    a.   Failing to maintain the shelving unit/endcap of the premises in a safe manner;

    b.   Failing to discover and rectify the danger of the broken shelving unit/endcap;

    c.   Failing to ensure that the endcap was properly and adequately secured;

    d.   Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

    e.   Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

    f.   Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

    g.   Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

    h.   Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

    i.   Failing to properly inspect the endcap for defective conditions.

6

*See* Exhibit "A" at ¶ 13.

Plaintiff further claims throughout the Complaint that *"as a result of Defendants' negligence,"* she has suffered various injuries and harm, such as "concussion, post-traumatic headaches, post-concussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medical meniscus of the left knee requiring surgery and other injuries . . . ." *See* Exhibit "A" at ¶¶ 14-18.

In none of these paragraphs does Plaintiff's Complaint assign any specific allegation of negligent conduct to Moving Defendant.  Plaintiff further fails to set forth the factual basis of her conclusory assertions that she was owed a duty, which was breached, by Moving Defendant, Ms. Harrell. Rather, Plaintiff attempts to "boot strap" her negligence claim against Moving Defendant by only naming her and then referring to "Defendants" and assigning conclusory allegations of negligence against all parties.  *See* Exhibit "A."

Moving Defendant's ability to respond to the allegations in the Complaint, as well as prepare a defense, will be severely compromised if Plaintiff's Complaint remains unchanged. *See Baker v. Rangos*, 229 Pa. Super 333, 324 A.2d 498 (1974) (the facts and damages alleged in a complaint must be "sufficiently specific so as to enable defendant to prepare a defense). As such, Plaintiff's Complaint against Moving Defendant must be stricken as a whole, with prejudice.

**B.**     **PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(A)(4) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff both fails to plead a viable cause of action for negligence against Moving Defendant, and Plaintiff fails to state a cause of action against Moving Defendant in her individual capacity.

Pursuant to Pa. R. Civ. P. 1028(a)(4), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In order to adequately plead a claim for negligence, a

7

plaintiff must allege the following elements: "1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; 2) failure on the part of the defendant to conform to that standard of conduct, i.e., a breach of duty; 3) a reasonably close causal connection between the breach of duty and the injury sustained; and 4) actual loss or damages that result from the breach." *Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999).

As stated above, Plaintiff's Complaint does not assign any specific allegation of negligent conduct to Moving Defendant. Rather, after setting forth the basic factual predicates of her claims, in which Plaintiff never assigns any negligent acts to the three named defendants, Plaintiff then sets forth conclusory, boilerplate negligence allegations against all parties without specifying which party, if any, committed the acts of negligence. *See* Exhibit "A." Thus, Plaintiff fails to set forth the factual basis of her conclusory assertions that she was owed a duty, which was breached, by Moving Defendant, Ms. Harrell.

In addition, "[n]egligence might consist not only of nonfeasance, that is, omitting to do, or not doing, something which ought to be done, which a reasonable and prudent man would do, but also of a misfeasance, that is, the doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it, in either case leading to mischief or injury." *Brindley v. Woodland Village Rest.*, 652 A.2d 865, 869 (Pa. Super. 1995). However, Pennsylvania law has long recognized that pursuant to the participation theory,[2] officers or employees of a corporation cannot be held personally liable for "'mere nonfeasance', i.e. the omission of an act which a person ought

---

[2] "Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity." *Brindley v. Woodland Vill. Rest.*, 652 A.2d 865, 868 (Pa. Super. 1995) (citing *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 89 (Pa. 1983)).

to do." *Brindley v. Woodland Restaurant, Inc.*, 652 A.2d 685 (Pa. Super. 1995); *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86 (Pa. 1983); *Leb. Valley Ins. Co. v. Flaxman*, 2017 Pa. Super. Unpub. LEXIS 1174168, *7 (Pa. Super. 2017). In order to "impose liability on a corporate officer pursuant to the participation theory, a plaintiff must establish that the corporate officer engaged in misfeasance." *Leb. Valley Ins. Co. v. Flaxman*, 2017 Pa. Super. Unpub. LEXIS 1174168, *7 (Pa. Super. 2017) (internal citation omitted).

In *Brindley*, plaintiff sued the owners/employees of a restaurant/corporation, in their individual capacity, after he had sustained personal injuries from slipping and falling on a pool of water while using the restaurant's bathroom. *Brindley v. Woodland Village Rest.*, 652 A.2d 865, 866 (Pa. Super. 1995). Following a bench trial, a verdict was entered in favor of plaintiff and against all defendants. *Id.* On appeal, the Superior Court remanded the matter for a new trial, and held that the owners/employees could not be held personally liable because they did not engage in misfeasance. *Id.* at 866, 869-70. The Superior Court stated that the alleged negligence or inaction that led to the condition which caused plaintiff's injury was plainly more analogous to negligence consisting of nonfeasance, i.e., omitting to do something which ought to be done. *Id.* at 870. In that, the individual employees allegedly neglected their duty to clean and keep safe the restaurant's restroom. *Id.* There was no evidence, however, that the condition existing in the restroom was a result of an active, knowing participation by the individual employees. *Id.* Thus, the owners/employees have not engaged in the evils the participation theory seeks to address to hold them personally liable. *Id.*

In the instant action, in subparagraphs of ¶13, Plaintiff's conclusory allegations against Defendants are almost exclusively claims of nonfeasance or their alleged failure to act. *See* Exhibit "A" at ¶ 13. The sole allegation of misfeasance is nothing more than a conclusory statement without any factual support because Plaintiff never alleges that Moving Defendant performed the

9

act. *See* Exhibit "A" at ¶¶ 6,9,10,13-18. Furthermore, in *Leb. Valley Ins. Co. v. Flaxman*, 2017 Pa. Super. Unpub. LEXIS 1174168, *13 (Pa. Super. 2017), the Court has stated that when a sole allegation is viewed in the context of the Complaint as a whole, which alleges nonfeasance and failure to act, misfeasance has not been pled. Thus, Plaintiff's conclusory claims that all defendants, including Moving Defendant, engaged in nonfeasance cannot support a negligence claim against Moving Defendant, in her individual capacity, under Pennsylvania law.

In the alternative, all of the conclusory allegations contained in subparagraphs of ¶ 13 against the individual defendant should be disregarded for purposes of determining whether Plaintiff has a adequately pled a claim against the individual Moving Defendant because Plaintiff has not set forth any factual predicate for supporting the allegations, and is in violation of Pa. R. Civ. P. 1019(a).

## V.   **CONCLUSION**

For all the foregoing reasons, Defendant, Erica S. Harrell, respectfully requests that this Honorable Court strike Plaintiff's Complaint against Moving Defendant, with prejudice, for lack of specificity and failure to state a claim upon which relief can be granted, and enter the attached Order.

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

By:_____
     SARAH M. BAKER, ESQUIRE
     VAISHNAVI ARSHANAPALLY, ESQUIRE
     *Attorneys for Defendants, Erica S. Harrell and*
     *ULTA Salon, Cosmetics & Fragrance, Inc.*
     *(improperly identified as ULTA Beauty, Inc. and*
     *ULTA Beauty)*

Date: August 10, 2020

Case ID: 191200012
Control No.: 20080634

## **VERIFICATION**

I, VAISHNAVI ARSHANAPALLY, ESQUIRE, hereby state that I am the attorney for Defendant, Erica Harrell, in the foregoing matter, and as such am authorized to and do make this Verification on his behalf.   I verify that statements made in the foregoing Defendant's Preliminary Objections and Memorandum of Law in Support of the Preliminary Objections are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements made therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
VAISHNAVI ARSHANAPALLY, ESQUIRE

Date: August 10, 2020

## CERTIFICATE OF SERVICE

I, VAISHNAVI ARSHANAPALLY, ESQUIRE, hereby certify that a true and correct copy of the foregoing Defendant's Preliminary Objections and Memorandum of Law in Support of the Preliminary Objections has been electronically filed with the Court and is available for viewing and downloading from the Electronic Filing System by the following:

**COUNSEL FOR PLAINTIFFS**
Todd M. Sailer, Esquire
FALCON LAW FIRM, LLC
122 E. Court Street, 3rd Floor
Doylestown, PA 18901

By:_____
VAISHNAVI ARSHANAPALLY, ESQUIRE

Date: August 10, 2020

Case ID: 191200012
Control No.: 20080634

# EXHIBIT "A"

Case ID: 191200012
Control No.: 20080634

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
14 APR 2020 12:45 pm
S. ELLICANI

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> LAWYER REFERENCE SERVICE
> Philadelphia Bar
> Association One
> Reading Center
> Philadelphia, PA
> 19107
> (215) 238-1701

## AVISO

Le han demandado a usted en la carte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la carte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la carte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO OSI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA 0 LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
> Filadelfia Bar
> Association One Reading
> Center
> Filadelfia, Pennsylvania 19107
> (215) 238-1701

Case ID: 191200012
Control No.: 20080634

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| **DIANNE COCHRAN** | : | **CASE ID # 191200012** |
| 4 Braxton Court | : | |
| Quakertown, PA 18951 | : | **TERM, 2019** |
| v. | | |
| **ULTA BEAUTY INC.** | : | |
| 1000 Remington Blvd. #120 | | |
| Bolingbrook, IL 60440 | : | **JURY TRIAL DEMANDED** |
| and | | |
| **ULTA BEAUTY** | : | |
| 6164 Carlisle Pike | | |
| Mechanicsburg, PA 17050 | : | |
| and | | |
| **ERICA S. HARRELL** | : | |
| c/o Ulta | | |
| 40 Town Center Drive | : | |
| Collegeville, PA 19426 | : | |

## COMPLAINT

1. Plaintiff, Dianne Cochran, is an adult individual who resides at 4 Braxton Court, Quakertown, PA 18951.

2.   Defendant, Ulta Beauty Inc. is a corporation with an address of 1000 Remington Blvd. #120 Bolingbrook, IL and regularly conducts business within the Commonwealth of Pennsylvania including Philadelphia County.

3.   Defendant Ulta Beauty is a business entity with a registered address of 6164 Carlisle Pike, Mechanicsburg, PA 17050.

4.   Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426.

5.   At all time relevant hereto, Defendants were in exclusive possession, management and control of the Ulta Beauty store located in Collegeville, PA 19426 individually and through its employees who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's store, including the merchandise endcap shelving units.

6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

7.   On or about May 6, 2018, Plaintiff, Dianne Cochran was working on a display at Defendants' store when a large endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing her to fall to the floor.

8.   The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

9.   Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store  including Plaintiff.

10.   Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

11. The aforesaid incident and injuries resulting to the Plaintiff, Dianne Cochran occurred as a result of the negligence and carelessness of the Defendant.

## COUNT I

### PLAINTIFF, DIANNE COCHRAN v. DEFENDANTS

12.   Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

13.   The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the  negligence and carelessness of the Defendants, which consisted of the following:

    a.   Failing to maintain the shelving unit/endcap of the premises in a safe manner;

    b.   Failing to discover and rectify the danger of the broken

shelving unit/endcap;

c.  Failing to ensure that the endcap was properly and adequately secured;

d.  Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.  Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.  Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.  Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.  Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.  Failing to properly inspect the endcap for defective conditions.

14.  At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

15. As a result of the negligence and carelessness of the Defendants,

Plaintiff sustained concussion, post-traumatic headaches, postconcussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medial meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

16. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

17. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

18. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

19.  As a result of the injuries sustained by Plaintiff, she has been forced to  suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Dianne Cochran demands judgment against the

Defendants in an amount in excess of $50,000 together with interest and cost.

FALCON LAW FIRM, LLC

BY: /s/ Todd M. Sailer, Esq.
Todd M. Sailer, Esquire
Attorney for Plaintiffs
AttorneyI.D.#86013

## VERIFICATION

I, Dianne Cochran individually, upon personal knowledge or information and belief, hereby verify that the factual statements made in the foregoing Complaint, are true and correct. The undersigned understands that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

Date 04 | 08 | 2020                     _Dianne Cochran_
                                         Dianne Cochran

Case ID: 191200012
Control No.: 20080634

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:     PRAECIPE - WRIT TO JOIN

               AUGUST 13, 2020 14:39:30

Sequence:   39


File:  1    Cochran - Praecipe to Reinstate Writ to Join Convergence
            Marketing 8-13-20.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

Filed and Attested by the
Office of Judicial Records
13 AUG 2020 02:39 pm
R. SCHREIBER

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No:   00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

Convergence Marketing, Inc.
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Date: August 13, 2020

C.P. 88                                                    WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

vs.                                DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.

No. 00012 _____

TO   Convergence Marketing, Inc.
     7361A Coca Cola Drive
     Hanover, MD 21076


You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)



has  }
have }  joined you as an additional defendant in this action with you are required to defend.




JOSEPH H. EVERS
*Prothonotary*

By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20 __19__ No. __00012__

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


Docket:      PRAECIPE - WRIT TO JOIN

             AUGUST 13, 2020 14:41:13

Sequence:    40

File: 1    Cochran - Praecipe to Reinstate Writ to Join Match
           Converge 8-13-20.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the*
*Office of Judicial Records*
*13 AUG 2020 02:45 pm*
*R. SCHREIBER*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 |
| | No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

### PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

Match Converge
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Date: August 13, 2020

C.P. 88

WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

vs.

DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.

No. 00012 _____

TO   Match Converge
     7361 Coca Cola Drive
     Hanover, Maryland 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has  }
have } joined you as an additional defendant in this action with you are required to defend.

JOSEPH H. EVERS
*Prothonotary*

By _____

10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:     PRAECIPE - WRIT TO JOIN

                 AUGUST 13, 2020 14:42:53

   Sequence:   41

File: 1    Cochran - Praecipe to Reinstate Writ to Join Match
           Marketing Group 8-13-20.pdf

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the*
*Office of Judicial Records*
*13 AUG 2020 02:42 pm*
*R. SCHREIBER*

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN<br><br>                              Plaintiff<br><br>         v.<br><br>ULTA BEAUTY, INC.; ULTA BEAUTY; and<br>ERICA S. HARRELL<br>                          Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DECEMBER TERM, 2019<br>No:   00012 |

### PRAECIPE TO REINSTATE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

      Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to reinstate the attached Writ to Join against:

Match Marketing Group
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

                    Respectfully submitted,
                    BONNER KIERNAN TREBACH & CROCIATA LLP

                    _____
                    SARAH M. BAKER, ESQUIRE
                    VAISHNAVI ARSHANAPALLY, ESQUIRE
                    *Attorneys for Defendant, ULTA Salon, Cosmetics &*
                    *Fragrance, Inc. (improperly identified as ULTA Beauty,*
                    *Inc. and ULTA Beauty)*

Date: August 13, 2020

C.P. 88                                    WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

         vs.

ULTA BEAUTY, INC. et al.

DECEMBER _____ Term, 20_19_____

No. __00012_____

TO    Match Marketing Group
         800 Connecticut Avenue
         3rd Floor East
         Norwalk, CT 06584

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has
have } joined you as an additional defendant in this action with you are required to defend.



JOSEPH H. EVERS
*Prothonotary*

By _____



10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012_____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


   Docket:      ORDER ENTERED/236 NOTICE GIVEN

                SEPTEMBER 8, 2020 10:14:10

   Sequence:   43

File: 1    ORDER_43.pdf

DIANNE COCHRAN

                       Plaintiff

       v.

ULTA BEAUTY, INC.; ULTA BEAUTY; and
ERICA S. HARRELL

                      Defendants

       v.

MATCH MARKETING GROUP; MATCH
CONVERGE; and CONVERGENCE
MARKETING, INC.

             Additional Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

DECEMBER TERM, 2019
No: 00012

*Filed and Attested by the*
*Office of Judicial Records*
*06 DEC 2020 04:31 pm*
*S. RICE*

### ORDER

AND NOW, this **3RD** day of **SEPT**, 2020, upon consideration of

the Preliminary Objections of Defendant, Erica S. Harrell, to Plaintiff's Complaint, and any

response thereto, it is hereby **ORDERED** and **DECREED** that said Preliminary Objections are

**SUSTAINED.** It is further **ORDERED** and **DECREED** that Plaintiff's Complaint as to Erica S.

Harrell is stricken as a whole, and **DISMISSED**, with prejudice.

BY THE COURT:

_____ J.

Case ID: 191200012
Control No.: 20080634

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

    Docket:    AFFIDAVIT OF SERVICE FILED

                   SEPTEMBER 11, 2020 12:11:46

    Sequence:   47

**File:**  1   Cochran - Affidavit of Service of Writ to Join Match
            Converge.pdf

#9638357
10/13/20 03:09 PM

**KIERNAN TREBACH LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA  19103**
**(215) 569-4433**
*sbaker@kiernantrebach.com*
*varshanapally@kiernantrebach.com*

Filed and Attested by the
Office of Judicial Records
11 SEP 2020 12:11 pm
JONES

*Attorneys for Defendants, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty) and Erica S. Harrell*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |
| v. | |
| | |
| MATCH MARKETING GROUP; MATCH | |
| CONVERGE; and CONVERGENCE | |
| MARKETING, INC. | |
| Additional Defendants | |

## AFFIDAVIT OF SERVICE OF WRIT TO JOIN ADDITIONAL DEFENDANT

The undersigned hereby certifies and states that Defendant, ULTA Salon, Cosmetics &

Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby served

the Writ to Join Additional Defendant, Match Converge, at the following address, and in

accordance with Pa. R.C.P. Nos. 403 and 404:

Match Converge
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

A copy of the signed and retuned certified mail card is attached hereto as Exhibit "A".

Respectfully submitted,
KIERNAN TREBACH LLP

_____

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendants, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty) and Erica S. Harrell*

Date: September 11, 2020

# EXHIBIT "A"

Case ID: 191200012

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Match Converge
c/o Apollo Retail Specialists, Inc
4450 East Adamo Drive Suite 501
Tampa, FL 33605

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4980 9063 6204 01

2. Article Number (Transfer from service label)

7017 1000 0000 7436 5209

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _HaC05037 C19_    ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Dixie White                        08/27/20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012


    Docket:      AFFIDAVIT OF SERVICE FILED

                 SEPTEMBER 11, 2020 12:13:12

    Sequence:    46

File:  1    Cochran - Affidavit of Service of Writ to Join
            Convergence Marketing.pdf

#9638357
10/13/20 03:10 PM

**KIERNAN TREBACH LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@kiernantrebach.com*
*varshanapally@kiernantrebach.com*



Filed and Attested by the
Office of Judicial Records
11 SEP 2020 12:13 pm
J. JONES

*Attorneys for Defendants, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) and Erica S. Harrell*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
| Additional Defendants | |

## <u>AFFIDAVIT OF SERVICE OF WRIT TO JOIN ADDITIONAL DEFENDANT</u>

The undersigned hereby certifies and states that Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby served the Writ to Join Additional Defendant, Convergence Marketing, Inc, at the following address, and in accordance with Pa. R.C.P. Nos. 403 and 404:

Convergence Marketing, Inc.
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

A copy of the signed and retuned certified mail card is attached hereto as Exhibit "A".

Respectfully submitted,
KIERNAN TREBACH LLP

_____

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendants, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty) and Erica S. Harrell*

Date: September 11, 2020

# EXHIBIT "A"

Case ID: 191200012

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ☑ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Convergence Marketing, Inc.
c/o Apollo Retail Specialists, Inc.
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4980 9063 6204 18

2. Article Number (Transfer from service label)

7017 1000 0000 7436 5216

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X HACOSO37 CM   ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Dixie White                    08/27/20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

     Docket:     **AFFIDAVIT OF SERVICE FILED**

                       **SEPTEMBER 11, 2020 12:14:18**

    Sequence:   45

**File:** 1    **Cochran - Affidavit of Service of Writ to Join Match Marketing Group.pdf**

zlrppdf 2/27/2013

#9638357

10/13/20 03:11 PM

**KIERNAN TREBACH LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@kiernantrebach.com*
*varshanapally@kiernantrebach.com*

Filed and Attested by the
Office of Judicial Records
11 SEP 2020 12:18 pm
JONES

*Attorneys for Defendants, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty) and Erica S. Harrell*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No:   00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
| Additional Defendants | |

## AFFIDAVIT OF SERVICE OF WRIT TO JOIN ADDITIONAL DEFENDANT

The undersigned hereby certifies and states that Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby served the Writ to Join Additional Defendant, Match Marketing Group, at the following address, and in accordance with Pa. R.C.P. Nos. 403 and 404:

Match Marketing Group
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

A copy of the signed and retuned certified mail card is attached hereto as Exhibit "A".

Respectfully submitted,
KIERNAN TREBACH LLP

_____

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendants, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty) and Erica S. Harrell*

Date: September 11, 2020

# EXHIBIT "A"

Case ID: 191200012

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Match Marketing Group
c/o Apollo Retail Specialists, Inc
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

9590 9402 4980 9063 6202 41

2. Article Number (Transfer from service label)

7017 1000 0000 7436 5186

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X HMC 05037 CA
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
Dixie White        08/27/20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

Case ID: 191200012

COCHRAN VS ULTA BEAUTY INC. ETAL

191200012

Docket:      NOT OF REMOVAL TO US DIST CT

             OCTOBER 9, 2020 15:34:25

Sequence:    49

File: 1   Cochran - Notice of Removal filed with CCP.pdf

**KIERNAN TREBACH LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@kiernantrebach.com*
*varshanapally@kiernantrebach.com*



*Filed and Attested by the*
*Office of Judicial Records*
*09 OCT 2020 03:34 pm*
*E. STROMAN*

*Attorneys for Defendants, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY |
| v. | DECEMBER TERM, 2019 |
| ULTA BEAUTY, INC.; ULTA BEAUTY | No:   00012 |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH | |
| CONVERGE; and CONVERGENCE | |
| MARKETING, INC. | |
| Additional Defendants | |

## NOTICE OF REMOVAL

TO THE PROTHONOTARY:

PLEASE TAKE NOTICE that Defendants, ULTA Salon, Cosmetics & Fragrance, Inc.

(improperly identified as ULTA Beauty, Inc. and ULTA Beauty) by and through their counsel,

KIERNAN TREBACH LLP, and pursuant to 28 U.S.C. §1332, have removed this matter in its

entirety to the United States District Court for the Eastern District of Pennsylvania, Civil Action

No.: 2:20-cv-04997-AB.  A copy of Defendant's Notice of Removal filed with United States

District Court for the Eastern District of Pennsylvania is attached hereto as Exhibit "A."

KIERNAN TREBACH LLP

By:_____

    SARAH M. BAKER, ESQUIRE
    *Attorneys for Defendants, ULTA Salon,*
    *Cosmetics & Fragrance, Inc. (improperly*
    *identified as ULTA Beauty, Inc. and ULTA*
    *Beauty)*

Dated: October 9, 2020

# EXHIBIT "A"

Case ID: 191200012

Case 2:20-cv-04997-AB   Document 1   Filed 10/08/20   Page 1 of 14

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dianne Cochran

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Todd Sailer, Esq
122 E. Court Street, Doylestown, PA

## DEFENDANTS
Ulta Beauty, Inc.; Ulta Beauty
Match Marketing Group; Match Converge; Convergence Marketing, Inc.

County of Residence of First Listed Defendant   Will County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Sarah Baker (Counsel for Ulta Beauty, Inc. and Ulta Beauty) - Kiernan Trebach, Ten Penn Center, Suite 770, 1801 Market St, Philadelphia, PA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ◻ 1  U.S. Government Plaintiff
- ◻ 2  U.S. Government Defendant
- ◻ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ◻ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane   ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal | ◻ 376 Qui Tam (31 USC |
| ◻ 130 Miller Act | ◻ 315 Airplane Product     Product Liability | | 28 USC 157 | 3729(a)) |
| ◻ 140 Negotiable Instrument | Liability   ◻ 367 Health Care/ | | | ◻ 400 State Reapportionment |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers'     Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted | Liability   ◻ 368 Asbestos Personal | | ◻ 835 Patent - Abbreviated | ◻ 460 Deportation |
| Student Loans | ◻ 340 Marine     Injury Product | | New Drug Application | ◻ 470 Racketeer Influenced and |
| (Excludes Veterans) | ◻ 345 Marine Product     Liability | | ◻ 840 Trademark | Corrupt Organizations |
| ◻ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| of Veteran's Benefits | ◻ 350 Motor Vehicle   ◻ 370 Other Fraud | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | ◻ 485 Telephone Consumer |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle   ◻ 371 Truth in Lending | Act | ◻ 862 Black Lung (923) | Protection Act |
| ◻ 190 Other Contract | Product Liability   ◻ 380 Other Personal | ◻ 720 Labor/Management | ◻ 863 DIWC/DIWW (405(g)) | ◻ 490 Cable/Sat TV |
| ◻ 195 Contract Product Liability | ☒ 360 Other Personal     Property Damage | Relations | ◻ 864 SSID Title XVI | ◻ 850 Securities/Commodities/ |
| ◻ 196 Franchise | Injury   ◻ 385 Property Damage | ◻ 740 Railway Labor Act | ◻ 865 RSI (405(g)) | Exchange |
| | ◻ 362 Personal Injury -     Product Liability | ◻ 751 Family and Medical | | ◻ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | | ◻ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ◻ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ◻ 893 Environmental Matters |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights   **Habeas Corpus:** | ◻ 791 Employee Retirement | ◻ 870 Taxes (U.S. Plaintiff | ◻ 895 Freedom of Information |
| ◻ 220 Foreclosure | ◻ 441 Voting   ◻ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment   ◻ 510 Motions to Vacate | | ◻ 871 IRS—Third Party | ◻ 896 Arbitration |
| ◻ 240 Torts to Land | ◻ 443 Housing/     Sentence | | 26 USC 7609 | ◻ 899 Administrative Procedure |
| ◻ 245 Tort Product Liability | Accommodations   ◻ 530 General | | | Act/Review or Appeal of |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities -   ◻ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment   **Other:** | ◻ 462 Naturalization Application | | ◻ 950 Constitutionality of |
| | ◻ 446 Amer. w/Disabilities -   ◻ 540 Mandamus & Other | ◻ 465 Other Immigration | | State Statutes |
| | Other   ◻ 550 Civil Rights | Actions | | |
| | ◻ 448 Education   ◻ 555 Prison Condition | | | |
| | ◻ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ◻ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ◻ 3 Remanded from Appellate Court
- ◻ 4 Reinstated or Reopened
- ◻ 5 Transferred from Another District *(specify)*
- ◻ 6 Multidistrict Litigation - Transfer
- ◻ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Person Injury Action

