**KIERNAN TREBACH LLP**
BY: SARAH M. BAKER, ESQUIRE
IDENTIFICATION NO: 206536
TEN PENN CENTER, SUITE 770
1801 MARKET STREET
PHILADELPHIA, PA 19103
(215) 569-4433
sbaker@kiernantrebach.com

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN<br><br>                         Plaintiff<br><br>v.<br><br>ULTA BEAUTY, INC.; ULTA BEAUTY<br>                        Defendants | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br><br>Civil Action No.<br>2:20-cv-04997-AB |

**MOTION FOR IN LIMINE OF DEFENDANT, ULTA SALON, COSMETICS & FRAGRANCE, INC., TO PRECLUDE IMPROPER TESTIMONY FROM PLAINTIFF'S EXPERT JOHN YANNACONE, P.E.**

Defendant ULTA Salon, Cosmetics & Fragrance, Inc. (hereinafter referred to as "ULTA" or "Moving Defendant"), improperly identified as ULTA BEAUTY, INC., and ULTA BEAUTY, by and through its attorneys, KIERNAN TREBACH LLP, hereby files this Motion in Limine, and in support thereof avers as follows:

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

1. The instant personal injury action was commenced by Writ of Summons in the Philadelphia Court of Common Pleas on or about November 27, 2019.

2. On or about April 14, 2020, Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas, and the case was subsequently removed to the Eastern District of Pennsylvania

on or about October 9, 2020.  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

3. In her Complaint, Plaintiff alleges that on or about May 6, 2018, Plaintiff was working on a display case at an ULTA store in Collegeville, Pennsylvania (herein "the subject ULTA store") when a large endcap shelving unit fell on top of her, causing her to sustain serious injuries.  See **Exhibit "A"** at ¶¶ 7-8.

4. Plaintiff alleges that Moving Defendant was negligent by, *inter alia*, failing to maintain the endcap in a safe manner, failure to warn of a dangerous condition, and failure to inspect and discover the existence of a dangerous condition.  See **Exhibit "A"** at ¶¶ 13(a)-(i).

5. This case subsequently proceeded to arbitration, which resulted in a defense award.

6. At arbitration, Defendant disputed Plaintiff's version of events, including whether the nail polish display tipped over, and whether it was properly affixed to the gondola in its usual position

7. Plaintiff's version of events and how the alleged accident occurred are therefore in dispute in this case.

8. Plaintiff has produced the report of Jon Yannaccone, P.E. in this matter.  See **Exhibit "B."**

9. Among other things, Mr. Yannaccone opines, after consideration of the evidence in this case, that "failure to maintain the essie [sic] endcap in a properly secured manner resulted in the unit tipping and falling on Ms. Cochran."  **Exhibit "B,"** page 8.

10. Essentially, Mr. Yannaccone adopts Plaintiff's version of events – that the endcap fell on her – and that it was somehow not secured in the usual manner – and renders his opinion.

11. As set out above however, Defendant disputes Plaintiff's version of events.

12. As an expert, Mr. Yannaccone is not the finder of fact.

13. He should not be permitted to simply adopt Plaintiff's position on a disputed factual issue based on a subjective belief, and then render an opinion from that subjective belief. *Elcock v. Kmart Corp*, 233 F.3d 734, 745 (3d Cir. 2000)(expert opinion based on subjective belief is not reliable or admissible).

14. An expert may testify in the form of an opinion if the testimony is based on sufficient facts. F.R.C.P. 702.

15. While Mr. Yannaccone acknowledges some level of factual dispute in the case, his opinions indicate that he essentially ignores that dispute, adopts the version of events given by Plaintiff, and renders his opinions from that position. **Exhibit "B."**

16. Mr. Yannaccone should therefore be precluded from offering inappropriate expert testimony at the time of trial.

**WHEREFORE**, Moving Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly named as ULTA BEAUTY, INC., and ULTA BEAUTY), respectfully requests this Honorable Court grant its Motion for in Limine.

        Respectfully submitted,
        KIERNAN TREBACH LLP

By: _____
SARAH M. BAKER, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Dated: May 6, 2024

**VERIFICATION**

I, Sarah M. Baker, Esquire, hereby state that I am the attorney for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. in the foregoing matter, and as such am authorized to and do make this Verification on their behalf. I verify that statements made in the foregoing Motion in Limine and Brief in Support are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements made therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

*[signature]*

_____
SARAH M. BAKER, ESQUIRE

Date: May 6, 2024