**KIERNAN TREBACH LLP**
BY: SARAH M. BAKER, ESQUIRE
IDENTIFICATION NO: 206536
TEN PENN CENTER, SUITE 770
1801 MARKET STREET
PHILADELPHIA, PA 19103
(215) 569-4433
sbaker@kiernantrebach.com

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN<br><br>                              Plaintiff<br><br>v.<br><br>ULTA BEAUTY, INC.; ULTA BEAUTY<br>                              Defendants | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>Civil Action No.<br>2:20-cv-04997-AB |

**MOTION FOR IN LIMINE OF DEFENDANT, ULTA SALON, COSMETICS & FRAGRANCE, INC., TO PRECLUDE AFFIDAVIT OF JENNIFER ADAMSKI**

Defendant ULTA Salon, Cosmetics & Fragrance, Inc. (hereinafter referred to as "ULTA" or "Moving Defendant"), improperly identified as ULTA BEAUTY, INC., and ULTA BEAUTY, by and through its attorneys, KIERNAN TREBACH LLP, hereby files this Motion in Limine, and in support thereof avers as follows:

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

1.  The instant personal injury action was commenced by Writ of Summons in the Philadelphia Court of Common Pleas on or about November 27, 2019.

2.  On or about April 14, 2020, Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas, and the case was subsequently removed to the Eastern District of Pennsylvania on or about October 9, 2020.  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

3. In her Complaint, Plaintiff alleges that on or about May 6, 2018, Plaintiff was working on a display case at an ULTA store in Collegeville, Pennsylvania (herein "the subject ULTA store") when a large endcap shelving unit fell on top of her, causing her to sustain serious injuries. *See* **Exhibit "A"** at ¶¶ 7-8.

4. Plaintiff alleges that Moving Defendant was negligent by, *inter alia*, failing to maintain the endcap in a safe manner, failure to warn of a dangerous condition, and failure to inspect and discover the existence of a dangerous condition. *See* **Exhibit "A"** at ¶¶ 13(a)-(i).

5. This case subsequently proceeded to arbitration, which resulted in a defense award.

6. At arbitration, Defendant disputed Plaintiff's version of events, including that the nail polish display tipped over.

7. After the arbitration, Plaintiff produced the affidavit of a third party, Jennifer Adamski, in an attempt to bolster her version of events. A true and correct copy of the Affidavit is attached hereto as **Exhibit "B."**

8. Defendant anticipates that Plaintiff will use the affidavit at the time of trial in an effort to support her version of events.

9. Ms. Adamski's deposition was not taken in this matter.

**II.    LEGAL ARGUMENT**

10. The Affidavit produced by Plaintiff is inadmissible hearsay, and should be precluded at the time of trial for the reasons set forth herein.

11. Pursuant to F.R.C.P. 801, hearsay is a statement that the declarant does not make while testifying at the current trial or hearing; and which is offered for the truth of the matter asserted. F.R.C.P. 801.

12. The content of the Affidavit is an out of court statement from a witness who has not been deposed in this matter, and is offered for its truth. **Exhibit "B."**

13. The content of the Affidavit indicates that Ms. Adamski went to the ULTA store in question some time after the alleged incident, and saw the nail polish display at issue. **Exhibit "B."**

14. Plaintiff clearly intends to use the Affidavit to bolster her own credibility at trial, as the Affidavit was produced following the arbitration, because it deals with aspects of Plaintiff's testimony from the arbitration – the position and location of the nail polish display.

15. The Affidavit is therefore offered for its truth, in an effort to substantiate Plaintiff's won testimony.

16. The Affidavit should therefore be precluded from introduction at the time of trial. F.R.C.P. 801.

**WHEREFORE**, Moving Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly named as ULTA BEAUTY, INC., and ULTA BEAUTY), respectfully requests this Honorable Court grant its Motion for in Limine.

                        Respectfully submitted,
                        KIERNAN TREBACH LLP

By: _____
SARAH M. BAKER, ESQUIRE
*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

Dated: May 6, 2024

## **VERIFICATION**

I, SARAH M. BAKER, ESQUIRE, hereby state that I am the attorney for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. in the foregoing matter, and as such am authorized to and do make this Verification on their behalf. I verify that statements made in the foregoing Motion in Limine and Brief in Support are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements made therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
SARAH M. BAKER, ESQUIRE

Date: May 6, 2024