**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                                    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANNE COCHRAN** | : CIVIL ACTION |
|  | : NO: 20-4997 |
| v. |  |
| **ULTA BEAUTY INC., et al** | : |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE IMPROPER TESTIMONY FROM PLAINTIFF'S EXPERT <u>JOHN YANNACONE PE</u>

1.  Admitted.

2.  Admitted.

3.  Plaintiff's Complaint, being in writing, speaks for itself.

4.  Plaintiff's Complaint, being in writing, speaks for itself.

5.  Admitted but Plaintiff seriously disagrees with the award.

6.  Admitted.

7.  Admitted. Defendant has made the occurrence of the event a dispute in this case which is not credible based on incident reports and statement by Defendant's manager.

8.  Admitted.

9. Mr. Yannacone's report, being in writing, speaks for itself.

10. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer and without waiving the foregoing, denied. Mr. Yannacone adopted the most credible version of the events which is that the endcap fell upon Plaintiff. Defendant's manager even signed statements regarding how the incident occurred and stating on the incident report that the incident was not questionable. Then Defendant's manager changed her testimony to make very incredible statements at the arbitration different from her deposition testimony. Further, Plaintiff was under the belief that the entire store was under video surveillance so it would make no logical sense that she would try to commit a fraud by going into the Ulta store and claiming that the endcap fell on her if this did not occur. Further, an expert can certainly adopt what they feel is the more credible events or even adopt a version of disputed events and render opinions based thereon.

11. Admitted.

12. The allegations of this paragraph constitute conclusions of law to which no response is required.

13. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer this is certainly admissible testimony based upon the more credible version of events or an expert may adopt a disputed version of events and render opinions thereon.

14. The allegations of this paragraph constitute conclusions of law to which no response is required.

15. Mr. Yannacone's opinions, being in writing, speaks for themselves.

16. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer and without waiving the foregoing, denied.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion in Limine be denied.

        **Falcon Law Firm, LLC**

**By:**   <u>**/s/ Todd M. Sailer, Esq.**</u>
        **Todd M. Sailer, Esquire**
        **Attorney I.D. #86013**
        **Attorney for Plaintiff**

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire    *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANNE COCHRAN** | : **CIVIL ACTION** |
| | : NO: 20-4997 |
| v. | |
| **ULTA BEAUTY INC., et al** | : |

### CERTIFICATE OF SERVICE

I hereby certify that the within Plaintiff's Response to Motion in Limine, Proposed Order and Memorandum in Support thereto were served on all counsel of record via the court's electronic filing system.

**FALCON LAW FIRM, LLC**

BY: **/s/ Todd M. Sailer, Esq.**
    Todd M. Sailer, Esquire
    Attorney for Plaintiffs
    Attorney I.D. #86013

**Date: 5/15/2024**