**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire          *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANNE COCHRAN** | : CIVIL ACTION |
| | : NO: 20-4997 |
| v. | |
| **ULTA BEAUTY INC., et al** | : |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO <u>PRECLUDE AFFIDAVIT OF JENNIFER ADAMSKI</u>

1. Admitted.

2. Admitted.

3. Plaintiff's Complaint, being in writing, speaks for itself.

4. Plaintiff's Complaint, being in writing, speaks for itself.

5. Admitted but Plaintiff seriously disagrees with the award issued.

6. Admitted.

7. Admitted in part, denied in part. It is admitted that Plaintiff produced an Affidavit by Jennifer Adamski but the remaining allegations are denied. The Affidavit of Jennifer Adadmski speaks for itself.

8. Plaintiff will introduce the testimony and/or Affidavit of Jennifer Adamski at trial in this matter as it is relevant evidence on the events at issue. Defendant

never once indicated that it would deny that the entire incident occurred prior to arbitration. In fact, Defendant's manager signed an incident report on which she stated that the event was "not questionable." Defendant's manager also signed an incident report completed by Plaintiff in which she described the incident at issue (although she very incredibly attempted to testify initially at her deposition that while the signature on the form was her signature she did not sign the form then altered her testimony at arbitration to state that while she did sign the form she signed it before Plaintiff wrote the details of the incident on the form).

9.  Admitted but Defendant had every opportunity to take the deposition of Ms. Adamski if Defendant's counsel wished to. The Affidavit of Ms. Adamski was served on Defense counsel on August 15, 2023. Defendant's counsel never requested the deposition of Ms. Adamski.

10. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer, without waiving the foregoing denied. Sworn Affidavits are certainly admissible evidence-this is hornbook law. However, it is anticipated that Plaintiff will produce Ms. Adamski as a witness to testify live at trial.

11. The allegations of this paragraph constitute conclusions of law to which no response is required.

12. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer and without waiving the foregoing, the Affidavit does not consist of hearsay and it is well known that Affidavits are admissible as evidence at trial. Further, Defendant could have requested the deposition of Ms. Adamski but chose not to.

13. The Affidavit at issue, being in writing, speaks for itself.

14. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer and without waiving the foregoing, denied. The contents of the Affidavit constitute admissible evidence on the main issue at dispute i.e. the occurrence of the event and consequently is relevant admissible evidence.

15. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer and without waiving the foregoing, denied.

16. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer and without waiving the foregoing, denied.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion in Limine be denied.

**Falcon Law Firm, LLC**

**By:** **/s/ Todd M. Sailer, Esq.**
 **Todd M. Sailer, Esquire**
 **Attorney I.D. #86013**
 **Attorney for Plaintiff**

**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                              *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANNE COCHRAN** | : CIVIL ACTION |
| | : NO: 20-4997 |
| v. | |
| **ULTA BEAUTY INC., et al** | : |

### CERTIFICATE OF SERVICE

I hereby certify that the within Plaintiff's Response to Motion in Limine, Proposed Order and Memorandum in Support thereto were served on all counsel of record via the court's electronic filing system.

**FALCON LAW FIRM, LLC**

**BY: /s/ Todd M. Sailer, Esq.**
    **Todd M. Sailer, Esquire**
    **Attorney for Plaintiffs**
    **Attorney I.D. #86013**

**Date: 5/15/2024**