**FALCON LAW FIRM, LLC**
BY: Todd M. Sailer, Esquire                               *Attorneys for Plaintiff*
Attorney I.D. #86013
122 E. Court Street Doylestown, PA 18901
Tel: 215-360-3880

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANNE COCHRAN** | : CIVIL ACTION |
| | :  NO: 20-4997 |
| v. | |
| **ULTA BEAUTY INC., et al** | : |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN
LIMINE TO PRECLUDE AFFIDAVIT OF JENNIFER ADAMSKI**

Plaintiff will introduce the testimony and/or Affidavit of Jennifer Adamski at trial in this matter as it is relevant evidence on the events at issue. Defendant never once indicated that it would deny that the entire incident occurred prior to arbitration. In fact, Defendant's manager signed an incident report on which she stated that the event was "not questionable." Defendant's manager also signed a statement incident report completed by Plaintiff in which she described the incident at issue although she very incredibly attempted to testify initially at her deposition that while the signature on the form was her signature she did not sign the form then altered her testimony at arbitration to state that while she did sign the form she signed it before Plaintiff wrote the details of the incident on the form.

Defendant had every opportunity to take the deposition of Ms. Adamski if Defendant's counsel wished to. The Affidavit of Ms. Adamski was served on Defense counsel on August 15, 2023 after Defendant disputed that the incident occurred for the first time at the Arbitration. Defendant's counsel could have deposed Ms. Adamski but never requested the deposition. Sworn Affidavits are certainly admissible evidence and not heresay-this is hornbook law. However, it is anticipated that Plaintiff will produce Ms. Adamski as a witness to testify live at trial.

      The contents of the Affidavit constitute admissible evidence on the main issue at dispute by i.e. the occurrence of the event and consequently is relevant admissible evidence.

      WHEREFORE, Plaintiff respectfully requests that Defendant's Motion in Limine be denied.

                                      **Falcon Law Firm, LLC**

                              **By:**    **/s/ Todd M. Sailer, Esq.**
                                            **Todd M. Sailer, Esquire**
                                            **Attorney I.D. #86013**
                                            **Attorney for Plaintiff**