**KIERNAN TREBACH LLP**
BY: SARAH M. BAKER, ESQUIRE
IDENTIFICATION NO: 206536
TEN PENN CENTER, SUITE 770
1801 MARKET STREET
PHILADELPHIA, PA 19103
(215) 569-4433
sbaker@kiernantrebach.com

*Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly identified as ULTA Beauty, Inc. and ULTA Beauty)*

| | |
|---|---|
| DIANNE COCHRAN<br><br>                                    Plaintiff<br><br><br>              v.<br><br><br>ULTA BEAUTY, INC.; ULTA BEAUTY<br>                                    Defendants | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>Civil Action No.<br>2:20-cv-04997-AB |

## OPPOSITION TO MOTION IN LIMINE OF PLAINTIFF, DIANNE COCHRAN, FOR DEFENDANT'S SPOLIATION OF EVIDENCE OF THE END CAP

Defendant ULTA Salon, Cosmetics & Fragrance, Inc. (hereinafter referred to as "ULTA" or "Responding Defendant"), improperly identified as ULTA BEAUTY, INC., and ULTA BEAUTY, by and through its attorneys, KIERNAN TREBACH LLP, hereby files this Opposition to Plaintiff's Motion in Limine.

"The duty to retain evidence is established where a party knows that litigation is pending or likely and it is foreseeable that discarding the evidence would be prejudicial to the other party. Where spoliation has occurred, the trial court must weigh three factors in assessing the proper penalty: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at

fault, will serve to deter such conduct by others in the future." *Marshall v. Brown's IA, LLC*, 2019 PA Super 191, 213 A.3d 263, 268 (internal quotations and citations omitted).

As an initial matter, the subject end cap was replaced in the ordinary course of business on or about July 2020.  Plaintiff, despite filing suit in November 2019, never made a specific request for the end cap to be preserved.  It was not foreseeable to ULTA that the replacement of the end cap in the ordinary course of business would be prejudicial to Plaintiff since photographs of the subject end cap had been taken, preserved, and eventually produced in discovery.

Furthermore, Plaintiff is unable to demonstrate that she has been prejudiced by the replacement of the subject end cap in July 2020.  Plaintiff's claim in this matter is that the end cap was sitting on the floor and not properly secured on its brackets, which caused it to fall and injure her.  Examination of the end cap after the incident would shed no light on whether it was properly secured at the time of the incident.  Though Plaintiff claims in her Motion in Limine that the end cap itself was defective in that it twisted easily "indicating it was unstable," Plaintiff's evidence for this is her own observation of the end cap after the incident and thus, to the extent Plaintiff is to be believed, the instability of the end cap was just as likely due to damage it suffered when it allegedly fell on Plaintiff.

**WHEREFORE**, Responding Defendant, ULTA Salon, Cosmetics & Fragrance, Inc. (improperly named as ULTA BEAUTY, INC., and ULTA BEAUTY), respectfully requests this Honorable Court deny Plaintiff's Motion in Limine.

Respectfully submitted,

KIERNAN TREBACH LLP

By: _____
    SARAH M. BAKER, ESQUIRE
    *Attorneys for Defendant, ULTA Salon,*
    *Cosmetics & Fragrance, Inc. (improperly*
    *identified as ULTA Beauty, Inc. and ULTA*
    *Beauty)*

Dated: <u>May 16, 2024</u>