## VII. REQUESTED IN COMPLAINT:

◻  CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ◻ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/08/2020

SIGNATURE OF ATTORNEY OF RECORD
*Sarah A. M. Baker*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case ID: 191200012

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case ID: 191200012

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **4 Braxton Court, Quakertown, PA**

Address of Defendant: **1000 Remington Boulevard, Suite 120, Bolingbrook, Illinois**

Place of Accident, Incident or Transaction: **40 Town Center Drive, Suite 2, Collegeville, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/02/2020**   *Sarah M. Bockel* (Attorney-at-Law / Pro Se Plaintiff)   **206536** (Attorney I.D. # (if applicable))

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* Premises Liability
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____   (Attorney-at-Law / Pro Se Plaintiff)   (Attorney I.D. # (if applicable))

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

Case ID: 191200012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Dianne Cochran** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **Ulta Beauty, Inc., et al.** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (**X**)

---

| **10-08-2020** | **Sarah M. Baker, Esq.** | **Defendants, Ulta Beauty, Inc. and** |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for    Ulta Beauty** |
| **215-569-4433** | **215-569-4434** | **sbaker@kiernantrebach.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

Case ID: 191200012

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)   .          The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)          In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)          The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)          Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)          Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

Case ID: 191200012

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANNE COCHRAN <br><br>         Plaintiff <br><br>    v. <br><br> ULTA BEAUTY, INC.; ULTA BEAUTY <br>          Defendants <br><br>    v. <br><br> MATCH MARKETING GROUP; MATCH <br> CONVERGE; and CONVERGENCE <br> MARKETING, INC. <br>        Additional Defendants | Civil Action No. |

## NOTICE OF REMOVAL OF DEFENDANTS, ULTA BEAUTY, INC. AND ULTA BEAUTY (PROPERLY IDENTIFIED AS "ULTA SALON, COSMETICS & FRAGRANCE, INC.")

Defendants, ULTA Beauty, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), by and through their undersigned counsel, KIERNAN TREBACH LLP, and pursuant to 28 U.S.C. §§1441 and 1332, hereby remove to this Court an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania. The grounds for this Removal are set forth below:

     1.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of Defendants, ULTA Beauty, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

     2.    Plaintiff initiated this action via a Writ filed on November 27, 2019. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Writ is attached hereto and incorporated herein as Exhibit "A."

3.      Plaintiff then filed a Complaint on April 15, 2020, in the Court of Common Pleas of Philadelphia County captioned "Dianne Cochran v. ULTA Beauty, Inc.; ULTA Beauty; and, Erica S. Harrell" at December Term, 2019, No. 00012. A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "B."

4.      Plaintiff, Dianne Cochran, avers in the Complaint that her principal residence is located at 4 Braxton Court, Quakertown, Pennsylvania 18951. *See* Exhibit "A" at ¶ 1.

5.      Plaintiff named the following Defendants in her Complaint: ULTA Beauty, Inc.; ULTA Beauty; and, Erica S. Harrell, who is a citizen of the state of Pennsylvania. *See* Exhibit "B."

6.      Pursuant to an Order dated September 3, 2020, Judge Daniel J. Anders dismissed all claims against Erica Harrell, with prejudice. A true and correct copy of the Order and Notice is attached hereto as Exhibit "C."

7.      The Order dated September 3, 2020 was not docketed by the Court of Common Pleas of Philadelphia County until September 9, 2020, and was therefore served on counsel via the electronic filing system on that date. *See* Exhibit "C."

8.      Pursuant to 28 U.S.C. 1446 (b)(3), "if the case stated by the initial pleading is not removable, <u>a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable</u>."

9.      Accordingly, Defendants, ULTA Beauty, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), timely file the instant Notice of Removal, as Defendant Erica S. Harrell has been dismissed from this action.

10.     As to the remaining named defendants, ULTA Beauty, Inc., is a Delaware corporation, with its principal place of business located at 1000 Remington Boulevard, Suite 1200, Bolingbrook, Illinois. *See* Affidavit of Jaclyn Kaczmarek, Esq. attached hereto as Exhibit "D."

11.     At all times material hereto, ULTA Beauty, Inc. did not own and/or operate the ULTA store that is the subject of this lawsuit, located at 40 Town Center Drive, Suite 2, Collegeville, Pennsylvania. *See* Exhibit "D."

12.     Defendant, ULTA Beauty, is a ficitious name owned by ULTA Salon, Cosmetics and Fragrance, Inc., and registered in the Commonwealth of Pennsylvania. *See* Exhibit "D."

13.     Pursuant to 28 U.S. Code § 1441(b)(1), the citizenship of a defendant sued under fictitious names shall be disregarded.

14.     At all times material hereto, ULTA Salon, Cosmetics & Fragrance, Inc. is the proper defendant, and owned and operated the ULTA store that is the subject of this lawsuit, located at 40 Town Center Drive, Suite 2, Collegeville, Pennsylvania. *See* Exhibit "D."

15.     ULTA Salon, Cosmetics & Fragrance, Inc. is a Delaware corporation with a principal place of business located at 1000 Remington Boulevard, Bolingbrook, Illinois, 60440. *See* Exhibit "D."

16.     On or about June 12, 2020, Defendants, ULTA Beauty, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), joined the following Additional Defendants to the action via Writ: Convergence Marketing, Inc.; Match Converge; and Match Marketing. *See* a true and correct copy of the Writs attached hereto and incorporated herein as Exhibit "E."

17.    Upon information and belief, Additional Defendant, Convergence Marketing, Inc., is a Delaware corporation with its principal place of business located at 7361A Coca Cola Drive, Hanover, Maryland 21076. *See* Master Independent Contractor Agreement with Convergence Marketing, Inc. attached hereto as Exhibit "F."

18.    Upon information and belief, Additional Defendant, Match Converge, has a principal place of business located at 7361A Coca Cola Drive, Hanover, Maryland 21076. *See* Match Converge (Formerly Convergence Marking) Headquarters Location attached hereto as Exhibit "G."

19.    Upon information and belief, Match Converge is not a citizen of the Commonwealth of Pennsylvania. *See* Pennsylvania Department of State Business Entity Search for Match Converge showing no results attached hereto as Exhibit "H."

20.    Upon information and belief, Additional Defendant, Match Marketing Group, has a principal place of business located at one of the following addresses: 800 Connecticut Avenue, 3rd Floor East, Norwalk, CT 06584; 4422A Rue Louis-B.-Mayer Laval, Québec H7P0G1; 3020 Carbon Place, Suite 300, Boulder, Colorado 80301; 5225 Satellite Drive, Mississauga, Ontario L4W5P9.  *See* printout of Match Marketing Group Locations from MatchMG.com attached hereto as Exhibit "I."

21.    Upon information and belief, Match Marketing Group is not a citizen of the Commonwealth of Pennsylvania. *See* Pennsylvania Department of State Business Entity Search for Match Marketing Group showing no results attached hereto as Exhibit "J."

22.    The general removal statute, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court" over which federal district courts have original jurisdiction,

through federal question or diversity of citizenship, may be removed by "the <u>defendant or the</u> <u>defendants</u>." *See* 28 U.S.C. § 1441(a) (emphasis added).

        23.     In order to remove, a "defendant or defendants" must meet the requirements provided for removal detailed in other provisions, such as diversity of citizenship and consent of all defendants who have been properly joined and served. *See* 28 U.S.C. § 1441(b)(2) and 1446 (b)(2)(A), respectively.

        24.     Here, the aforementioned Additional Defendants do not destroy diversity of citizenship as required by 28 U.S.C. §1332 because Plaintiff is a citizen of Pennsylvania and Additional Defendants are not citizens of Pennsylvania (Convergence Marketing, Inc. - Citizen of Delaware and Maryland; Match Converge – Citizen of Maryland; and, Match Marketing Group- Citizen of either a foreign state, Canada, or Connecticut or Colorado).

        25.     Additionally, 28 U.S.C. § 1446 (b)(2)(A), which requires consent of "all defendants who have been properly joined and served," is not applicable here because third-party defendants, Convergence Marketing, Inc.; Match Converge; and Match Marketing, are not included within the definition of "defendant or defendants." *See* 28 U.S.C. § 1446 (b)(2)(A); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019)

        26.     In *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019), the U.S. Supreme Court held that third-party defendants cannot remove an action to Federal District Court because "third-party defendants" are not included within the definition of "defendant or defendants" who can remove. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019) (Neither 28 U.S.C.S § 1441(a), which generally governed removal of civil action from state court to Federal District Court, nor Class Action Fairness Act of 2005's removal provision (28

U.S.C.S. § 1453(b)), which permitted removal by "any defendant" to class action, permitted removal by third-party counterclaim defendant.)

27.    In so holding, the U.S. Supreme Court reasoned that if third-party defendants were included within the definition of "defendants" in 28 U.S.C. § 1446 (b)(2)(A), then the statute could be read to require consent from the third-party defendants, the original plaintiff (as a counterclaim defendant), and the original defendants asserting claims against them and require courts to determine when the original defendant is also a "plaintiff" under other statutory provisions. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019).

28.    The U.S. Supreme Court concluded that "instead of venturing down this part, we hold that third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *See Id.*

29.    Based upon the averments contained in Plaintiff's Complaint and Plaintiff's demand in her Case Management Conference Memorandum seeking Defendants' "policy limits," the amount in controversy in this action which includes the costs of indemnity for any adverse judgment against Defendants, ULTA Beauty, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), exceeds $75,000, exclusive of interests and costs. *See* Plaintiff's Case Management Conference Memorandum attached hereto as Exhibit "K."

30.    Specifically, Plaintiff alleges in her Complaint that she sustained "concussion, post-traumatic headaches, post-concussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medical meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock," and is "unable to

attend to her usual duties and occupations, and has suffered severe physical pain and mental anguish." *See* Exhibit "A," at ¶¶ 15 -19.

31.    Plaintiff further claims loss of earnings and impairment of her earning capacity and power. *See* Exhibit "A," at ¶¶ 15 -19.

32.    Pursuant to 28 U.S.C. §§ 1332(a), and 1441(a), this Court possesses original jurisdiction of this action because the amount in controversy exceeds $75,000 and because this action is between citizens of different states. That is, Plaintiff is diverse from Defendants. Moreover, Defendants are not citizens of the State of Pennsylvania, where the original action was filed. Further, the Eastern District of Pennsylvania embraces Philadelphia County, where the current action is pending in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania.

33.    For the aforementioned reasons, this lawsuit is properly removable from Pennsylvania State Court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446(b) .

34.    Defendants, ULTA BEAUTY, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), expressly reserve the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

35.    A true and correct copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County Court of Common Pleas, as provided by 28 U.S.C. § 1446(d).

36.    Written Notice of the filing of this Notice of Removal will be given to all served parties as required by 28 U.S.C. § 1446(d).

37.     No admission of fact, law or liability is intended by this Notice of

Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendants,

ULTA Beauty, Inc. and ULTA Beauty (properly identified as "ULTA Salon, Cosmetics &

Fragrance, Inc.").

WHEREFORE, Defendants, ULTA Beauty, Inc. and ULTA Beauty (properly

identified as "ULTA Salon, Cosmetics & Fragrance, Inc."), hereby remove the above-captioned

action, which is now pending in the Court of Common Pleas of Philadelphia County,

Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

**KIERNAN TREBACH LLP**

Date: October 8, 2020          BY:    _____
                                      SARAH M. BAKER, ESQUIRE
                                      Attorney ID No. 023982007
                                      Ten Penn Center Plaza, Suite 770
                                      1801 Market Street
                                      Philadelphia, PA 19103
                                      Tel.: (215)569-4433
                                      Fax: (215)569-4434
                                      *Attorney for Defendants, ULTA Beauty, Inc. and
                                      ULTA Beauty (properly identified as "ULTA Salon,
                                      Cosmetics & Fragrance, Inc.")*

Case ID: 191200012

## CERTIFICATE OF SERVICE

I, Sarah M. Baker, Esquire, hereby certify that a copy of NOTICE OF REMOVAL OF

DEFENDANTS, ULTA BEAUTY, INC. AND ULTA BEAUTY (PROPERLY IDENTIFIED

AS "ULTA SALON, COSMETICS & FRAGRANCE, INC.") was served via Email and/or U.S.

Mail, this  8th day of October, 2020 upon the following:

**COUNSEL FOR PLAINTIFF**
Todd M. Sailer, Esquire
FALCON LAW FIRM, LLC
122 E. Court Street, 3rd Floor
Doylestown, PA 18901

Match Marketing Group
c/o Apollo Retail Specialists, Inc.
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

Match Converge
c/o Apollo Retail Specialists, Inc.
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

Convergence Marketing, Inc.
c/o Apollo Retail Specialists, Inc.
4450 East Adamo Drive, Suite 501
Tampa, FL 33605

**KIERNAN TREBACH LLP**

BY: _____
SARAH M. BAKER, ESQUIRE

# EXHIBIT "A"

Case ID: 191200012

Todd M. Sailer, Esquire
Falcon Law Firm, LLC
I.D. #86013
122 E. Court Street, Doylestown, PA 18901
Tel: (215) 360-3880

*Filed and Attested by the Office of Judicial Records ... pm*

*Attorney for Plaintiff*

| | |
|---|---|
| **DIANNE COCHRAN** : | |
| 4 Braxton Court : | PHILADELPHIA COUNTY |
| Quakertown, PA 18951 : | COURT OF COMMON PLEAS |
| : | TRIAL DIVISION |
| **v.** | |
| **ULTA BEAUTY, INC.** : | NO: |
| 1000 Remington Blvd. #120 : | _____ TERM, 20___ |
| Bolingbrook, IL 60440 | |
| and : | |
| **ULTA BEAUTY** | |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 : | |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in the above-captioned matter.

Falcon Law Firm, LLC


By:  /s/ Todd M. Sailer, Esq.
Attorney I.D. #86013
Attorney for Plaintiff

Summons
Citacion

# Commonwealth of Pennsylvania
### COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
27 NOVEMBER 2019 05:56 pm

DIANNE COCHRAN
*Plaintiff*

COURT OF COMMON PLEAS

_____Term, 20_____

vs.

No._____

ULTA BEAUTY, INC. AND ULTA BEAUTY
*Defendant*

To[1]

ULTA BEAUTY INC. and ULTA

BEAUTY

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

DIANNE COCHRAN

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____

10-208 (Rev. 6/14)

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 191200012
Case ID: 191200012

# Court of Common Pleas

_____ Term, 20 _____

No. _____

DIANNE COCHRAN
_Plaintiff_

vs.

ULTA BEAUTY, INC. AND ULTA BEAUTY
_Defendant_

# SUMMONS

**Todd M. Sailer, Esquire**
**Falcon Law Firm, LLC**
**I.D. #86013**
**122 E. Court Street, Doylestown, PA 18901**
**Tel: (215) 360-3880**

Filed and Asserted by the
Office of Judicial Records
*Attorney for Plaintiff*

| | | |
|---|---|---|
| **DIANNE COCHRAN** | : | |
| 4 Braxton Court | : | PHILADELPHIA COUNTY |
| Quakertown, PA 18951 | : | COURT OF COMMON |
| PLEAS | | |
| | : | TRIAL DIVISION |
| v. | | |
| | | |
| **ULTA BEAUTY, INC.** | : | NO: |
| 1000 Remington Blvd. #120 | : | _____ TERM, 20___ |
| Bolingbrook, IL 60440 | | |
| and | : | |
| **ULTA BEAUTY** | | |
| 6164 Carlisle Pike | | |
| Mechanicsburg, PA 17050 | : | |

### Plaintiff's Interrogatories to Defendant in Aid of Filing A Complaint

Plaintiff(s) by their attorneys, Todd M. Sailer and Falcon Law Firm, LLC, hereby propound the following Interrogatories under and pursuant to the discovery rules of Pennsylvania Rules of Civil Procedure. These Interrogatories are deemed to continuing so as to require that information secured subsequent to the filing of answers hereto, which would have been includable in the answers had it been known or available, be supplied by supplemental answers.

These Interrogatories must be answered separately and fully by you in the space provided in writing under oath, or if insufficient space is provided, then in writing under oath on a supplemental sheet.

7. Please produce any written agreements, correspondence, or other documents between defendant and any other person or entity regarding the installation, maintenance, and/or repair of the nail polish display at Defendant's Collegeville store on and before May 6, 2018.

**FALCON LAW FIRM, LLC.**

BY: /s/ Todd M. Sailer

Todd M. Sailer, Esquire
Attorney for Plaintiff
Attorney I.D. #86013

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2019**

E-Filing Number: 1911062392

**000012**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DIANNE COCHRAN | ULTA BEAUTY INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4 BRAXTON COURT<br>QUAKERTOWN PA 18951 | 1000 REMINGTON BLVD #120<br>BOLINGBROOK IL 60440 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ULTA BEAUTY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 6164 CARLISLE PIKE<br>MECHANICSBURG PA 17050 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce ☐ Settlement<br>☐ Minor Court Appeal ☐ Minors<br>☐ Statutory Appeals ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| **FILED**<br>**PRO PROTHY**<br><br>NOV 27 2019<br><br>A. SILIGRINI | | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>DIANNE COCHRAN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| TODD M. SAILER | FALCON LAW FIRM LLC<br>122 E. COURT STREET |
| **PHONE NUMBER**<br>(267)838-2016 | **FAX NUMBER**<br>(215)345-6487 | 3RD FLOOR<br>DOYLESTOWN PA 18901 |
| SUPREME COURT IDENTIFICATION NO.<br>86013 | E-MAIL ADDRESS<br>t.sailer@FALCONLAWFIRM.COM |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*TODD SAILER* | DATE SUBMITTED<br>Wednesday, November 27, 2019, 01:06 pm |

Case ID: 191200012

# EXHIBIT "B"

Case ID: 191200012

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880



Filed and Attested by the
Office of Judicial Records
14 APR 2020 12:45 pm
S. HIGGINS

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | |
|---|---|
| **DIANNE COCHRAN** | : **CASE ID # 191200012** |
| 4 Braxton Court | : |
| Quakertown, PA 18951 | : **TERM, 2019** |
| v. | |
| | |
| **ULTA BEAUTY INC.** | : |
| 1000 Remington Blvd. #120 | |
| Bolingbrook, IL 60440 | : **JURY TRIAL DEMANDED** |
| and | |
| **ULTA BEAUTY** | : |
| 6164 Carlisle Pike | |
| Mechanicsburg, PA 17050 | : |
| and | |
| **ERICA S. HARRELL** | : |
| c/o Ulta | |
| 40 Town Center Drive | : |
| Collegeville, PA 19426 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER  REFERENCE SERVICE
Philadelphia Bar
Association One
Reading Center
Philadelphia, PA
19107
(215) 238-1701

## AVISO

Le han demandado a usted en la carte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazao al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la carte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la carte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con toas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO OSI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN  PERSONA  0 LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Filadelfia Bar
Association One Reading
Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street
Doylestown, PA 18901
Tel: 215-360-3880

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| **DIANNE COCHRAN** | **:** | **CASE ID # 191200012** |
| 4 Braxton Court | : | |
| Quakertown, PA 18951 | : | **TERM, 2019** |
| v. | | |
| | | |
| **ULTA BEAUTY INC.** | **:** | |
| 1000 Remington Blvd. #120 | | |
| Bolingbrook, IL 60440 | : | **JURY TRIAL DEMANDED** |
| and | | |
| **ULTA BEAUTY** | **:** | |
| 6164 Carlisle Pike | | |
| Mechanicsburg, PA 17050 | : | |
| and | | |
| **ERICA S. HARRELL** | **:** | |
| c/o Ulta | | |
| 40 Town Center Drive | : | |
| Collegeville, PA 19426 | : | |

## COMPLAINT

    1. Plaintiff, Dianne Cochran, is an adult individual who resides at 4 Braxton Court, Quakertown, PA 18951.

2.   Defendant, Ulta Beauty Inc. is a corporation with an address of 1000 Remington Blvd. #120 Bolingbrook, IL and regularly conducts business within the Commonwealth of Pennsylvania including Philadelphia County.

3.   Defendant Ulta Beauty is a business entity with a registered address of 6164 Carlisle Pike, Mechanicsburg, PA 17050.

4.   Defendant, Erica S. Harrell is an adult individual and resident of the Commonwealth of Pennsylvania and at all times relevant hereto was the manager of the Ulta store located at 40 Town Center Drive Collegeville PA 19426.

5.   At all time relevant hereto, Defendants were in exclusive possession, management and control of the Ulta Beauty store located in Collegeville, PA 19426 individually and through its employees who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's store, including the merchandise endcap shelving units.

6.   At all times relevant hereto, Defendant failed to maintain and keep its premises in a reasonably safe condition.

7.   On or about May 6, 2018, Plaintiff, Dianne Cochran was working on a display at Defendants' store when a large endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing her to fall to the floor.

8.   The carelessness and negligence of the Defendants caused Plaintiff to sustain serious injuries which will be set forth in greater detail herein.

9.   Defendant as owner and operator of the business located in Collegeville Pennsylvania owed a duty to keep the premises of the property, including the endcap in a reasonably safe condition for use by persons at the store  including Plaintiff.

10.   Defendants violated this duty owed, including to the Plaintiff, in that Defendant negligently and carelessly failed to maintain the endcap and permitted a dangerous condition to exist. Defendant knew this condition had existed for some time prior to the accident, and Defendant had, or should have had, due notice of this condition. Defendant knew or should have known this condition posed a danger to persons present at the premises.

11. The aforesaid incident and injuries resulting to the Plaintiff, Dianne Cochran occurred as a result of the negligence and carelessness of the Defendant.

## COUNT I

## PLAINTIFF, DIANNE COCHRAN v. DEFENDANTS

12.   Plaintiff incorporates by reference all the allegations of this Complaint as though the same were fully set forth at length herein.

13.   The aforesaid incident and injuries resulting to the Plaintiff occurred as a result of the  negligence and carelessness of the Defendants, which consisted of the following:

    a.   Failing to maintain the shelving unit/endcap of the premises in a safe manner;

    b.   Failing to  discover  and  rectify  the  danger  of  the  broken

shelving unit/endcap;

c.  Failing to ensure that the endcap was properly and adequately secured;

d.  Failing to warn Plaintiff regarding the dangerous condition caused by the broken shelving unit/endcap in the area where the incident occurred;

e.  Failing to take proper precautions to remedy the dangerous condition of the broken shelving unit/endcap in the area where the incident occurred;

f.  Failing to use reasonable care to keep their business premises and, in particular, the endcap a safe condition;

g.  Failing to make a reasonable inspection of the area which would have revealed the existence of the dangerous condition posed by the broken shelving unit/endcap in the area where the incident occurred;

h.  Allowing the broken endcap to continue to exist when Defendants knew, or in the exercise of reasonable care should have known, that the condition created an unreasonable risk of harm to visitors of the premises.

i.  Failing to properly inspect the endcap for defective conditions.

14.    At all times relevant hereto, Plaintiff, despite the exercise of reasonable care, could not protect herself against the dangerous condition created by the Defendants.

15. As a result of the negligence and carelessness of the Defendants,

Plaintiff sustained concussion, post-traumatic headaches, postconcussional syndrome, brain aneurysm, brain hemorrhage, cervical radiculopathy, lumbar radiculopathy, cervicalgia, peripheral tear of the medial meniscus of the left knee requiring surgery and other injuries, which are permanent in nature and have caused Plaintiff pain and suffering and severe nervous shock.

16. Solely as a result of Defendants' negligence, Plaintiff was forced to bear extensive medical expenses in the treatment of her injuries, which expenses will continue for an indefinite time in the future.

17. Solely as a result of Defendants' negligence, Plaintiff has or may suffer a severe loss of earnings and an impairment of her earning capacity and power.

18. Solely as a result of Defendants' negligence, Plaintiff was unable to attend to her usual duties and occupations or life's pleasures for a substantial period of time, and may be unable to attend to the aforesaid duties and occupations for an indefinite time in the future.

19.    As a result of the injuries sustained by Plaintiff, she has been forced to  suffer severe physical pain and mental anguish and may be forced to undergo physical pain and mental anguish for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Dianne Cochran demands judgment against the

Defendants in an amount in excess of $50,000 together with interest and cost.


**FALCON LAW FIRM, LLC**


**BY: /s/ Todd M. Sailer, Esq.**
**Todd M. Sailer, Esquire**
**Attorney for Plaintiffs**
**AttorneyI.D.#86013**



**VERIFICATION**

I, Dianne Cochran, individually, upon personal knowledge or information and belief, hereby verify that the factual statements made in the foregoing Complaint, are true and correct. The undersigned understands that false statements herein are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

Date 04/08/2020

Dianne Cochran

# EXHIBIT "C"

Case ID: 191200012

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and ERICA S. HARRELL | |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
| Additional Defendants | |

*Filed and Attested by the Office of Judicial Records 10 AUG 2020 01:11 pm RICE*

**ORDER**

**AND NOW**, this **3RD** day of **SEPT**, 2020, upon consideration of

the Preliminary Objections of Defendant, Erica S. Harrell, to Plaintiff's Complaint, and any

response thereto, it is hereby **ORDERED** and **DECREED** that said Preliminary Objections are

**SUSTAINED.** It is further **ORDERED** and **DECREED** that Plaintiff's Complaint as to Erica S.

Harrell is stricken as a whole, and **DISMISSED**, with prejudice.

BY THE COURT:

_____ J.

## Lora Crossley

| | |
|---|---|
| **From:** | cp-efiling@courts.phila.gov |
| **Sent:** | Wednesday, September 09, 2020 9:36 PM |
| **To:** | lcrossley@kiernantrebach.com |
| **Subject:** | Notice of order on Case #191200012 |

 The Philadelphia Courts
Electronic Filing System

Dear Vaishnavi Arshanapally,

A legal paper, which requires notice pursuant to Pa. R.C.P. 236 and/or
Pa. R.C.P. 1307, has been entered by the Court in the following matter:

Caption:
COCHRAN VS ULTA BEAUTY INC. ETAL
Case Number: 191200012

Date of Entry on Docket:
September 08, 2020 10:14 am EDT/DST

Type of Legal Paper:
ORDER ENTERED/236 NOTICE GIVEN

You may retrieve the legal paper, and any related document(s), by
copying and pasting the following web address(es) into your browser
or by clicking the link(s) below to view the related documents(s).
Each link represents a separate document entered in connection with
this matter. Utilizing the link(s) below will only display the actual
document(s). You will not be logged into the court's electronic
filing system.


ORDER_43.pdf
https://fjdefile.phila.gov/efsfjd/zk_ealib.open_doc?h=w45qgs0juD2CH2Jk


THANK YOU,

ERIC FEDER
DEPUTY COURT ADMINISTRATOR
DIRECTOR, OFFICE OF JUDICIAL RECORDS


D I S C L A I M E R
-----------------------------------------------------------------
The First Judicial District will use your electronic mail address

1

Case ID: 191200012

and other personal information only for purposes of Electronic
Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil
*Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment
that the user has read the Electronic Filing Rules and Disclaimer
and agrees to comply with same.

-------------------------------------------------------------------

This is an automated e-mail, please do not respond!

## Notice of Language Rights



Language Access Coordinator
Land Title Building, 2nd Floor, 100 South Broad Street, Philadelphia, PA, 19110
Elizabeth McCarrick: 215-683-8000; languageaccesscoordinator@courts.phila.gov

**English:** You have the right to an interpreter at no cost to you. To request an
interpreter, please inform court staff using the contact information provided at
the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para
solicitar un intérprete favor de informárselo al personal judicial utilizando la
información provista en la parte superior de este aviso.

**Mandarin/Cantonese Simplified Chinese/普通话/粤语简体中文：** 您有权获
得免费的口译员服务。若需要口译员，请使用本通知上方提供的联系信息
通知法院工作人员。

**Russian/Русский:** У вас есть право на бесплатные услуги переводчика.
Заявка на переводчика подается в суд по адресу, телефону или эл. почте,
указанным выше в заголовке этого уведомления.

**Portuguese/Português:** Você tem direito a um intérprete gratuitamente. Para
solicitar um intérprete, informe a nossa equipe usando os dados de contato
mostrados na parte superior deste aviso.

**Haitian Creole/Kreyòl Ayisyen:** Ou gen dwa resevwa sèvis yon entèprèt gratis.
Pou mande pou yon entèprèt, tanpri fè manm pèsonèl tribinal la konnen lè ou
sèvi avèk enfomasyon an yo te bay ou nan tèt avi sa a.

Case ID: 191200012

# EXHIBIT "D"

Case ID: 191200012





## Cochran - Affidavit of Jaclyn Kaczmarek.pdf

DocVerify ID:        42DE067F-FB5C-4A0E-8E37-F08570F53742

Created:             October 08, 2020 07:35:02 -8:00

Pages:               2

Remote Notary:       Yes / State: PA

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Jaclyn Kaczmarek (JK)**
October 08, 2020 07:42:54 -8:00 [1A03FD452402] [96.27.106.136]
JKaczmarek@ulta.com (Principal) (ID Verified)

**E-Signature Notary: Judith P. Lawrence (JPL)**
October 08, 2020 07:42:54 -8:00 [4E20AAFD37B0] [76.124.110.245]
notaryservice100@gmail.com
I, Judith P. Lawrence, did witness the participants named above
electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat.
All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

Case ID: 191200012



| DIANNE COCHRAN | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
|---|---|
| Plaintiff | |
| v. | DECEMBER TERM, 2019 No:   00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY | |
| Defendants | |
| v. | |
| MATCH MARKETING GROUP; MATCH CONVERGE; and CONVERGENCE MARKETING, INC. | |
| Additional Defendants | |

## **AFFIDAVIT**

Jaclyn Kaczmarek, being duly sworn according to law, deposes and states the following:

1.      I am an adult individual residing in the State of Illinois.

2.      I am employed by ULTA Inc., as an attorney in its legal department.

3.      I have sufficient knowlegde of the matters contained in this Affidavit to make the statements contained herein, and am authorized to do so.

4.      ULTA Beauty, Inc., is a Delaware corporation, with its principal place of business located at 1000 Remington Boulevard, Suite 1200, Bolingbrook, Illinois, 60440.

5.      ULTA Beauty, Inc. is not a Pennsylvania corporation.

6.      At all times material hereto, ULTA Beauty, Inc. did not own and/or operate the ULTA store that is the subject of this lawsuit, located at 40 Town Center Drive, Suite 2, Collegeville, Pennsylvania.

7.      ULTA Beauty is a ficitious name owned by ULTA Salon, Cosmetics and Fragrance, Inc., and registered in the Commonwealth of Pennsylvania.

42DE067F-FB5C-4A0E-8E37-F08570F53742 — 2020/10/08 07:35:02 -8:00 — Remote Notary

Case ID: 191200012

8.      At all times material hereto, ULTA Salon, Cosmetics & Fragrance, Inc. operated

the ULTA store that is the subject of this lawsuit, located at 40 Town Center Drive, Suite 2,

Collegeville, Pennsylvania.

9.      ULTA Salon, Cosmetics & Fragrance, Inc. is a Delaware corporation with a

principal place of business located at 1000 Remington Boulevard, Suite 120, Bolingbrook,

Illinois, 60440.

10.      ULTA Salon, Cosmetics & Fragrance, Inc. is not a Pennsylvania corporation.

Jaclyn Kaczmarek

Jaclyn Kaczmarek, Esquire

Sworn to and subscribed before me
remotely, this 8th_____day
of _October, 2020_____.

My Commission Expires:      04.17.2024

Commonwealth of Pennsylvania - Notary Seal
Judith P Lawrence, Notary Public
Philadelphia County
My Commission Expires Apr 17, 2024
Commission Number 1093078

Case ID: 191200012

# EXHIBIT "E"

Case ID: 191200012

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the*
*Office of Judicial Records*
*12 JUN 2020 02:49 pm*
*R. SCHREIBER*

***Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as***
***ULTA Beauty, Inc. and ULTA Beauty)***

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No: 00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO FILE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to execute a Writ to Join against:

Match Marketing Group
800 Connecticut Avenue
3rd Floor East
Norwalk, CT 06584

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty)*

Date: June 12, 2020

Case ID: 191200012

C.P. 88                                              WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

          vs.                    DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.                            No. 00012 _____

TO   Match Marketing Group
     800 Connecticut Avenue
     3rd Floor East
     Norwalk, CT 06584

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has  }
have }  joined you as an additional defendant in this action with you are required to defend.



JOSEPH H. EVERS
*Prothonotary*

By _____



10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. ___00012___

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*

*Filed and Attested by the*
*Office of Judicial Records*
*12 JUN 2020 02:46 pm*
*R. SCHREIBER*

***Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as***
***ULTA Beauty, Inc. and ULTA Beauty)***

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| | |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

## PRAECIPE TO FILE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to execute a Writ to Join against:

Convergence Marketing, Inc.
7361A Coca Cola Drive
Hanover, MD 21076

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty)*

Date: June 12, 2020

Case ID: 191200012

C.P. 88                                                    WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

### COURT OF COMMON PLEAS

DIANNE COCHRAN

vs.

DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.

No. __00012_____

TO  Convergence Marketing, Inc.
    7361A Coca Cola Drive
    Hanover, MD 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has  }
have }  joined you as an additional defendant in this action with you are required to defend.



JOSEPH H. EVERS
*Prothonotary*

By _____



10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

**BONNER KIERNAN TREBACH & CROCIATA LLP**
**SARAH M. BAKER, ESQUIRE**
**VAISHNAVI ARSHANAPALLY, ESQUIRE**
**IDENTIFICATION NO: 206536 / 318898**
**TEN PENN CENTER, SUITE 770**
**1801 MARKET STREET**
**PHILADELPHIA, PA 19103**
**(215) 569-4433**
*sbaker@bonnerkiernan.com*
*varshanapally@bonnerkiernan.com*



Filed and Attested by the
Office of Judicial Records
12 JUN 2020 02:43 pm
R. SCHREIBER

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as*
*ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff | |
| | DECEMBER TERM, 2019 |
| v. | No:   00012 |
| ULTA BEAUTY, INC.; ULTA BEAUTY; and | |
| ERICA S. HARRELL | |
| Defendants | |

### PRAECIPE TO FILE WRIT TO JOIN ADDITIONAL DEFENDANT

TO THE PROTHONOTARY:

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA
Beauty, Inc. and ULTA Beauty), hereby requests this Honorable Court to execute a Writ to Join
against:

Match Converge
7361 Coca Cola Drive
Hanover, Maryland, 21076

Respectfully submitted,
BONNER KIERNAN TREBACH & CROCIATA LLP

SARAH M. BAKER, ESQUIRE
VAISHNAVI ARSHANAPALLY, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics &*
*Fragrance, Inc. (improperly identified as ULTA Beauty,*
*Inc. and ULTA Beauty)*

Date: June 12, 2020

Case ID: 191200012

C.P. 88                                                    WRIT TO JOIN ADDITIONAL DEFENDANTS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

COURT OF COMMON PLEAS

DIANNE COCHRAN

        vs.

DECEMBER _____ Term, 20 19

ULTA BEAUTY, INC. et al.

No. 00012 _____

TO    Match Converge
        7361 Coca Cola Drive
        Hanover, Maryland 21076

You are notified that

Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)

has  }
have }   joined you as an additional defendant in this action with you are required to defend.



JOSEPH H. EVERS
*Prothonotary*

By _____



10-245 (Rev. 1/01)

Case ID: 191200012

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA

DECEMBER _____ Term, 20__19__ No. __00012_____

DIANNE COCHRAN

vs.

ULTA BEAUTY, INC. et al.

**WRIT TO JOIN ADDITIONAL
DEFENDANTS**

# EXHIBIT "F"

Case ID: 191200012

# MASTER INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is effective January 1, 2012 ("Effective Date") between ULTA Salon, Cosmetics & Fragrance, Inc, with principal offices located at 1000 Remington Boulevard, Suite 120, Bolingbrook Illinois, 60440, its subsidiaries and affiliates (collectively "ULTA") and Convergence Marketing, Inc. ("Contractor"), a Delaware corporation, located at 7361A Coca Cola Drive, Hanover, MD 21076. The parties agree as follows:

**1.** **Services; Term.**

1.1    ULTA engages Contractor to provide the Services described in Project Schedules that the parties may execute from time to time during the term of this Agreement. This Agreement shall begin on the Effective Date and shall continue until terminated in accordance with Section 13 below.

1.2    A Project Schedule will be executed by both parties for each project, referencing this Agreement and setting forth, at a minimum, a description of the Services to be performed, the agreed-upon schedule of completion dates, and the agreed-upon Project Fee (defined in Section 2.1 of this Agreement). The parties shall use the Project Schedule form attached hereto as Exhibit A.

1.3    As used herein, "Agreement" includes this Agreement and any Project Schedule signed by the parties. In the event of any conflict or inconsistency between this Agreement and a Project Schedule, the terms of the Project Schedule shall control.

**2.** **Payment.**

2.1    As full consideration for the performance of the Services specified in each Project Schedule and the assignment of rights to ULTA as provided herein, ULTA shall pay Contractor the amount agreed upon and specified in the Project Schedule ("Project Fee").

2.2    Contractor shall invoice ULTA for all Services actually performed by Contractor upon satisfaction of the completion dates or as otherwise specified in the Project Schedule. ULTA shall pay the invoiced amount within sixty (60) days after receipt of a correctly written invoice. In the event ULTA pays to Contractor said invoice within thirty (30) days after receipt of said invoice, then ULTA shall be entitled to a two percent (2%) discount off of the amount of said invoice.

2.3    Contractor shall maintain, during and for at least two (2) years after completion of a project, adequate records of all project costs (including time records) and reimbursable expenses incurred in the performance of the Services. ULTA shall have the right to audit such records at reasonable times and upon reasonable notice to verify amounts billed to ULTA.

**3.** **Independent Contractor Status.**    Contractor is an independent contractor for all purposes, without express or implied authority to bind ULTA by contract or otherwise. Contractor agrees that neither Contractor nor Contractor's Assistants (defined in Section 4.1 of this Agreement) are agents or employees of ULTA, and that Contractor and Contractor's Assistants are not entitled to any employee benefits of ULTA, including, without limitation, health insurance, disability benefits, pensions, annuities, death benefits, and savings plans. As Contractor is not ULTA's employee, ULTA shall have no responsibility to pay or withhold from any payment to Contractor under this Agreement any federal, state or local taxes or fees.

**4.** **Contractor's Assistants.**

4.1    Subject to Sections 9.2 and 10.3, Contractor may, at Contractor's own expense, employ such persons as Contractor deems necessary to provide the Services. As used herein, "Contractor's Assistants" includes Contractor's employees, agents and subcontractors. Contractor shall be solely responsible for the performance of Contractor's Assistants; provided, however, ULTA shall have the right to remove any Contractor Assistant at any time.

4.2   Contractor shall be solely and fully responsible for paying any taxes, FICA, or other amounts required to be withheld by any governmental entity or authority having jurisdiction over the matter.

**5.   Warranties.**

5.1   Contractor represents and warrants that the Services provided hereunder shall be performed (a) in a professional, workmanlike manner, and (b) in conformance with generally accepted industry standards prevailing at the time, all applicable laws, rules and regulations, and all applicable specifications and documentation.

5.2   Contractor represents and warrants that (a) it has full power and authority to enter into this Agreement and grant ULTA all of the rights granted hereunder, and (b) the performance of this Agreement will not conflict with, or be prohibited in any way by, any other agreement or statutory restriction to which Contractor is bound.

**6.   Indemnity.**   Contractor shall indemnify and hold harmless ULTA and its officers, directors, agents and employees (the "Indemnitees"), against all claims, liabilities, damages, losses and expenses, including attorneys' fees and costs of suit arising out of or in any way connected with this Agreement, including without limitation (a) Contractor's breach or violation of any term of this Agreement, (b) Contractor's negligence or intentional misconduct, (c) Contractor failing to satisfy the Internal Revenue Service's guidelines for an independent contractor, and (d) any claim by a third party against ULTA alleging that the Services or the results thereof infringe a patent, copyright, trademark, trade secret or other proprietary right of a third party (the "Claims") and, at ULTA's request, defend the Indemnitees against any Claims. Contractor shall not settle any such suits or Claims without ULTA's prior written approval. Contractor agrees to pay or reimburse all costs that may be incurred by ULTA in enforcing this indemnity, including attorneys' fees.

**7.   Expenses; Supplies.**   Except as otherwise specified in a Project Schedule, Contractor shall be responsible for all costs and expenses incident to completing each project and shall provide Contractor's own supplies and equipment.

**8.   Nonexclusive Agreement.**   This is not an exclusive agreement. ULTA is free to engage others to perform services the same as or similar to Contractor's. Contractor is free to advertise, offer and provide Contractor's services to others, provided that Contractor does not breach its obligations hereunder.

**9.   Confidentiality.**

9.1   Contractor acknowledges that it will acquire knowledge of ULTA Confidential Information in connection with its performance hereunder. "ULTA Confidential Information" includes without limitation all information, whether written or oral and in any form, relating to ULTA's research, development, products, methods of manufacture, trade secrets, business plans, customers, vendors, finances, personnel data, Work Product (defined in Section 10 of this Agreement), and other material or information considered proprietary by ULTA relating to the current or anticipated business or affairs of ULTA. ULTA Confidential Information also includes any third party's proprietary or confidential information disclosed to Contractor. ULTA Confidential Information does not include information (i) that Contractor lawfully knew without restriction on disclosure before ULTA disclosed it to Contractor, (ii) that is or becomes publicly known through no wrongdoing of Contractor, (iii) that Contractor developed independently without use of ULTA Confidential Information, as evidenced by appropriate documentation, (iv) that is hereafter lawfully furnished to Contractor by a third party without restriction on disclosure, or (v) that is required to be disclosed pursuant to a requirement of a government agency or law, provided Contractor gives prompt notice to ULTA of such requirement prior to disclosure.

9.2   Contractor agrees during and for five (5) years following termination of this Agreement not to copy (except with ULTA's prior written consent) or directly or indirectly disclose to any third party any ULTA Confidential Information. Notwithstanding the foregoing, Contractor shall treat

Case ID: 191200012

as confidential and shall not, directly or indirectly, disclose or otherwise make available any ULTA Confidential Information that is accorded "trade secret" status under any applicable law for as long as such ULTA Confidential Information shall remain a "trade secret" under such law. Without limiting the scope of the this Section 9.2, Contractor agrees to limit its internal distribution of ULTA Confidential Information to Contractor's Assistants who have a need to know solely in order to effectuate the applicable Project Schedule and to take steps to ensure that the dissemination is so limited, including the execution by Contractor's Assistants of nondisclosure agreements with provisions substantially similar to those set forth in Exhibit B, attached hereto and by reference incorporated herein. Contractor will take all reasonable measures to protect ULTA Confidential Information, including, at a minimum, those measures that it uses to protect its own information of a similar nature. Contractor shall use the ULTA Confidential Information only in the course of performing the Services hereunder and not for its own benefit or for the benefit of anyone other than ULTA.

9.3 Contractor may not alter, decompile, disassemble, reverse engineer or otherwise modify any ULTA Confidential Information (except at the direction of ULTA in connection with performing the Services), and the mingling, if any, of ULTA Confidential Information with information of Contractor shall not affect the confidential nature or ownership of the same. Except as required by ULTA in connection with the Services, Contractor agrees not to design or manufacture any products that incorporate ULTA Confidential Information.

9.4 All ULTA Confidential Information is and shall remain the property of ULTA, and Contractor shall have no rights, by license or otherwise, in ULTA Confidential Information, except as expressly provided herein. Upon the earlier of ULTA's written request or the termination of this Agreement, Contractor shall return or destroy all ULTA Confidential Information, including all copies, excerpts and summaries thereof.

**10. Ownership of Work Product.**

10.1 For purposes of this Agreement, "Work Product" shall include, without limitation, all designs, works, work in progress, deliverables, inventions, products, drawings, notes, documents, information and materials made, conceived or developed by Contractor alone or with others that result from or relate to the Services performed hereunder. All such Work Product shall at all times be and remain the sole and exclusive property of ULTA. In this regard, Contractor hereby agrees to irrevocably assign and transfer to ULTA, and does hereby assign and transfer to ULTA, all of its worldwide right, title and interest in and to the Work Product, including all associated intellectual property rights therein. ULTA will have the sole right to determine the treatment of any Work Product, including the right to keep it as trade secret, and to file applications for patents and copyright and trademark registrations. Contractor agrees (a) to disclose promptly in writing to ULTA all Work Product, (b) to cooperate with and assist ULTA to apply for and execute any applications and/or assignments reasonably necessary to obtain any patent, copyright, trademark or other statutory protections for the Work Product in ULTA's name as it deems appropriate, and (c) to otherwise treat all Work Product as ULTA Confidential Information as described above. "Work Product" shall not include Contractor's *Store-eMapping Program* that it may use in the conjunction with the Services. However, Contractor agrees that any mapping of ULTA's store along with the output of such mapping, shall be treated as Confidential Information.

10.2 Moral Rights Waiver. "Moral Rights" means any right to claim authorship of a work, any right to object to any distortion or other modification of the work, and any similar right, existing under the law of any country in the world or under any treaty. Contractor hereby irrevocably transfers and assigns to ULTA any and all Moral Rights that it may have in any of the Services or Work Product. Contractor also hereby forever waives and agrees never to assert against ULTA, its successors or licensees, any and all Moral Rights Contractor may have in any Services or Work Product, even after termination of this Agreement.

10.3 Contractor will ensure that Contractor's Assistants appropriately waive any and all claims and assign to ULTA any and all rights or any interests in any Services or Work Product or original

3

works created in connection with this Agreement. A form of waiver and assignment is attached as Exhibit B.

10.4   ULTA will not have rights to any work product conceived or reduced to practice by Contractor that was developed entirely on Contractor's own time without using equipment, supplies, facilities or trade secrets or ULTA Confidential Information, unless such work product relates to ULTA's business or results from any work performed by Contractor for ULTA.

10.5   Contractor represents and warrants that all inventions or works of authorship relating to ULTA's actual or anticipated business or research and development that Contractor has made, conceived or reduced to practice at the time of signing this Agreement have been disclosed to ULTA and are set forth on Exhibit C, attached hereto and by reference incorporated herein.

11.   **Access to ULTA's Systems.**   Contractor shall implement and strictly comply with procedures for the security of ULTA's computer systems set forth in any ULTA manuals, documents, or written instructions, which may be amended from time to time by ULTA in its sole discretion, and will terminate access to such systems whenever Contractor ceases to have a need to know such systems. Contractor will not tamper with, compromise, or attempt to circumvent or bypass any security pertaining to ULTA's systems, electronic or otherwise (collectively, the "Security Violations"). Contractor assumes responsibility and liability for any access to ULTA's systems by or through its computers arising out of or resulting in any Security Violation. Contractor will use its best efforts to assure that any linkage and/or access to ULTA's systems will not cause or allow entry of any virus or any other contaminant, including without limitation codes, commands, or instructions that may be used to access, alter, delete, damage, or disable the systems, other software, information, or other property.

12.   **Nonsolicitation of Consultants and Employees.**   Without the prior written consent of the other party, during the term, and until one (1) year after termination for any reason, of this Agreement, neither party shall, directly employ, solicit for employment, or otherwise assist in the solicitation of employment, including any recommendation with respect to employment, of any consultant or employee or identified prospective consultant or employee of the other party. The foregoing will not prohibit a party from interviewing or hiring employees or independent contractors of the other party who respond to general employment solicitations. Neither party shall seek to persuade or induce any independent contractor to terminate or breach a contractual or other relationship with ULTA.

13.   **Termination.**

13.1   ULTA may terminate this Agreement at any time for any reason upon written notice to Contractor. If Services are being provided pursuant to a Project Schedule in force at the time, Contractor shall cease to perform the Services on the date of termination specified in such notice, and ULTA shall be obligated only to pay Contractor only for those Services satisfactorily performed through the date of termination, less appropriate offsets.

13.2   ULTA may terminate this Agreement if Contractor fails to perform or otherwise breaches any material provision of this Agreement and fails to cure the breach within ten (10) days after receiving written notice of the breach from ULTA. In the event of such termination for breach, ULTA shall have no liability to pay Contractor for Services performed through the date of termination.

13.3   Contractor may terminate this Agreement upon written notice to ULTA at any time for any reason if no Services are being provided pursuant to a Project Schedule in force at the time. If a Project Schedule is in force, then until such Project Schedule is completed, Contractor may terminate this Agreement only if ULTA fails to perform or otherwise breaches any material provision of this Agreement and fails to cure the breach within thirty (30) days after receiving notice of the breach from Contractor.

13.4   Upon the termination of this Agreement for any reason: (a) each party will be released from all obligations to the other arising after the date of termination, except those that by their terms

4

survive such termination; and (b) Contractor will promptly notify ULTA of any Work Product in Contractor's possession and, at the expense of Contractor and in accordance with ULTA's instructions, deliver to ULTA all such Work Product and return or destroy all ULTA Confidential Information.

14. **Limitation of Liability.** IN NO EVENT SHALL ULTA BE LIABLE TO CONTRACTOR OR CONTRACTOR'S ASSISTANTS OR ANY THIRD PARTY FOR ANY INCIDENTAL, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OF ANY KIND ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT, WHETHER OR NOT ULTA WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGE.

15. **Force Majeure.** Neither party shall be liable for any delay or failure in performance due to causes beyond the reasonable control of that party.

16. **Injunctive Relief.** Contractor agrees that its obligations and promises under this Agreement are of a unique, intellectual nature giving them particular value. Contractor further agrees that Contractor's breach of any of the promises or agreements contained in this Agreement will result in irreparable and continuing damage to ULTA for which there will be no adequate remedy at law, and in the event of such breach ULTA will be entitled to seek injunctive relief, or a decree of specific performance, or both, and such other and further relief as may be proper (including monetary damages if appropriate).

17. **Assignment.** Contractor may not assign or transfer this Agreement or any of Contractor's rights or obligations under this Agreement without the prior written consent of ULTA, except as set forth in Section 4 above.

18. **Severability.** If any provision of this Agreement is deemed to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. **Waiver.** No failure to enforce any covenant, term or condition of this Agreement shall be construed as a waiver of any breach of any other covenant, term or condition.

20. **Notices.** Any notices required to be given under this Agreement shall be sufficient if given in writing and delivered in person, sent by facsimile transmission, by certified mail, return receipt requested, or by commercial overnight courier, addressed to the respective parties at the address set forth on the first page hereof, or such other address as a party may, from time to time, designate in writing. Notices shall be effective when received.

21. **Survival of Obligations.** All provisions hereof that by their nature should extend beyond the termination of this Agreement, including, without limitation warranties, taxes, indemnity, confidentiality, ownership of Work Product, Moral Rights waiver and nonsolicitation, shall survive the termination of this Agreement.

22. **Governing Law.** This Agreement shall be construed, interpreted and enforced according to the laws of the State of Illinois, excluding its conflict of law rules. The Circuit Court of Cook County or the United States District Court for the Northern District of Illinois shall have jurisdiction and venue over all controversies arising out of or relating to this Agreement.

23. **Insurance.**

23.1 Required Insurance Coverages. Contractor shall obtain, pay for and maintain in full force and effect during the term of this Agreement, insurance as follows:

    A.   Workers' compensation and employers' liability insurance with limits to conform with the greater of the amount required by Illinois law or One Million Dollars ($1,000,000) each accident, including occupational disease coverage;

5

B. Commercial general liability insurance with limits not less than Two Million Dollars ($2,000,000) combined single limit for bodily injury, death, and property damage, including personal injury, contractual liability, independent contractors, broad-form property damage, and products and completed operations coverage;

C. Commercial automobile liability insurance with limits not less than One Million Dollars ($1,000,000) each occurrence combined single limit of liability for bodily injury, death, and property damage, including owned and non-owned and hired automobile coverages, as applicable; and

D. Professional liability insurance (Errors and Omissions) with limits not less than two Million Dollars ($2,000,000) annual aggregate for all claims each policy year for computer programming and electronic data processing services.

23.2 <u>Claims Made Coverages</u>. To the extent any insurance coverage required under this Section is purchased on a "claims-made" basis, such insurance shall cover all prior acts of Contractor during the term of this Agreement, and such insurance shall be continuously maintained until at least three (3) years beyond the expiration or termination of the term, or Contractor shall purchase "tail" coverage, effective upon termination of any such policy or upon termination or expiration of the term, to provide coverage for at least one (1) year from the occurrence of either such event.

23.3 <u>Certificates of Insurance</u>. Certificates of Insurance evidencing all coverages described in this Section shall be furnished to Ulta prior to the Effective Date.

23.4 <u>Cancellation or Lapse of Insurance</u>. Contractor shall give thirty (30) days prior written notice to Ulta of cancellation, nonrenewal, or material change in coverage, scope, or amount of any policy. Should Contractor fail to keep in effect at all times the insurance coverages required under this Section 23, Ulta may, in addition to and cumulative with any other remedies available at law, equity, or hereunder, withhold payments to Contractor required under this Agreement in an amount sufficient to procure the insurance required herein.

24. <u>**Entire Agreement; Modification.**</u> This is the sole and complete Agreement of the parties concerning the subject matter hereof and supersedes any prior promises, agreements and understandings between the parties. This Agreement may be amended only by a writing signed by both parties.

IN WITNESS WHEREOF, the parties have executed this Agreement to become effective as of the Effective Date.

CONVERGENCE MARKETING, INC.

By: _Paul S. Mg_____

Name: _PAUL G. Murrey_____

Title: _CFO_____

Date: _1/17/12_____

ULTA SALON, COSMETICS & FRAGRANCE, INC.

By: _____

Name: _Dan Atkinson_____

Title: _VP Strategic Marketing_

Date: _1-19-12_____

Approved Legal _DA_
Date: _1/19/12_

6

Case ID: 191200012

## EXHIBIT A

**Project Description Schedule**
to
**Master Independent Contractor Agreement**
between
**ULTA Salon, Cosmetics & Fragrance, Inc. and**_____

This PROJECT DESCRIPTION SCHEDULE ("Schedule"), effective as of _____, 20__, is an addendum to the Master Independent Contractor Agreement between ULTA Salon, Cosmetics & Fragrance, Inc, with principal offices located at 1000 Remington Boulevard, Suite 120, Bolingbrook Illinois, 60440, its subsidiaries and affiliates (collectively "ULTA") and _____ ("Contractor") dated _____, 20__ ("Agreement").

Description of Project and Services: _____

_____

_____

Project Fees, or, if applicable, Per Hour Billing Rate:   $_____

Name of Individual(s) Assigned:   _____

This statement of work covers the period from _____ to _____. The total funding for this Statement of Work shall not exceed _____. No additional work shall be undertaken without the express written consent of ULTA. Invoices will be submitted to ULTA with approved timesheets and expense documentation.

Ulta and _____ will hold weekly meetings to monitor the quality of deliverables produced, and any other project matters. These meetings will be attended by representatives from both Ulta and _____ including the _____ account team. Any concerns regarding the quality of deliverables will be escalated to the _____ Account Executive team. Final payment will be released upon ULTA's acceptance of the deliverables noted above.

If for any reason this Statement of Work is terminated, ULTA shall be responsible only for actual hours worked.

|  |  |
|---|---|
| _____ | ULTA SALON, COSMETICS & FRAGRANCE, INC. |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |

7

Case ID: 191200012

## EXHIBIT B

### Subcontractor Nondisclosure, Conflict of Interest
### and Proprietary Rights Agreement

This Agreement is made on _____, 20___, between ULTA Salon, Cosmetics & Fragrance, Inc, with principal offices located at 1000 Remington Boulevard, Suite 120, Bolingbrook Illinois, 60440, its subsidiaries and affiliates (collectively "ULTA"), and _____, located at _____ ("Subcontractor").

Subcontractor is performing work for _____ ("Contractor"), which is in the business of providing _____ services to companies such as ULTA. Contractor has entered into a Master Independent Contractor Agreement ("Contractor Agreement") with ULTA, pursuant to which Contractor shall, either directly or indirectly through Subcontractor, provide services to ULTA. This Agreement is being delivered by Subcontractor to ULTA as required by the terms and conditions of the Contractor Agreement.

Wherefore, the parties agree as follows:

1.  **Conflicts of Interest.** Subcontractor certifies as follows: (i) there are no outstanding agreements or obligations that are in conflict with or would preclude Subcontractor from complying with any of the provisions of this Agreement; (ii) Subcontractor will not enter into any such conflicting agreements during the term of this Agreement; and (iii) Subcontractor will not disclose to _____ any confidential, secret and/or proprietary information that is the property of others and that Subcontractor is not authorized to disclose.

2.  **Subcontractor's Agents.** Subcontractor agrees that, prior to permitting an employee, subcontractor or agent of, or any other individual responsible to, Subcontractor ("Subcontractor's Agents") to assist Subcontractor in any way in performing services for or on behalf of ULTA, Subcontractor shall (i) notify ULTA in writing of Subcontractor's intention to obtain such assistance, (ii) identify the type of assistance to be provided, (iii) receive ULTA's prior written permission to allow such assistance, and (iv) require Subcontractor's Agents to sign an agreement provided by ULTA similar to this Agreement, and to return such agreement to ULTA.

3.  **Confidentiality.**

3.1  Subcontractor acknowledges that it will acquire knowledge of ULTA Confidential Information (defined below) in connection with its performance hereunder and agrees during and for five (5) years following termination or expiration of the Contractor Agreement, to keep such ULTA Confidential Information in confidence. Notwithstanding the foregoing, Subcontractor shall treat as confidential and shall not, directly or indirectly, disclose or otherwise make available any ULTA Confidential Information that is accorded "trade secret" status under any applicable law for as long as such ULTA Confidential Information shall remain a "trade secret" under such law. "ULTA Confidential Information" includes, without limitation, all information, whether written or oral, and in any form, relating to ULTA's research, development, products, methods of manufacture, trade secrets, business plans, customers, vendors, finances, personnel data, Work Product (defined in Section 4), and other material or information considered proprietary by ULTA relating to the current or anticipated business or affairs of ULTA. ULTA Confidential Information also includes any third party's proprietary or confidential information disclosed to Subcontractor. ULTA Confidential Information does not include any information (i) that Subcontractor lawfully knew without restriction on disclosure before ULTA or Contractor disclosed it to Subcontractor; (ii) that is now or becomes publicly known through no wrongful act or failure to act of Subcontractor; (iii) that Subcontractor developed independently without use of the ULTA Confidential Information, as evidenced by appropriate documentation, (iv) that is hereafter lawfully furnished to Subcontractor by a third party as a matter of right and without restriction on disclosure, or (v) that is required to be disclosed

8

Case ID: 191200012

pursuant to a requirement of a government agency or law so long as Subcontractor provides prompt notice to ULTA of such requirement prior to disclosure.

3.2   Subcontractor agrees not to copy (except with ULTA's prior written consent) or directly or indirectly disclose any ULTA Confidential Information. Without limiting the scope of the foregoing, Subcontractor agrees to limit its internal distribution of ULTA Confidential Information to Subcontractor's Agents who have a need to know, and to take steps to ensure that the dissemination is so limited, including the execution by Subcontractor's Agents of nondisclosure agreements with provisions substantially similar to those set forth herein. Subcontractor will take all reasonable measures to protect ULTA Confidential Information, including, at a minimum, those measures that it uses to protect its own information of a similar nature. Subcontractor shall use the ULTA Confidential Information only in the course of performing the services hereunder and not for its own benefit or for the benefit of anyone other than ULTA.

3.3   Subcontractor may not alter, decompile, disassemble, reverse engineer or otherwise modify any ULTA Confidential Information received hereunder (except at the direction of ULTA or Contractor in connection with performing services for the benefit of ULTA), and the mingling of the ULTA Confidential Information with information of Subcontractor shall not affect the confidential nature or ownership of the same as stated hereunder. Subcontractor agrees not to design or manufacture any products that incorporate ULTA Confidential Information except as required in connection with performing services for the benefit of ULTA.

3.4   All ULTA Confidential Information is and shall remain the property of ULTA, and Subcontractor shall have no rights, by license or otherwise, in ULTA Confidential Information, except as expressly provided herein. Upon the earlier of ULTA's written request or the termination of Subcontractor's assignment, Subcontractor shall return, transfer or assign to ULTA all ULTA Confidential Information, including all Work Product, as defined in Section 4.1 below, and all copies thereof.

3.5   Subcontractor agrees that there is no adequate remedy at law for any breach of its obligations hereunder and upon any such breach or any threat thereof by Subcontractor, ULTA shall be entitled to appropriate equitable relief, including injunctive relief, in addition to whatever other remedies it might be entitled.

## 4.   Ownership of Work Product.

4.1   For purposes of this Agreement, "Work Product" shall include, without limitation, all designs, works, work in progress, deliverables, inventions, products, drawings, notes, documents, information and materials made, conceived or developed by Subcontractor, alone or with others, which result from or relate to the services performed for ULTA or for ULTA's benefit. All such Work Product shall at all times be and remain the sole and exclusive property of ULTA. In this regard, Subcontractor hereby agrees to irrevocably assign and transfer to ULTA and does hereby assign and transfer to ULTA all of its worldwide right, title and interest in and to the Work Product including all associated intellectual property rights therein. ULTA will have the sole right to determine the treatment of any Work Product, including the right to keep it as trade secret, execute and file patent applications on it, to use and disclose it without prior patent application, to file registrations for copyright or trademark in its own name or to follow any other procedure that ULTA deems appropriate. Subcontractor agrees: (a) to disclose promptly in writing to ULTA all Work Product; (b) to cooperate with and assist ULTA to apply for and execute any applications and/or assignments reasonably necessary to obtain any patent, copyright, trademark or other statutory protections for the Work Product in ULTA's name as it deems appropriate; and (c) to otherwise treat all Work Product as ULTA Confidential Information as described above. These obligations to disclose, assist, execute and keep confidential survive the expiration or termination of the Contractor Agreement. "Work Product" shall not include Contractor's **Store-eMapping Program** that it or a Subcontractor may use in the conjunction with the Services. However, Subcontractor agrees that any mapping of ULTA's store, along with the output of such mapping, shall be treated as Confidential Information.

Case ID: 191200012

4.2   Moral Rights Waiver. "Moral Rights" means any right to claim authorship of a work, any right to object to any distortion or other modification of the work, and any similar right, existing under the law of any country in the world or under any treaty. Subcontractor hereby irrevocably transfers and assigns to ULTA any and all Moral Rights that it may have in any of the services or Work Product. Subcontractor also hereby forever waives and agrees never to assert against ULTA, its successors or licensees, any and all Moral Rights Subcontractor may have in any services or Work Product, even after expiration or termination of the Contractor Agreement.

4.3   Subcontractor will ensure that Subcontractor's Agents appropriately waive any and all claims and assign to ULTA any and all rights or any interests in any Work Product or original works created in connection with Subcontractor's performance of services for ULTA (or for ULTA's benefit) by having such Subcontractor's Agents execute an agreement substantially similar to this Agreement.

4.4   ULTA will not have rights to any work product conceived or reduced to practice by Subcontractor that was developed entirely on Subcontractor's own time without using equipment, supplies, facilities or trade secrets of ULTA or ULTA Confidential Information, unless (i) such work product relates to ULTA's business, or ULTA's actual or demonstrably anticipated research or development, or (ii) such work product results from any work performed by Subcontractor for ULTA or for ULTA's benefit.

4.5   Subcontractor represents and warrants that all inventions or works and authorship relating to ULTA's actual or anticipated business, or research and development, that Subcontractor has made, conceived or reduced to practice at the time of signing this Agreement have been disclosed to ULTA and are set forth on Attachment 1 hereto, which is incorporated herein by this reference.

5.   **Miscellaneous.** This Agreement constitutes the entire agreement between the parties hereto and supersedes any and all prior or contemporaneous agreements or understandings between the parties relating to the subject matter hereof. If any provision of this Agreement is deemed to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This Agreement may not be amended or modified, except in a writing signed by the parties hereto. This Agreement shall be governed by the laws of the State of Illinois, except as to its conflict of law rules. All provisions hereof that by their nature should extend beyond the termination of this Agreement, including without limitation warranties, confidentiality, ownership of Work Product and Moral Rights waiver shall survive the termination of this Agreement.

|  |  | ULTA SALON, COSMETICS & FRAGRANCE, INC. |
|---|---|---|
| (Subcontractor) | | |
| By: _____ | | By: _____ |
| Name: _____ | | Name: _____ |
| Title: _____ | | Title: _____ |
| Date: _____ | | Date: _____ |

Case ID: 191200012

**ATTACHMENT 1**

**Subcontractor's Disclosure of Inventions
or Works of Authorship**

**Subcontractor**

Signature: _____

Printed: _____

Title: _____

Date: _____

11

## EXHIBIT C

**Contractor's Disclosure of Inventions
or Works of Authorship**

**Contractor**

Signature: _____

Name: _____

Title: _____

Date: _____

12

Case 2:20-cv-04997-AB   Document 2   Filed 10/21/20   Page 251 of 267
Case 2:20-cv-04997-AB   Document 1-1   Filed 10/08/20   Page 49 of 65
ROCKET                                                    770-277-8308                p.2

## ADDENDUM 1

### Project Description Schedule
#### to
### Master Independent Contractor Agreement
#### between
### ULTA Salon, Cosmetics & Fragrance, Inc. and Convergence Marketing, Inc.

This PROJECT DESCRIPTION SCHEDULE ("Schedule"), effective as of January 1st, 2012, is an addendum to the Master Independent Contractor Agreement between ULTA Salon, Cosmetics & Fragrance, Inc, with principal offices located at 1000 Remington Boulevard, Suite 120, Bolingbrook, Illinois, 60440, its subsidiaries and affiliates (collectively "ULTA") and Convergence Marketing, Inc. ("Contractor") dated January 1st, 2012 ("Agreement").

Description of Project and Services:

General merchandising and planogram implementation to Ulta standards. This includes product placement, implementation of price communication, making and placing of "testers" when applicable and installation of merchandising /pricing signage, etc. See below for more detail.

| New Stores | |
|---|---|
| Task Team | 11 members Sat and Sun for 8 hours per day each |
| | Non Vendor Mass, Cosmetics and Mass, Peg Sets planogram Implementation |
| | General Merchandising and Planogram implementation. |
| | ✓ Set Ticket Strips, labels, testers and product to planogram and Ulta standards |
| | ✓ Install pegs and front runners |
| | ✓ Set all visual elements |
| | ✓ Complete OOS transmission |
| | ✓ Clean |
| | ✓ Areas should be Guest ready upon completion |
| | ✓ Etc...... |

ULTA Remodel Store Program Manpower Requirements Consists of:

| Remodel Stores | |
|---|---|
| Task Team | 3 members working typically 2 to 5 days per week for full day 6am to 2:30pm |
| | Remodel tasks include but are not limited to: |
| | General Merchandising and Planogram implementation |
| | ✓ Pre-set responsibilities |
| |     o Complete full store RTDC to remove all sku's that the store will no longer carry after their remodel planogram implementation |
| | ✓ Planogram Implementation |
| |     o Set brackets, glass, ticket strips, labels, testers and product to planogram and Ulta standard |
| | ✓ Phase preparation |
| |     o Empty upcoming phase of merchandise |
| |     o Audit all fixture, sign, & cabinetry deliveries |
| | ✓ Clean |
| | ✓ Container Organization |
| | ✓ Etc.... |

Case 2:20-cv-04997-AB   Document 2   Filed 10/21/20   Page 252 of 267
Case 2:20-cv-04997-AB   Document 1-1   Filed 10/08/20   Page 50 of 65
ROCKET                                                        770-277-8308                p.3

Project Fees, or, if applicable, Per Hour Billing Rate:  ▮▮▮▮

Name of Individual(s) Assigned:  <u>Billy Teagle</u>

This statement of work covers the period from 1/1/12 to 12/31/12, however, in accordance with Section 13 of the Agreement ULTA may terminate this statement of work at any time for any reason, upon written notice to Contractor.

The total funding for this Statement of Work shall not exceed ▮▮▮▮  No additional work shall be undertaken without the express written consent of ULTA. Invoices will be submitted to ULTA with approved timesheets and expense documentation.

Ulta and Contractor will hold weekly meetings to monitor the quality of deliverables produced, and any other project matters. These meetings will be attended by representatives from both Ulta and Contractor including the Contractor account team. Any concerns regarding the quality of deliverables will be escalated to the Contractor Account Executive team. Final payment will be released upon ULTA's acceptance of the deliverables noted above.

If for any reason this Statement of Work is terminated, ULTA shall be responsible only for actual hours worked.

CONVERGENCE MARKETING, INC.                    ULTA SALON, COSMETICS & FRAGRANCE, INC.

By:   _Paul b. M_                              By:   _____

Name:  _Paul G. Murray_                        Name:  _Dal Atkinson_

Title:  _CFO_                                  Title:  _VP Strategic Development_

Date:   _1/19/12_                              Date:   _1-19-12_

                                               Approved Legal: _____
                                                    Date: _1/19/12_

# EXHIBIT "G"

Case ID: 191200012

## Match Converge (Formerly Convergence Marketing)

Marketing & Advertising

f   in   ⊕

**Website**
convergencemktg.com

**Phone**
(443) 688-5100

**Employees**
230

**Headquarters**
7361 Coca Cola Dr, Hanover, Maryland, United States, 21076

**Headquarters**
7361 Coca Cola Dr, Hanover, Maryland, United States, 21076

marketing & advertising, marketing, advertising, lead generation, sales

Find Decision Makers For Free

### About Match Converge (Formerly Convergence Marketing)

Merchandising Services-Certified employee retail organization with full time management and supervision across the U.S. and Canada. Centralized web based technology, deployment and advanced data retrieval. Thre...
Read more

**Join Apollo To Reach Decision Makers At Match Converge (Formerly Convergence Marketing)**

Sign Up For Free

### Employee Metrics

Total Employee Count    Organization Chart    Employee Retention

| 112 | 0.0% ⤻ | -2.7% ⤵ | -14.3% ⤵ |
|---|---|---|---|
| Total | 6 Month Growth | 1 Year Growth | 2 Year Growth |

◑ Other   ● Support   ◔ Marketing   ◒ Human Resources   ● Operations



Jun 2018   Sep 2018   Dec 2018   Mar 2019   Jun 2019   Sep 2019   Dec 2019   Mar 2020

### Contacts at Match Converge (Formerly Convergence Marketing)

See All →

**Allison Zupicick**
Retail

**Anthony Turner**
Public Services Worker

**Asya Abrahim**

**Bob Bender**

Case ID: 191200012

Visual Merchandiser      VP Finance

**Bonnie May**      **Brenda Carrera**
Retail Merchandiser      Area Manager

**Cassie Stevenson**      **Cheryl Avalone**
Merchandisor      Real Estate Agent

**Christopher Freitag**      **Derrick Crawford**
Houseman      Nyc

---

**Notable Alumni**      See All →

**Alexander Lindsley**      **Angie Olecski**
ISO Inspector/Quality Control - Alpha Fasteners      Payroll Manager - Beacon Street Services

**Anne Sicher**      **Annette Greer**
Analyst - Retail Merchandising Solutions Inc.      Project Admin Support Specialist - STRIKE

**Anthony Glass**      **Bentley Chase**
Account Executive - CallTrackingMetrics      Regional Project Manager - Footprint Retail Services

**Chavarria McCarter**      **Cindi Leblanc**
Housekeeper - Golden Triangle Regional Airport      CVS Sales Manager - CosPro Marketing

**Damara Mauti**      **Dani Drake**
Registered Nurse - UPMC      Sales Representative - American Exteriors LLC

---

**Similar Companies to Match Converge (Formerly Convergence Marketing)**      See All →

| BARTON | **Barton F. Graf**<br>Marketing & Advertising<br>👥 13 | interspace | **Interspace Airport Advertising**<br>Marketing & Advertising<br>👥 26 | 📷 7SM |
| LDC | **LDC**<br>Marketing & Advertising<br>👥 150 | tree | **Tree**<br>Marketing & Advertising<br>👥 160 | 📷 |
| (BETA) | **(Beta)**<br>Marketing & Advertising<br>👥 95 | | | |

(Barton row also: 📷 25M)

---

**Technologies Used**      See All →

**Microsoft-IIS**      **ASP.NET**
Load Balancers      Frameworks and Programming Languages

**Outlook**      **GoDaddy Hosting**
Email Providers      Hosting

---

**Browse Apollo's Directories**

🏢 **Company Directory Search**

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

🔍 **People Directory Search**

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

Case ID: 191200012

6/12/2020
Case 2:20-cv-04997-AB Document 2 Filed 10/21/20 Page 256 of 267
Case 2:20-cv-04997-AB Document (annotation) Filed 10/21/20 Page 543 of 685

# Find Verified Emails in Seconds

Use Apollo to easily get in touch with anyone in the world

Create Free Account

Apollo.io All Rights Reserved

Terms    Privacy    Support

Case ID: 191200012

# EXHIBIT "H"

Case ID: 191200012

Corporations ▾     Search Business Entities (corpsearch.aspx)

Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)

Login (https://hub.business.pa.gov/login)

Search entity /  **Select entity**  /  Order documents

# Select Business Entity

Search Results for term *match converge* type: *Starting with*

**No results found for search term**

<< Back to Search

Case ID: 191200012

# EXHIBIT "I"

Case ID: 191200012



(https://matchmg.com/)

Français (https://matchmg.com/fr/bureaux/)

# USA + CANADA

**With offices across North America
we're never far away.**

# Boulder

3020 Carbon Place
Suite 300
Boulder, Colorado 80301

Case ID: 191200012

1/3

(https://matchmg.com/)


# Norwalk
Français (https://matchmg.com/fr/bureaux/)

800 Connecticut Avenue
Norwalk, CT 06854

# Toronto

5225 Satellite Drive
Mississauga, Ontario
L4W5P9

# Montreal

4422A Rue Louis-B.-Mayer
Laval, Québec H7P0G1

Case ID: 191200012

9/24/2020

(https://matchmg.com/)

Français (https://matchmg.com/fr/bureaux/) 

info@matchmg.com (mailto:info@matchmg.com)     877.628.2405 (tel:877.628.2405)

Privacy Policy (https://matchmg.com/privacy-policy/)     Do Not Sell My Info (https://matchmg.com/donotsellmyinfo/)

**in**
(https://www.linkedin.com/company/match
marketing-
group/) (https://www.facebook.com/matchmarke

© 2020 Match Marketing Group Inc. All rights reserved. Match is a registered trademark of Match Marketing Corporation, an affiliate of Match Marketing Group Inc. All rights reserved.

Case ID: 191200012

# EXHIBIT "J"

Case ID: 191200012

Corporations ▾      Search Business Entities (corpsearch.aspx)

Search UCC Transactions (uccsearch.aspx)      Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)

Login (https://hub.business.pa.gov/login)

Search entity / **Select entity** / Order documents

# Select Business Entity

Search Results for term *match marketing group* type: *Starting with*

**No results found for search term**

<< Back to Search

# EXHIBIT "K"

Case ID: 191200012

Case 2:20-cv-04997-AB   Document 1-1   Filed 10/08/20   Page 64 of 65
**FILED**
IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
15 JUN 2020 11:40 am
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
**Civil Administration** TRIAL DIVISION
T. ITALIANO

DIANNE COCHRAN       :    Case ID #191200012
                                  :
v.                                :
ULTA BEAUTY, INC. and ULTA BEAUTY and    :
ERICA S. HARRELL                  :

# CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: DIANNE COCHRAN        By: TODD SAILER         , Esq.

Counsel's address and telephone number (**IMPORTANT**) Todd M. Sailer, Esquire Falcon Law Firm, LLC
122 E. Court Street Doylestown PA 18901 Tel: 215-360-3880

## Part A
### *(to be completed in personal injury cases)*

1. Date of accident or occurrence: May 6, 2018

   1(a). Age of Plaintiff(s): 50 yrs  DIANNE COCHRAN

2. Most serious injuries sustained: Cervical disc disorder w myelopathy, cervical radiculopathy, cervicalgia, lumbar radiculopathy, tear of medial meniscus of the left knee, post-concussional syndrome, post-traumatic headaches and head injuries.

3. Is there any permanent injury claimed?         ☑ Yes    ☐ No

   If yes, indicate the type of permanent injury: Head, neck, back, left knee

4. Dates of medical treatment: May 6, 2018 to the present

5. Is medical treatment continuing?          ☑ Yes    ☐ No

6. Has there been an inpatient hospitalization?     ☑ Yes    ☐ No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

01-106 (Rev. 10/99) (1)

7. Has there been any surgery?   ☑ Yes   ☐ No

   If yes, indicate the type of surgery: Knee surgery

8. Approximate medical bills to date: $ To be determined

   Approximate medical bills recoverable in this case: $ To be determined

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?   ☑ Yes   ☐ No

   If yes, what type and approximate amount? Workers compensation

10. Time lost from work: 5/6/2018 to the present

11. Approximate past lost wages: To be determined

12. Is there a claim for future lost earning capacity?   ☑ Yes   ☐ No

    If yes, approximate future lost earning capacity:

13. Are there any related cases or claims pending?   ☐ Yes   ☑ No

    If so, list caption(s) or other appropriate identifier:

14. Do you anticipate joining additional parties?   ☐ Yes   ☑ No

15. Plaintiff's factual position as to liability: Plaintiff was working on a display at Defendants' store when due to

    Defendants' negligence an endcap shelving unit suddenly fell on top of her and violently knocked her backwards causing

    her to fall to the floor and sustain serious injuries.

16. Defense factual position as to liability:

17. Defense position as to causation of injuries alleged:

18. Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Are there issues as to the applicability
of the above insurance coverage:   ☐ Yes   ☐ No

19. Demand: $ Policy limits          Offer: $ 0.00

01-105 (Rev. 10/99) (2)

Case ID: 191200012